# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

R.W., a minor, individually by and )
Through his parent and natural guardian )
SARAH WILLIAMS, AND SARAH )
WILLIAMS, individually, )
           )
        Plaintiffs, )
           )
        v. )     C.A. No. 05-662-KAJ
           )
THE DELAWARE DEPARTMENT OF )
EDUCATION et al. )
           )
        Defendants. )

## STATE DEFENDANT'S OPENING BRIEF
## IN SUPPORT OF THEIR MOTION TO DISMISS

**Craig R. Fitzgerald (#3730)**
**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**
**102 West Water Street**
**Dover, DE 19901**
**Attorney for State Defendants,**
**the Deptartment of Education, the**
**State Board of Education, Dr.**
**Joseph Pika, Jean Allen, Richard**
**M. Farmer, Jr., Mary Graham,**
**Esq., Barbara Rutt, Dennis**
**Savage, Dr. Claibourne Smith,**
**Ann Case,**
**The Honorable Valerie Woodruff,**
**Secretary of Education**

**Dated:  October 5, 2005**

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ............................................................................. i

NATURE AND STATE OF THE PROCEEDINGS1 ........................................1

SUMMARY OF ARGUMENT ..........................................................................2

STATEMENT OF FACTS ................................................................................3

ARGUMENT

    I.     PLAINTIFF HAS FAILED TO ADEQUATELY PLEAD A
           CLAIM AGAINST STATE DEFENDANTS PURSUANT TO
           42 U.S.C. § 1983 ..........................................................................6

          A.  State Defendants cannot be sued in their official capacity in an
              action filed pursuant to 42 U.S.C. § 1983 .............................................6

          B.  State Defendants cannot be held liable under 42. U.S.C. under the
              theory of *respondeat superior*..............................................................8

          C.  Plaintiff has not adequately plead a violation of Equal Protection or
              Due Process on the part of State Defendants. .....................................10

    II.    PLAINTIFF HAS FAILED TO ADEQUATELY PLEAD A
           CLAIM AGAINST STATE DEFENDANTS PURSUANT TO
            42 U.S.C. § 1985 ..........................................................................14

    III.   PLAINTIFF HAS FAILED TO ADEQUATELY PLEAD A CLAIM
           FOR INTENTIONAL DISCRIMINATION AGAINST STATE
           DEFENDANTS PURSUANT TO TITLE IV OF THE CIVIL RIGHTS
           ACT OF 1964 ..........................................................................16

    IV.   STATE DEFENDANTS ARE ENTITLED TO QUASI-JUDICIAL
           IMMUNITY..........................................................................17

    V.    STATE DEFENDANTS ARE ENTITLED TO QUALIFIED
           IMMUNITY..........................................................................20

    VI.   PLAINTIFF HAS FAILED TO ADEQUATELY PLEAD FOR
           EMERGENCY INJUCTIVE RELIEF AGAINST STATE
           DEFENDANTS PURSUANT TO FED. R. CIV. P. 65..........................22

VII.    PLAINTIFFS HAVE FAILED TO ADEQUATELY PLEAD FOR EMOTIONAL DISTRESS ........................................................................24

VIII. CONCLUSION ............................................................................25

# TABLE OF AUTHORITES

<u>**PAGE**</u>

<u>**Cases**</u>

*Abdul-Akbar v. DOC, et al.,* 910 F. Supp. 986 (D. Del. 1995).........................................14

*Alexander v. Sandoval*, 532, U.S. 275 (2001)....................................................................16

*Anderson v. Creighton,* 483 U.S. 635 (1987). .............................................................20,21

*Anela v. City of Wildwood*, 790 F.2d 1063 (3d Cir. 1986), *cert. denied,* 479 U.S. 949 (1987),.............................................................................................................................9

*Aumiller v. University of Delaware*, 434 F.Supp. 1273  (D. Del. 1977). .........................24

*Butz v. Economou*, 438 U.S. 478 (1978)............................................................................17

*Breedng v. Driscoll*, 82 F.3d 383 (11th Cir. 1996)...........................................................12

*City of Canton v. Harris*, 489 U.S. 378 (1989)...................................................................8

*Colburn v. Upper Darby Twp.,* 838 F.2d 663 (3d Cir. 1988), *cert. denied,* 489 U.S.1065 (1989)...........................................................................................................................6,8

*Collyer v. Darling*, 98 F. 3d 211 (6th Cir. 1996).............................................................18

*Conley v. Gibson*, 355 U.S. 41  (1957) ..............................................................................6

*County of Sacramento v. Lewis,* 523 U.S. 833  (1998); ...................................................20

*Daminano v. Florida Parole and Probation Comm.,* 785 F. 2d 929 (11th Cir. 1986). ......10

*Doe v. Cates*, 499 A.2d 1175 (Del.Supr. 1983) ..................................................................7

*ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223 (3d Cir. 1987)................................................23

*Edelman v. Jordan*, 415 U.S. 651 (1974). ..........................................................................7

*Fisher v. Washington Metropolitan Transit Authority*, 690 F.2d 1133 (4th Cir. 1982). ......9

*Flanagan v. Shively*, 783 F.Supp. 922 (M.D.Pa. 1992)....................................................14

*Flynn v. Terrebone Parish School Board*, 2004 WL 2009277 (E.D.La. 2004)................12

*Forrester v. White*, 484 U.S. 219, (1988). ......................................................................17

*Gay v. Petsock*, 917 F. 2d 768, 771 (3d Cir. 1990)............................................................8

*Grimes v. Louisville and Nashville Railroad Company*, 583 F.Supp. 642 (N.D. Ind. 1984), *aff'd*, 767 F.2d 925 (7th Cir. 1985), *cert. denied*, 476 U.S. 1160 (1986)...............14

*Goss v. Lopez*, 419 U.S. 565 (1975) ...........................................................................11,12

*Hafer v. Melo*, 502 U.S. 21 (1991). ...............................................................................6

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982). ..............................................................20,21

*Harper v. Jeffries*, 808 F. 2d 281, (3d Cir. 1986). ..........................................................18

*Harris-Thomas v. Christina School District*, 2003 WL 22999541 (D. Del. 2003), *affirmed in part, vacated in part,* 2005 WL 162234 (3d Cir. 2005)..........................................10,11

*Heine v. Receiving Area Personnel* , 711 F. Supp. 178 (D. Del. 1989)...............................8

*Hohe v. Casey*, 868 F.2d 69 (3d Cir.), *cert. denied*, 493 U.S. 848 (1989)........................22

*Hughes v. Rowe*, 449 U.S. 5, 10 (1980).............................................................................6

*In Re City of Philadelphia Litigation*, 158 F. 3d 711 (3d Cir. 1998).................................20

*Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797 (3d Cir.1989)  ...............22

*King v. State*, 203 A.2d 74 (Del.Supr. 1964). ...................................................................7

*Kulwicki v. Dawson* 969 F.2d 1454 (3d Cir. 1992) ...........................................................4

*Lake v. Arnold*, 112 F.3d 682 (3d Cir. 1997)..............................................................14,15

*Lee v. Mihalich*, 847 F.2d 66 (3d Cir. 1988).....................................................................20

*Lockhart v.  Hoenstine,* 411 F.2d 455  (3d Cir. 1969). ....................................................19

*Malley v. Briggs,* 475 U.S. 335 (1986). ...........................................................................21

*Marner v. Eufala City School Board*, 204 F.Supp 1318 (M.D. Ala. 2002)......................12

*Melnyczenko v.Troutman,* 1992 WL 114952 (E.D.Pa. 1992), *aff'd,* 980 F.  2d 723  (3d Cir.1992)...................................................................................................................19

*Mireles v. Waco*, 502 U.S. 9 (1991) ................................................................................17

*Nevares v. San Marcos Consolidated School District*, 111 F.3d 25 (5th Cir. 1997)..........12

*O'Neal v. Mississippi Board of Nursing*, 113 F. 3d 62 (5th Cir. 1997)..............................18

*Pennsylvania v. Porter*, 659  F.2d 306 (3d Cir. 1981)..........................................................9

*Pierson v. Ray*, 386 U.S. 547 (1967). ..............................................................................17

*Plyler v. Doe*, 457 U.S. 202 (1982)............................................................................10,12

*Pryor v. NCAA,* 288 F.3d 548 (3d Cir. 2002). ...............................................................4,16

*Rizzo v. Goode* , 423 U.S. 362 (1976)................................................................................8

*Rode v. Dellarciprete*, 845 F.2d  1195 (3d Cir. 1988)........................................................8

*Rodriguez v. Stevenson*, 243 F. Supp. 2d 58 (D. Del. 2002)..........................................18

*Ryan v. Burlington County*, 889 F.2d 1286 (3d Cir. 1989)...............................................20

*Sample v. Diecks*, 885 F.2d 1099 (3d Cir. 1989). ..............................................................8

*Santana Prods. v. Compression Polymers*, 8 F.3d 152 (3d Cir. 1993), *cert. denied*, 510
U.S. 1196 (1994)...............................................................................................................22

*Siegert v. Gilley*, 500 U.S. 226, (1991)...........................................................................20

*Systems Operations, Inc. v. Scientific Games Dev. Corp.*, 555 F.2d 1131  (3d Cir.1977).22

*Turnbull v. Fink*, 668 A.2d 1370 (Del.Supr. 1995)............................................................7

*United States v. Barr Lab., Inc.* 812 F. Supp. 458,  (D.N.J. 1993)...................................22

*Village of Arlington Heights v. Metropolitan Housing Dev. Corp.,* 429 U.S. 252 (1977).10

*Vakas v. Rodriquez*, 728 F. 2d. 1293 (10th Cir. 1984), *cert. denied,* 496 U.S. 981  (1984). 18

*Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989)...............................................6

*Wilson v. Seiter*, 501 U.S. 294 (1991)...........................................................................8,9

*Wang v. New Hampshire Bd. of Registration of Medicine*, 55 F. 3d 698  (1st Cir. 1995). 18

## Statutes and Other Authorities

14 *Del. C.* § 103 ................................................................................................................3

14 *Del. C.* § 104 ...................................................................................................3

14 *Del. C.* § 1043 .................................................................................................5

14 *Del. C.* § 1049 .................................................................................................5

14 *Del. C.* § 1058 .............................................................................................3,4,5

29 *Del. C.* § 2504 ...............................................................................................3

29 *Del. C.* Ch. 101 ...............................................................................................3

29 *Del. C.* § § 10126 ...........................................................................................15

29 *Del. C.* § 10128 .............................................................................................15

29 *Del.* C. 10142 ................................................................................................4

42 U.S.C. § 1983 ........................................................................................3,6,7,8,18

42 U.S.C. § 1985 .............................................................................................3,14

Title VI of the Civil Rights Act of 1964 .................................................................3,16

U.S. Const. Amend. V. ...........................................................................................3

U.S. Const. Amend. XI ...........................................................................................7

U.S. Const. Amend. XIV ...............................................................................3,10,11,21

Fed. R. Civ. P. 12 (b) (6).........................................................................................8

Fed. R. Civ. P. 65................................................................................................22

### NATURE AND STATE OF PROCEEDINGS

On September 12, 2005, Plainfiffs filed a naming the Delaware Department of Education, the State Board of Education, Valerie Woodruff, Dr. Joseph Pika, Jean Allen, Richard M. Farmer, Jr., Mary Graham, Esq., Barbara Rutt, Dennis Savage, Dr. Claibourne Smith, and Ann Case as defendants.  (hereinafter, "State Defendants"). Plaintiffs' Complaint also names the Christina School District Board of Education and other officials of the Christina School District as defendants. This is the State Defendants' Opening Brief in Support of Their Motion to Dismiss.

## SUMMARY OF ARGUMENT

I.      PLAINTIFFS HAVE FAILED TO ADEQUATELY PLEAD A CLAIM
        AGAINST STATE DEFENDANTS PURSUANT TO  42 U.S.C. § 1983.

II.     PLAINTIFF HAVE FAILED TO ADEQUATELY PLEAD A CLAIM
        AGAINST STATE DEFENDANTS PURSUANT TO 42 U.S.C. § 1985.

III.    PLAINTIFFS HAVE FAILED TO ADEQUATELY PLEAD A CLAIM
        FOR INTENTIONAL DISCRIMINATION AGAINST STATE
        DEFENDANTS PURSUANT TO TITLE IV OF THE CIVIL RIGHTS
        ACT OF 1964.

IV.     STATE DEFENDANTS ARE ENTITLED TO IMMUNITY

V.      PLAINTIFFS HAVE FAILED TO ADEQUATELY PLEAD FOR
        EMERGENCY INJUCTIVE RELIEF AGAINST STATE
        DEFENDANTS PURSUANT TO FED. R. CIV. PRO. 65

VI.     PLAINTIFFS HAVE FAILED TO ADEQUATELY PLEAD FOR
        EMOTIONAL DISTRESS

## STATEMENT OF FACTS

Plaintiffs filed this Complaint on or about September 12, 2005, alleging violations of 42 U.S.C. §§ 1983, 1985; Title VI of the Civil Rights Act of 1964;  Fifth and Fourteenth Amendment Due Process and Equal Protection constitutional violations. Plaintiffs' allegations in the present Complaint appear to stem from R.W's assignment to an alternative school by the Christina School District following his assault upon another student within the District.

The Honorable Valerie Woodruff is the Secretary of Education of the State of Delaware. The Secretary's powers are enumerated in 14 *Del. C*. § 103.  The Honorable Valerie Woodruff is <u>not</u> a voting member of the State Board of Education but is appointed by statute as the Executive Secretary to the Board by virtue of her position as the Secretary of Education.  14 *Del. C*. § 104 (c ).  Legal services are provided to the Department of Education and the Secretary of Education by the State of Delaware Department of Justice. 29 *Del. C.* § 2504.

The State Board of Education is composed of 7 voting members who are appointed by the Governor of the State of Delaware.  14 *Del. C*. § 104.  The State Board of Education is authorized to decide controversies involving the rules and regulations of a local school board pursuant to <u>specific</u> authority granted to it pursuant to 14 *Del. C*. § 1058. 14 *Del. C.* § 104.  The State Board of Education is also subject to the procedures outlined in Delaware's Administrative Procedures Act, which is codified at 29 *Del. C*. Chapter 101.  Legal services are also provided to the State Board of Education by the Department of Justice of the State of Delaware.  29 *Del. C.* § 2504.

State Defendants Jean Allen, Richard M. Farmer, Jr., Mary Graham, Esq.,

Barbara Rutt, Dennis Savage, Dr. Claibourne Smith are voting members of the State Board of Education. Mrs. Jean Allen is the President of the State Board of Education, replacing Dr. Joseph Pika. Mr. Richard M. Farmer, Jr., is the Vice-President of the State Board of Education. State Defendant Ann case is not a member of the State Board of Education and is employed by the Board as the State Board Policy analyst.

The State Board of Education held a hearing on the **legal issue of whether it had jurisdiction** to review R.W.'s assignment to an alternative school in the matter on May 19, 2005. Plaintiffs' complaint refers to both the hearing and the decision rendered by the State Board of Education (Complaint ¶s 92, 94, 113). Written notice was sent to R.W. and the Christina School District indicating the time and place of oral arguments and the date written position papers were due. The State Board of Education heard oral arguments on behalf of R.W. and the Christina School District. (Complaint ¶ 92). After considering the oral arguments and the position papers submitted by the parties, the State Board of Education deliberated and voted on the issue of jurisdiction. (Complaint ¶ 92). The State Board of Education issued a **12-page written *Decision and Order*** indicating that it did not have jurisdiction over the matter pursuant to the specific powers granted to it by the General Assembly of the State of Delaware in 14 Del. C. § 1058. (Exhibit "A").[1] The *Decision and Order* and a transcript of the proceedings were sent to R.W. The *Decision and Order* outlined R.W.'s appeal rights to a court pursuant to 29 Del. C. § 10142. R.W. did not appeal the State Board of Education's *Decision and Order* to the Superior Court of the State of Delaware but has instead filed this Complaint.

The Christina School District Board of Education is authorized by law to

---

[1] Plaintiff's Complaint refers to the decision of the State Board of Education and its attachment need not foreclose a motion made pursuant to Fed. R. Civ. P. 12 (b) (6). See, *Kulwicki v. Dawson*, 969 F.2d 1454, 1462 (3rd Cir. 1992); *Pryor v. NCAA*, 288 F.3d 548 (3rd Cir. 2002).

administer and supervise the public schools within the Christina School District, to determine policy and adopt rules and regulations for the general administration and supervision of schools within the district, and "**to prescribe rules and regulations for the conduct and management of its schools**." 14 *Del. C*. §§ 1043 and 1049 (2). [emphasis added]. The District Board is further authorized by law to decide all controversies involving its own rules and regulations. 14 *Del. C.* § 1058. The Christina School District is a separate and distinct entity from the Delaware Department of Education and the State Board of Education. The Christina School District and the Christina School Board of Education have its own, private, legal counsel.

**ARGUMENT**

**I.    PLAINTIFF HAS FAILED TO ADEQUATELY PLEAD A CLAIM AGAINST STATE DEFENDANTS PURSUANT TO  42 U.S.C. § 1983.**

In deciding a motion to dismiss under Fed. R. Civ. P. 12 (b)(6), the Court may dismiss a Complaint filed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-6 (1957).  In addition, the Court must presume all factual allegations contained in the Complaint to be true.  *Hughes v. Rowe*, 449 U.S. 5, 10 (1980).  Therefore, if under any reasonable reading of the pleadings, the plaintiff may be entitled to relief, the motion must be denied. *Colburn v. Upper Darby Twp.,* 838 F.2d 663, 665-66 (3d Cir. 1988) *cert. denied*, 489 U.S. 1065 (1989).

**A.    <u>State Defendants cannot be sued in their official capacity in an action filed pursuant to 42 U.S.C. § 1983.</u>**

The State Defendants (the Delaware Department of Education, the State Board of Education, Valerie Woodruff, Dr. Joseph Pika, Jean Allen, Richard M. Farmer, Jr., Mary Graham, Esq., Barbara Rutt, Dennis Savage, Dr. Claibourne Smith, and Ann Case) cannot be sued in their official capacities under 42 U.S.C. § 1983.  A suit against state officials in their official capacities is treated as a suit against the State.  *Hafer v. Melo*, 502 U.S. 21 (1991).  Under federal law, the State Defendants in their official capacities are  not  "persons" for the purposes of 42 U.S.C. § 1983.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).  Consequently, given this categorization, this Court lacks jurisdiction over the State defendants in their official capacities, and the State defendants are outside the class of persons subject to liability under 42 U.S.C. § 1983.

The Eleventh Amendment provides that "the Judicial power of the United States

shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend XI.  While the Amendment does not facially bar suits against the State by its citizens, the United States Supreme Court has held that in the absence of consent, a state is "immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

The United States Congress can waive the state's sovereign immunity, and therefore, its Eleventh Amendment immunity through the Fourteenth Amendment; however, only a clear indication of Congress' intent to waive the states' immunity will produce this result.  *Id.*  No such clear intent can be seen in 42 U.S.C. § 1983.  In fact, Congress' intent appears to be to the contrary as the statute facially allows suits only to be brought against "persons."  42 U.S.C. § 1983.  Notwithstanding a State may waive its immunity under the Eleventh Amendment by consenting to federal jurisdiction, Delaware has not consented to Plaintiff's suit or waived its immunity.

**State Law Claims**

The State is entitled to be immune from suit in state court or on state law claims pursuant to the doctrine of sovereign immunity.  Delaware Constitution, Article I, Section 9.  The doctrine of sovereign immunity can only be waived by the General Assembly. *Doe v. Cates*, 499 A.2d 1175, 1176 (Del.Supr. 1983);  *Turnbull v. Fink*, 668 A.2d 1370 (Del.Supr. 1995);  *King v. State*, 203 A.2d 74 (1964).  The General Assembly has not waived sovereign immunity in this matter.  To the extent that Plaintiffs have filed a complaint against the State of Delaware or its officials on state law claims, the complaint

against State Defendant should be dismissed pursuant to Fed. R. Civ. P. Rule 12 (b) (6).

    B.  <u>State Defendants cannot be held liable under 42 U.S.C. § 1983 under the theory of *respondeat superior.*</u>

A §1983 plaintiff has the burden of alleging specific conduct to show that the defendant played an affirmative role in the alleged deprivation of his rights. *Colburn v.* 838 F.2d at 666 (3d Cir. 1988). Thus, in order to meet the standard in § 1983 claims involving government officials, a plaintiff must "allege the specific conduct violating the plaintiff's rights, and the time and place of that conduct." *Id*. Liability under 42 U.S.C. § 1983 arises only upon a showing of personal participation by the defendant. *See Rizzo v. Goode* , 423 U.S. 362, 375 (1976); *Gay v. Petsock*, 917 F. 2d 768, 771 (3d Cir. 1990); *Heine v. Receiving Area Personnel* , 711 F. Supp. 178, 186-188 (D. Del. 1989).

Plaintiff's complaint attempts to hold State Defendants liable based upon their alleged supervisory positions (Complaint, ¶s 4, 5, 9). In a complaint filed pursuant to 42 U.S.C. § 1983, a supervisory official cannot be held liable under the theory of *respondeat superior. Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). The Third Circuit has clear set forth the standard for establishing liability for supervisory officials. *See Sample v. Diecks*, 885 F.2d 1099 (3d Cir. 1989). The Court in Sample employed the Supreme Court's framework for establishing liability for municipal entities, establishing a similar test for establishing liability of supervisory personnel. *Id*. at 1116-1118.; See also *City of Canton v. Harris*, 489 U.S. 378, 388 (1989), *Wilson v. Seiter*, 501 U.S. 294 (1991). *Sample* states that "a 'person' is not the moving force [behind] the constitutional violation' of a subordinate, unless that 'person' has exhibited deliberate indifference to the plight of the person deprived." *Sample*, 885 F.2d at 1118 (citations omitted). To successfully plead and establish "deliberate indifference,"

Plaintiff must prove both an objective and a subjective component. The subjective component requires a showing that the State Defendants acted with a culpable state of mind; the objective component requires establishing a serious deprivation which clearly rises to the level of a constitutional right. *Wilson v. Seiter*, 501 U.S. at 298.

The State Defendants in this matter cannot be held liable on the basis of a failure to adequately supervise or control the conduct of subordinates. *See*, *Anela v. City of Wildwood*, 790 F.2d 1063, 1068 (3d Cir. 1986), *cert denied* 479 U.S. 949 (1987), citing *Fisher v. Washington Metropolitan Transit Authority*, 690 F.2d 1133, 1142-1143 (4th Cir. 1982). Rather, Plaintiffs must: 1) identify with particularity what the supervisory official failed to do which amounts to deliberate indifference; and 2) demonstrate a close causal connection between the identified deficiency and the ultimate injury. *Pennsylvania v. Porter*, 659 F.2d 306, 336 (3d Cir. 1981). Plaintiffs' Complaint does not meet these requirements because it merely mentions State Defendants in the caption of the complaint or makes bald assertions. These bald assertions include claims that State Defendants "failed to assure compliance with the laws," "failed to oversee Defendant District's policies and procedures," or "failed to supervise the District's and Board's policies and procedures." (Complaint ¶s 4, 9, 93). Plaintiffs have not alleged a **direct** supervisory authority (as over a subordinate) that the State Board of Education has over the Christina School Board of Education or its officials. Plaintiffs further fail to allege a **direct** supervisory authority (as over a subordinate) that the Delaware Department of Education or Secretary Woodruff has either over the Christina School Board of Education or its officials. Neither the State Board nor the Delaware Department of Education has been given the authority to sua sponte veto a regulation passed/adopted by the Christina

School District or its Board.

        C.      <u>Plaintiffs have not adequately plead a violation of Equal Protection</u>
               <u>or Due Process on the part of State Defendants.</u>

### Equal Protection

The Equal Protection Clause of the Fourteenth Amendment prohibits a State from deny[ing] to any person within its jurisdiction the equal protection of the laws.  U.S. Const.  Amend. XIV.  Its central tenet requires that States treat like cases alike, all persons similarly situated shall be treated alike but unlike cases may be treated differently. See *Plyler v. Doe,* 457 U.S. 202, 216 (1982).  A plaintiff asserting an equal protection claim is required to offer proof that a racially discriminatory intent or purpose was a motivating factor in the challenged action. *Village of Arlington Heights v. Metropolitan Housing Dev. Corp.,* 429 U.S. 252, 265-66 (1977).  In so doing, he must establish that he was similarly situated to other persons who received the treatment he desired, and that the discriminatory action in question was based on race, religion, national origin, poverty or some other constitutionally protected interest. *Daminano v. Florida Parole and Probation Comm.,* 785 F. 2d 929, 932-33 (11th Cir. 1986).  Equal protection analysis commences with determining whether the plaintiff is a member of a suspect class or whether a fundamental right is implicated.  Ultimately, the plaintiff must still establish that the alleged deprivation occurred because of a discriminatory purpose.

According to the Complaint, Plaintiff R.W.committed an assault upon another student when he walked into a classroom and punched another student, causing injury. (Complaint ¶ 26, 27).  In *Harris-Thomas*, 2003 WL 22999541 at 3 (D. Del. 2003) *aff'd in part, vacated in part, remanded* 2005 WL 1625234 (3d Cir. 2005), the pertinent provisions of the Christina School District's Code of Conduct were already determined to

be neutral on its face. Plaintiffs' Complaint itself alleges that **varied** disciplinary violations (dress code violations, the making of threats, fighting) were committed by other students. (Complaint ¶ 23, 25, 36). Most importantly, Plaintiffs' Complaint does not allege that similarly situated persons, students who committed an _assault_ (physical injury), were treated in a different manner. *See*, *Harris-Thomas,* 2003 WL 22999541 at 2. Plaintiffs fail to allege that other students who committed assaults were not either _expelled_ or assigned to an alternative school. Furthermore, it is unclear whether Paragraph 34 of Plaintiffs' complaint refers to _criminal_ charges (Conspiracy and Assault 3rd) imposed upon some minority students or the imposition of school disciplinary charges by any of the defendants. The mere fact that other students may have committed other offenses (dress code violations, the making of threats, fighting) and were treated differently does not adequately plead a constitutional violation --- that student was assigned to an alternative school because of his race. Certainly, all of Plaintiffs' allegations in this regard to the State Defendants are deficient.

## Due Process

Plaintiffs' complaint fails to sufficiently allege 14th Amendment Due Process violations. According to the complaint, R.W. was notified of charges against him and given an opportunity to present his side of the story. *See*, *Goss v. Lopez,* 419 U.S. 565, 579 (1975). Plaintiffs' Complaint alone describes at _least_ 2 meetings with school officials on December 2, 2004 and December 13, 2004 and other meetings are referenced. (Complaint ¶s 30, 32, 35, 53, 72). Furthermore, Plaintiffs' Complaint alleges that he was allowed to provide his recollection of the events, that he was able to bring an advocate on his behalf, and that he was even able to present the testimony of **outside**

**character witnesses**.  (Complaint ¶s 53, 56, 57).

Plaintiff's complaint also fails to allege substantive due process violations.  "The right to attend public school, and the lesser right to attend a particular public school, are state-created, not fundamental, rights for the purposes of substantive due process." *Flynn v. Terrebone Parish School Board*, 2004 WL 2009277 (E.D.La. 2004); *Pyler v. Doe*, 457 U.S. 202, 221 (1982).   According to Plaintiff's complaint, he has not been denied education by the defendant school district, but has been denied an education in a placement of his choosing.  (Complaint ¶ 1).     In fact, other authorities have held that assignment to an alternative school is a placement decision and not a denial of educational services pursuant to *Goss v. Lopez*.  In *Nevares v. San Marcos Consolidated Independent School District*, 111 F.3d 25 (5th Cir. 1997), the court held that the direct transfer to an alternative school was a placement decision that did not violate liberty or property interests of the U.S. Constitution:  The *Nevares* court stated:

> Timothy Nevares is not being denied access to public education, not even temporarily.  He was only being transferred from one school program to another program with stricter discipline.  This alternative program is maintained by Texas schools for those students whose violations of the law or the school's code of conduct fall short of triggering suspension or expulsion, but for reasons of safety and order must be removed from the regular classroom.

*Nevares*, 111 F.3d 25 at 26.  See, *Marner v. Eufala City School Board*, 204 F.Supp.3d 1318 (M.D. Ala. 2002) (holding that a transfer to an alternative school did not violate substantive due process);  *Breeding v. Driscoll*, 82 F.3d 383 (11th Cir. 1996)(holding that a 9 day suspension and a transfer to an alternative school did not violate a fundamental right or substantive due process).   Simply put, it is not a clearly established constitutional right that a student is entitled to a hearing before being placed in an alternative school.

In short, this instant complaint alleging civil rights violations, contains only vague and conclusory allegations, wholly unsupported by factual assertions of unconstitutional conduct. Consequently, plaintiff has not provided State Defendants with adequate notice of any claims against them which would entitle him to relief as is required for due notice of a claim in this Court.

**II.    PLAINTIFF HAS FAILED TO ADEQUATELY PLEAD A CLAIM AGAINST STATE  DEFENDANTS PURSUANT TO 42 U.S.C. § 1985.**

A claim of conspiracy "must be supported by facts bearing out the existence of the conspiracy and indicating its broad objectives and the role each defendant allegedly played in carrying out those objectives." *Flanagan v. Shively*, 783 F.Supp. 922, 928-929 (M.D.Pa.1992).  A conclusory assertion of conspiracy "will not suffice." *Id.* (internal citations omitted). Nor is an allegation that the defendants' actions combined to injure the plaintiff a sufficient basis from which to imply a conspiracy.  *Id.*  (Complaint ¶ 51, 114)

For a § 1985(3) claim to survive a motion to dismiss, a plaintiff must allege: "(1) a conspiracy; (2) motivated by racial or class based animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States." *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir.1997).   When raising an allegation of conspiracy, as in the instant case, the plaintiff must demonstrate credible factual allegations as well as the result of an agreement, either explicit or implicit, to commit an unlawful act, combined with the intent to commit the underlying offenses.  *Abdul-Akbar v. DOC, et al.,* 910 F. Supp. 986, 1002 (D. Del. 1995).  Absent a showing of a mutual understanding indicative of a meeting of the minds, a conspiracy does not lie.  *See e.g., Grimes v. Louisville and Nashville Railroad Company*, 583 F.Supp. 642, 650 (N.D. Ind. 1984), *aff'd*, 767 F.2d 925 (7th Cir. 1985), *cert. denied*, 476 U.S. 1160 (1986).

Plaintiff fails to aver any specific facts demonstrating the existence of the conspiracy on the part of the State Defendants. Plaintiff merely alleges that members of the State Board attended a meeting of the Delaware State Board Association in which the

R.W. case was mentioned as a "topic of concern." (Complaint ¶ 86). The complaint does not allege that any merits of the case were discussed. Plaintiffs' mere allegation that Dr. Pika would not assign the case to a hearing officer does not indicate a conspiracy. (Complaint ¶ 88). As the complaint indicates, the entire State Board of Education heard the case. (Complaint ¶ 87). Any proposed decision by a hearing officer would have had to been approved by the State Board given the requirements of the Delaware Administrative Procedures Act. 29 *Del. C.* § § 10126, 10128. The complaint also does not adequately allege personal actions as to the other members of the State Board in regards to a conspiracy. (Complaint ¶s 51, 114).

Plaintiffs' complaint is also clearly deficient in regards to Secretary Woodruff in that they allege no personal actions that Secretary Woodruff took to engage in a conspiracy or deprivation of their rights. (Complaint ¶s 51, 114). Secretary Woodruff is expressly named in only 2 paragraphs of the Complaint. (Complaint ¶s 4, 5). Plaintiffs have wholly failed to articulate what constitutional or statutory right Secretary Woodruff violated. Given plaintiffs' allegations as a whole, Plaintiff's conspiracy allegations against all State Defendants fail to meet the requirements specified in *Lake*.

**III.  PLAINTIFF HAS FAILED TO ADEQUATELY PLEAD A CLAIM FOR INTENTIONAL DISCRIMINATION AGAINST STATE DEFENDANTS PURSUANT TO TITLE IV OF THE CIVIL RIGHTS ACT OF 1964.**

Title VI provides a private cause of action for intentional discrimination only." *Harris-Thomas*, 2003 WL 22999541 at 3; *Pryor v. NCAA*, 288 F.3d 548 (3d Cir. 2002); citing *Alexander v. Sandoval* 532 U.S. 275, 281 (2001).   "Title VI itself creates no claim for disparate impact." *Harris-Thomas*, 2003 WL. 229999541 at 3; *Sandoval*, 532 U.S. at 281.  Plaintiff's complaint makes a specific claim pursuant to Title VI for "specifically the disparate discipline " given to R.W. in this matter.  (Complaint ¶ 104).  Even assuming, arguendo,  the disparate impact claim was available under Title VI,  Plaintiff has failed to adequately plead disparate impact because reference to <u>one</u> other actor is made in Paragraph 104  (Complaint ¶ 104).  *Id*.  Accordingly, to the extent that Plaintiffs claim under Title VI rests on disparate impact, dismissal is appropriate.

Plaintiffs have also alleged intentional discrimination on the part of State Defendants. Plaintiffs, however, have not adequately pled how the actions of the State Defendants have caused R.W.  to be "excluded from participation in, or denied the benefits" of his educational program.  (Complaint ¶ 105).  There is no sufficient allegation that the State Defendants themselves administered discipline to R.W. or removed him from his educational setting.  (Complaint ¶ 104).  Plaintiffs have not alleged any intentional discrimination on the parts of State Defendants that would be a violation of Title VI of the Civil Rights Act of 1964.

IV.    **STATE DEFENDANTS ARE ENTITLED TO QUASI-JUDICIAL IMMUNITY**

It is clear that judges performing adjudicatory functions are absolutely immune from suits for money damages.  *Mireles v. Waco*, 502 U.S. 9, 112 S.Ct. 286 (1991) (per curiam).  This immunity applies to suits under 42 *U.S.C.* §1983, which seems the most likely way to characterize the nature of the Complaint in this case.  *Pierson v. Ray*, 386 U.S. 547, 554-55, 87 S.Ct. 1213, 1217-18 (1967).  Judges are not the only officials who enjoy absolute judicial immunity.  The entitlement to absolute judicial immunity turns on "the nature of the function [the official] performed, not the identity of the [official] who performed it . . . ."  *Forrester v. White*, 484 U.S. 219, 229, 108 S.Ct. 538, 545 (1988).  If an official performs judicial functions, the doctrine of absolute judicial immunity protects that official from a suit for monetary damages.

In *Butz v. Economou*, 438 U.S. 478, 98 S.Ct. 2894 (1978), the Supreme Court applied this "functional" approach to extend immunity to federal administrative hearing officers and identified the general factors that make administrative proceedings analogous to judicial proceedings.  Administrative proceedings are usually adversarial, the parties can be represented by counsel, and the parties have the opportunity to present oral and documentary evidence.  Additionally, a transcript of the testimony is prepared and combined with exhibits to create a record of the decision, and the parties *have the right to appeal*.  In *Butz*, the court notes that these factors are sufficient safeguards so that "the risk of an unconstitutional act by one presiding at an agency hearing is clearly outweighed by the importance of preserving the [administrative hearing officer's] independent judgment."  *Butz* at 438 U.S. 514, 98 S.Ct. at 2915.

The doctrine of absolute judicial immunity has been extended to state hearing

officers in many and varied cases. The Third Circuit has extended absolute immunity to a state parole official serving as a hearing examiner at a detention hearing. *Harper v. Jeffries*, 808 F. 2d 281, 284, (3d Cir. 1986). In the Fifth Circuit, absolute immunity has been extended to members of a state licensing board in nursing revocation hearings. *O'Neal v. Mississippi Board of Nursing*, 113 F. 3d 62 (5th Cir. 1997). The Sixth Circuit has held that members of a State Personnel Board of Review are absolutely immune because they perform an adjudicatory function. *Collyer v. Darling*, 98 F. 3d 211, 220 (6th Cir. 1996). Despite an allegation of "overwhelming malice and bad faith," members of a state professional licensing board that revoked a physician's license to practice were similarly held to be immune. *Wang v. New Hampshire Bd. of Registration of Medicine*, 55 F. 3d 698, 701-02 (1st Cir. 1995).

State administrative officials are protected by absolute immunity notwithstanding a judicial finding that they violated constitutional rights. *Vakas v. Rodriquez*, 728 F. 2d. 1293 (10th Cir. 1984), *cert. denied,* 496 U.S. 981 (1984). In *Vakas*, the Kansas Board of Healing Arts revoked Vakas' medical license after a hearing. On appeal, the court found that the panel has committed procedural due process violations and remanded the matter for a new hearing. While the remand was pending, Vakas filed a damages claim under 42 U.S.C. § 1983 against the board members for due process violations. The federal court dismissed the suit and the Tenth Circuit affirmed holding that "[I]t is well established that members of administrative boards who perform judicial functions are immune from damages in a 42 *U.S.C.* §1983 action when acting in their judicial capacities." *Id*. At 1296. Finally, in *Rodriguez v. Stevenson*, 243 F. Supp. 2d 58 (D. Del. 2002), this court recognized the "functional analysis" test and held that a deputy attorney general and an

administrative hearing officer for the Delaware Division of Family Services were entitled to absolute immunity from §1983 claims.

As voting members of the State Board of Education, State Defendants Dr. Joseph Pika, Jean Allen, Richard M. Farmer, Jr., Mary Graham, Esq., Barbara Rutt, Dennis Savage, Dr. Claibourne Smith performed an adjudicatory function, and they did so consistent with all of the rights afforded parties in such proceedings. R.W. was given the opportunity to obtain counsel, the opportunity to submit a written position paper, a record was made of the proceedings, and R.W. had the ability to appeal the decision. The State Defendants are being sued for performing judicial functions in connection with this matter. The proceedings before the State Board of Education had sufficient similarity to judicial proceedings to warrant absolute immunity for those Board members who performed judicial functions. The right to appeal was a sufficient alternative to address any perceived wrongful actions by the State Board of Education.

State Defendant Ann Case, as an employee of the State Board of Education, should also entitled to quasi-judicial immunity. The Third Circuit has recognized that prothonotaries are protected by the immunity enjoyed by all judicial and quasi-judicial officers. *Lockhart v. Hoenstine,* 411 F.2d 455, 460 (3d Cir.1969). The defense of qualified immunity is available to a court clerk where she acted without malicious intent to cause a deprivation of constitutional rights. *Melnyczenko v.Troutman,* 1992 WL 114952 E.D..Pa. *aff'd* 980 F. 2d 723 (3d Cir.1992). As noted in these cases, quasi-judcial immunity should be extended to Ann Case in due to her particular affiliation with the State Board of Education.

### V.    STATE DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY

The damages portion of plaintiff's complaint must be dismissed under the doctrine of qualified immunity.  Generally, government officials are protected from civil liability insofar as their conduct "does not violate clearly established statutory or Constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Qualified immunity is designed to protect officials from the personal cost of litigation and the attendant inhibiting effect litigation has on the proper discharge of their official responsibilities.  *Lee v. Mihalich*, 847 F.2d 66, 69 (3d Cir. 1988) (*citing Anderson v. Creighton,* 483 U.S. 635 (1987)).

As the Third Circuit Court of Appeals held in *Ryan v. Burlington County*, 889 F.2d 1286, 1292 (3d Cir. 1989) "[t]he defense of qualified immunity is a recognition of the fact that subjecting public officials to personal liability for their discretionary actions results in the distraction of those officials from their public duties, inhibits their discretionary actions and, quite possibly, deters qualified people from accepting public service." *Id.*  The qualified immunity inquiry first requires a court to examine whether the conduct of the defendants violated a clearly established constitutional right.  *Id.* at 818-19.  A necessary concomitant to the determination of whether the constitutional right asserted by a plaintiff is clearly established is a determination of whether the plaintiff has asserted a violation of a constitutional right at all.  *See*, *County of Sacramento v. Lewis,* 523 U.S. 833, 842  n. 5 (1998);  *Siegert v. Gilley*, 500 U.S. 226, 233 (1991).  If the actions complained of by the plaintiff do not approach the level of a constitutional violation, then the officials involved are clearly entitled to qualified immunity.  *See, In Re City of Philadelphia Litigation*, 158 F. 3d 711, 718- 719 (3d Cir. 1998).

Second, the court must address whether an objectively reasonable person in the position of any one of the defendants would have known that his or her conduct violated such constitutional rights. *Id.* This analysis generally hinges on the objective legal reasonableness of the action . . . assessed in light of the legal rules that were clearly established at the time it was taken. *Anderson v. Creighton,* 483 U.S. at 639 (*quoting Harlow*, 457 U.S. at 819). Qualified immunity is available even where officials of reasonable competence could disagree as to whether the conduct complained of was objectively reasonable. *See Malley v. Briggs,* 475 U.S. 335, 341(1986).

Moreover, none of the State Defendants could have known that, based on clearly established law, their actions were objectively unreasonable and violated any of plaintiff's rights under the Fifth and Fourteenth Amendments. *Anderson v. Creighton, supra.* As argued elsewhere in this brief, Plaintiff has not sufficiently alleged the violation of even colorable constitutional or statutory rights, much less "clearly established" ones.

Accordingly, as plaintiff fails to defeat the affirmative defense of qualified immunity, dismissal is appropriate and warranted.

**VI.    PLAINTIFF HAS FAILED TO ADEQUATELY PLEAD FOR
EMERGENCY INJUCTIVE RELIEF AGAINST STATE DEFENDANTS
PURSUANT TO FED. R. CIV. PRO. 65.**

Federal Rules of Civil Procedure Rule 65(a) sets out the standard to bring into
play injunctive relief. *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 800
(3d Cir.1989) (quoting *Systems Operations, Inc. v. Scientific Games Dev. Corp.*, 555 F.2d
1131, 1141 (3d Cir.1977). Injunctive relief is an extraordinary remedy granted to provide
preventive, protective, or restorative relief enforceable by a judicial contempt order. *See
generally, Santana Prods. v. Compression Polymers*, 8 F.3d 152, 154-155 (3d Cir. 1993),
*cert. denied*, 510 U.S. 1196 (1994) (injunction must "be of such a nature that if it grants
relief it could be enforced *pendente lite* by contempt if necessary.") The purpose of
injunctive relief is not to address alleged past wrongs, but to prevent future violations.
*See United States v. Barr Lab., Inc.* 812 F. Supp. 458, 487-488 (D.N.J. 1993). Therefore,
the party seeking an injunction must demonstrate that the threatened injury is immediate.
*See Hohe v. Casey*, 868 F.2d 69, 73 (3d Cir.), *cert. denied*, 493 U.S. 848 (1989).
However, the movant is not required to show that he has endured past wrongs in order for
injunctive relief to be granted.

Nevertheless, a party moving for injunctive relief has the burden to demonstrate
the existence of an immediate irreparable injury that has no remedy at law if the
defendant is not enjoined from committing certain acts. Indeed, relief will be denied if the
moving party demonstrates only a mere possibility of harm.  In order to grant injunctive
relief, the court must be sufficiently satisfied that the party seeking relief has
demonstrated a reasonable probability of success on the merits; immediate and
irreparable injury will suffer if relief is denied; a grant of relief will not result in greater

harm to the other party; and the public interest will be served by the grant of injunctive relief. *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987).

Plaintiff's Complaint has alleged injunctive relief against the District in that Plaintiff seeks the immediate return to a school within the District.  As this relief is not properly directed to the State Defendants, they are not able to adequately address the claims for injunctive relief.

### VII.  PLAINTIFFS HAVE FAILED TO ADEQUATELY PLEAD FOR EMOTIONAL DISTRESS

A plaintiff suing for emotional distress damages pursuant to 42 U.S.C. § 1983 must establish (1) a constitutional violation, (2) actual emotional injury, and (3) that such injury was proximately caused by the violation of  his or her constitutional rights, s/he is entitled to a reasonable award of damages.  See, *Aumiller v. University of Delaware,* 434 F.Supp. 1273, 1310 (D.Del. 1977).

As argued previously, Plaintiff has failed to establish a constitutional violation on the part of State Defendants.  Plaintiffs have also failed to allege any causal nexus between the actions of the State Defendants and any alleged emotional injury.  As stated previously, the State Board of Education offered Plaintiffs a hearing on the issue of whether it had jurisdiction.  Plaintiffs have failed to establish an intent to cause emotional harm on the behalf of State Defendants.

**VIII.   CONCLUSION**

Plaintiff has not argued any legal or factual basis for his claims against any State

Defendant therefore, Federal Rule of Civil Procedure 12(b)(6)  mandates dismissal of his

claims against them.

                              **STATE OF DELAWARE**
                              **DEPARTMENT OF JUSTICE**


                              /s/ Craig R. Fitzgerald
                              _____
                              Craig R. Fitzgerald, I.D.#3730
                              Deputy Attorney General
                              State of Delaware – Dept. of Justice
                              102 West Water Street
                              Dover, DE 19904
                              (302) 577-8400
                              Counsel for State Defendants

## *CERTIFICATE OF MAILING AND/OR DELIVERY*

I hereby certify that on October 5, 2005, I electronically filed Opening Brief with the Clerk of the Court using CM/ECF which will send notification of such filing to the following: Patricia McHale O'Neil, Esquire.

/s/ Craig R. Fitzgerald
Craig R. Fitzgerald, I.D. #3730
Deputy Attorney General
102 West Water Street
Dover, DE 19901
(302) 739-7641
craig.fitzgerald@state.de.us