Westlaw.

Slip Copy

Page 1

Slip Copy, 2005 WL 1625234 (3rd Cir.(Del.))

(Cite as: 2005 WL 1625234 (3rd Cir.(Del.)))

**H**

**Briefs and Other Related Documents**

Only the Westlaw citation is currently available.

This case was not selected for publication in the Federal Reporter.

NOT PRECEDENTIAL

Please use FIND to look at the applicable circuit court rule before citing this opinion. Third Circuit Local Appellate Rule 28.3(a) and Internal Operating Procedure 5.3. (FIND CTA3 Rule 28.0 and CTA3 IOP APP I 5.3.)

United States Court of Appeals,
Third Circuit.
Lorraine G. HARRIS-THOMAS, Appellant,
v.
CHRISTINA SCHOOL DISTRICT.
No. 04-1184.

Submitted Under Third Circuit LAR 34.1(a) July 1, 2005.
Decided July 12, 2005.

**Background:** Parent of disciplined student sued school district for discrimination and intentional infliction of emotional distress. The United States District Court for the District of Delaware, Kent A. Jordan, J., granted summary judgment for school district, and parent appealed.

**Holdings:** The Court of Appeals held that:
(1) mother could not, as pro se litigant, represent her minor son, and
(2) school district did not intentionally inflict emotional distress upon mother.
Affirmed in part, vacated in part, and remanded.

[1] Federal Courts 170Bk0

170Bk0 k.
Mother could not, as pro se litigant, represent her minor son in federal civil rights litigation.

[2] Schools 345k0

345k0 k.
School district did not intentionally inflict emotional distress upon mother of disciplined student; there was no evidence school district harmed or intended to cause harm to mother.

On Appeal from the United States District Court for the District of Delaware, (D.C.Civ. No. 02-cv-00253), District Judge: Honorable Kent A. Jordan.

Lorraine G. Harris-Thomas, Newark, DE, pro se.

Daniel P. Bennett, Heckler & Frabizzio, Wilmington, DE, for Christina School District.

Before RENDELL, AMBRO and FUENTES, Circuit Judges.

OPINION

PER CURIAM.

*1 Lorraine G. Harris-Thomas filed a counseled complaint and amended complaint to sue Christina School District on behalf of herself and her minor son, Isaac Harris, for civil rights violations arising from the manner in which Christiana School District employees treated her son after he was in a fight with another middle school student. She claimed that Christiana School District violated Title VI of the Civil Rights Act of 1964 and the Fourteenth Amendment, and intentionally inflicted emotional distress. [FN1] Shortly after the amended complaint was filed, her attorney moved to withdrawal from the case, and his motion was granted. Since then, Harris-Thomas has represented herself and her son

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy

Slip Copy, 2005 WL 1625234 (3rd Cir.(Del.))

(Cite as: 2005 WL 1625234 (3rd Cir.(Del.)))

Page 2

in their civil action. Christiana School District moved for summary judgment in its favor. The District Court considered whether Isaac had been illegally discriminated against, whether Isaac Harris had been deprived of his due process rights, and whether Isaac had suffered intentionally-inflicted emotional distress, and granted Christina School District's motion. Harris-Thomas then moved for reconsideration, which was denied. Harris-Thomas appeals. For the reasons set forth below, we will vacate in part and affirm in part.

[1] We will vacate the District Court's order entering judgment against Isaac Harris because his mother represented him as a *pro se* litigant. Harris-Thomas was not entitled to represent her son in place of an attorney in federal litigation. *See Osei-Afriyie v. Med. Coll. of Pa.,* 937 F.2d 876, 882-83 (3d Cir.1991). On remand, Harris-Thomas may decide to secure counsel for her son and continue to pursue his claims, or she may decide not to proceed, at which point Isaac Harris' claims can be dismissed without prejudice, to accrue for statute of limitations purposes when he turns eighteen years old, or sooner, if he becomes an emancipated minor. *See id.* Because Isaac Harris appears to be approaching the age of majority, the District Court may wish to consider whether it would be appropriate to stay his case until he can make a decision about whether he would like to proceed on his own behalf, with or without the assistance of counsel.

[2] Harris-Thomas, of course, was permitted to represent her own interests in federal court. *See* 28 U.S.C. § 1654 (2005). *See also Osei-Afriyie,* 937 F.2d at 882 (citing *Cheung v. Youth Orchestra Found. of Buffalo, Inc.,* 906 F.2d 59 (2d Cir.1990)). Christina School District moved for summary judgment on her claims, arguing that any actions taken toward Isaac Harris did not harm her or intend to cause her harm. The District Court did not clearly delineate which claims were brought by Harris-Thomas in her own right before granting Christina School District's motion. Nonetheless, to the extent that the District Court's order entered judgment against Harris-Thomas, it is affirmed. She failed to state a claim on her own behalf in most counts of the amended complaint. To the extent that she did state a claim, she could not prevail in the face of Christina School District's motion for summary judgment. For example, in her response to the motion for summary judgment, Harris-Thomas presented no evidence that could establish that Christina School District intentionally inflicted emotional distress on her.

*2 For the reasons stated above, the District Court's order will be vacated to the extent it entered judgment against Isaac Harris, and affirmed to the extent it granted judgment against Harris-Thomas. This matter is remanded to the District Court for further proceedings consistent with this opinion.

> FN1. On appeal, Harris-Thomas, on her son's behalf, also presses a Fourth Amendment claim of unlawful search and seizure and a Fifth Amendment self-incrimination claim because her son was taken to a school conference room and asked by the school principal to write down his version of the fight. Allegations of unreasonable search and seizure or compelled self-incrimination did not appear in Harris-Thomas' complaint or amended complaint and were mentioned only in passing in her response to Christiana School District's motion for summary judgment.

Slip Copy, 2005 WL 1625234 (3rd Cir.(Del.))

**Briefs and Other Related Documents (Back to top)**

- 04-1184 (Docket) (Jan. 26, 2004)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.