IN THE UNITED STATES DISTRICT COURT
FOR THE DELAWARE DISTRICT

R.W., A Minor, individually, by and through            :
his parent and natural guardian SARAH WILLIAMS         :
and SARAH WILLIAMS, individually,                      :
        PLAINTIFFS,                                 :
                                :

      V.                                               :
                                :

THE DELAWARE DEPARTMENT OF                             :
EDUCATION; VALERIE WOODRUFF;                           :
personally and in her official capacity as             :
the Secretary of Education for the State of            :
Delaware; THE STATE OF DELAWARE BOARD                  :
OF EDUCATION; and JOSEPH PIKA, Ph.D.;                  :
JEAN ALLEN; RICHARD M. FARMER, JR.;                    :
MARY GRAHAM, ESQ.; BARBARA RUTT;                       :    C.A. NO. 05-CV-00662
DENNIS SAVAGE; CLAIRBOARNE D.                          :
SMITH; ANNE CASE; VALERIE WOODRUFF;                    :    **E-FILE**
personally and in their official capacity as Members    :
of the State Board of Education; and                    :    JURY TRIAL OF TWELVE
THE CHRISTINA SCHOOL DISTRICT; JOSEPH J.               :    DEMANDED
WISE, personally and in his official capacity as the    :
Superintendent of the District; DAVID SUNSTROM,        :
personally and in his official capacity as the Assistant :
Superintendent of the District; SANDRA COUNTLEY        :
personally and in her official capacity; SHARON        :
DENNY, personally and in her official capacity;        :    <u>EXHIBITS FILED UNDER</u>
FREEMAN WILLIAMS, personally and in his official        :    <u>SEAL</u>
capacity; THE CHRISTINA SCHOOL DISTRICT  :
SCHOOL BOARD; BRENDA PHILLIPS;                         :
JAMES DURR; GEORGE EVANS, ESQUIRE;                     :
BEVERLY HOWELL; CONSTANCE MERLET                       :
JOHN MACKENZIE, CECELIA SCHERER; and                   :
JOSEPH WISE; all personally and in their official       :
capacity as Members of the CHRISTINA                   :
SCHOOL DISTRICT.                                       :
               DEFENDANTS.                          :

**THE CHRISTINA SCHOOL DISTRICT BOARD OF EDUCATION[1], JOSEPH J. WISE, DAVID SUNSTROM, SANDRA COUNTLEY, SHARON DENNY, FREEMAN WILLIAMS, BRENDA PHILLIPS, JAMES DURR, GEORGE EVANS, BEVERLY HOWELL, CONSTANCE MERLET, JOHN MACKENZIE AND CECILIA SCHERER'S ANSWER AND CROSSCLAIM**

I.    PRELIMINARY STATEMENT

1.    This is a preliminary statement, to which no responsive pleading is required.  To the extent that a response is required, it is denied that Answering Defendants violated R.W.'s rights and that Plaintiffs are entitled to damages and/or injunctive relief.

II.    JURISDICTION AND VENUE

2.    Denied as stated.  By way of further answer, it is admitted that venue is proper and that jurisdiction is based on 28 U.S.C. §§ 1331.  It is admitted that this action is brought pursuant to 42 U.S.C. § 1983, 1985, and 1988.  It is admitted that Plaintiff R.W.'s cause of action arises under Title VI of the Civil Rights Act of 1964, 42 U.S.C. §2000d, the Civil Rights Act of 1871, 42 U.S.C. § 1983, and the Fifth and Fourteenth Amendments to the United States Constitution.  It is denied, however, that Plaintiffs have adequately stated a cause of action under the cited statutes and Amendments.  All other averments in this paragraph are denied.

III.    PARTIES

3.    Denied as stated.  All averments are admitted except Plaintiff R.W.'s age.  Upon information and belief, R.W. is fourteen years old.

4.    This paragraph is not directed at Answering Defendants and, therefore, no response is required.

5.    This paragraph is not directed at Answering Defendants and, therefore, no response is required.

---

[1]    Incorrectly identified in the caption as the Christina School District and/or the Christina School District School Board.

6.      This paragraph is not directed at Answering Defendants and, therefore, no response is required.

7.      This paragraph is not directed at Answering Defendants and, therefore, no response is required.

8.      This paragraph is not directed at Answering Defendants and, therefore, no response is required.

9.      This paragraph is not directed at Answering Defendants and, therefore, no response is required.

10.     Denied as stated.  By way of further answer, it is admitted that the Christina School District Board of Education, improperly named in the Complaint as the Christina School District and/or the Christina School District School Board, is a political subdivision of the State of Delaware, whose principle place of business is located at 600 North Lombard Street, Wilmington, DE 19801.  It is further admitted that the school district, through the Board, receives federal funds.  The second sentence states a legal conclusion to which no response is required.

11.     Denied as stated.  By way of further answer, the first sentence of this paragraph is admitted.  The second sentence calls for a legal conclusion to which no response is required. The third sentence is admitted, although Answering Defendants deny that Defendant Wise was properly sued in his individual capacity.  The fourth sentence is admitted.  The fifth sentence is denied.

12.     Denied as stated.  By way of further answer, the first sentence of this paragraph is admitted.  The second sentence calls for a legal conclusion to which no response is required. The third sentence is admitted, although Answering Defendants deny that Defendant Sundstrom

-3-

was properly sued in his individual capacity. The fourth sentence is admitted. The fifth sentence is denied. By way of further answer, Defendant Sundstrom is improperly listed in the caption as David Sunstrom.

13.     Denied as stated. By way of further answer, it is admitted that Defendant Countley is the former Director of Alternative Placement. The second sentence calls for a legal conclusion to which no response is required. The third sentence is admitted, although Answering Defendants deny that Defendant Countley was properly sued in her individual capacity. The fourth and fifth sentences of this averment are denied.

14.     Denied as stated. By way of further answer, it is admitted that Defendant Denny was the Alternative Program Transition Coordinator at all times relevant to this action between November 8, 2003 and April 1, 2005. The second sentence calls for a legal conclusion to which no response is required. The third sentence is admitted, although Answering Defendants deny that Defendant Denny was properly sued in her individual capacity. The fourth sentence is admitted. The fifth sentence is denied.

15.     Denied as stated. By way of further answer, it is admitted that Eleanor Ludwigsen is the Principal of Shue-Medill Middle School, which is located within the Christina School District at 1500 Capital Trail, Newark, DE 19711. The second sentence calls for a legal conclusion to which no response is required. The third sentence and fourth sentences are denied.

16.     Denied as stated. By way of further answer, it is admitted that Gina Moody is the Assistant Principal of Shue-Medill Middle School, which is located within the Christina School District at 1500 Capital Trail, Newark, DE 19711. The second sentence calls for a legal conclusion to which no response is required. The third and fourth sentences are denied.

-4-

17.    Denied as stated.  By way of further answer, it is admitted that Defendant Williams is the Director of School Operations K-12.  The second sentence calls for a legal conclusion to which no response is required.  The third sentence is admitted, although Answering Defendants deny that Defendant Williams was properly sued in his individual capacity.  The fourth sentence is admitted.  The fifth sentence is denied.

18.    Denied as stated.  It is admitted that the Christina School District and its Board were established pursuant to Title 14, Chapter 10 of the Delaware Code.  The Code speaks for itself. It is further admitted that the Board of Education's principle place of business is 600 North Lombard Street, Wilmington, DE 19801.  The third and fourth sentences of this paragraph are denied.

19.    Denied as stated.  By way of further answer, it is denied that Defendant Wise is a member of the Board of Education.  Pursuant to 14 *Del. C.* § 1091, Defendant Wise is the non-voting, executive secretary of the Board.  It is further denied that Defendant Merlet was, at all relevant times, a member of the school board.  Defendant Merlet's term expired on April 27, 2005.  It is admitted that Defendants Phillips, Durr, Evans, Howell, Merlet, MacKenzie, Scherer and Wise are being sued in their individual and official capacities.  It is denied, however, that they have been properly sued in their individual capacities.  It is admitted that the official place of business for the Board of Education is 600 North Lombard Street, Wilmington, DE 19801. The last sentence of this paragraph is denied.

20.    With respect to Answering Defendants, denied as stated.  In addition, the averments in this paragraph call for a legal conclusion for which no response is required.  With respect to the remaining defendants, Answering Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

DOCS_DE 116377v1

IV.    FACTUAL BACKGROUND

21.    Admitted.

22.    Denied as stated. By way of further answer, it is denied that R.W. attended kindergarten in the district. The second, third and fourth sentences are denied.

23.    Denied as stated. It is admitted that Nick M. stepped or pulled on the chains attached the Jeffrey L.'s pants during homeroom, purposefully ripping his pants. It is further admitted that during homeroom, R.W. blocked the pathway, preventing Jeffrey L. from passing.

24.    Denied as stated.

25.    Denied as stated.

26.    Denied as stated. It is admitted that R.W. entered a classroom that he was not supposed to be in and punched Jeffrey L. under his right eye. Prior to entering the classroom, Kevin K. hit Jeffrey L. in the head while they were in the hallway. Nick M. and R.W. were also present. After exiting the classroom where he punched Jeffrey L., R.W. gave congratulatory hand gestures to Kevin K. and Nick M.

27.    Admitted.

28.    Admitted.

29.    Denied as stated. It is admitted that Ms. Moody sent R.W. to Mr. Carter's office and that Mr. Carter sent R.W. to the nurse's office for treatment.

30.    Denied as stated. It is admitted that R.W. spoke with Mr. Carter after receiving treatment and that Mr. Carter called R.W.'s mother. R.W. and his mother then met with Mr. Carter and were given a chance to explain what happened, including the opportunity to reenact the events for Mr. Carter. Mr. Carter also reviewed a security tape and interviewed Nick M. and Kevin K. It is further admitted that R.W. received a five day suspension. The suspension notice, which

was dated November 8, 2005, indicated that R.W. was suspended for five days, to November 11, 2004, for having assaulted someone. Exh. 1. The notice of suspension also provided the date for a parent conference and indicated how to appeal the decision. By way of further answer, all students and parents receive a copy of the Student Code of Conduct at the beginning of the year. In addition, the Code of Conduct is available on the School District's website.

31.    Denied as stated. It is admitted that R.W. returned to school on November 19, 2004. It is further admitted that Plaintiffs were advised that R.W.'s suspension was being extended an additional five days. The Extension of Suspension notice indicated that the extension was authorized because the assault R.W. was involved in "will result in alternative placement or expulsion." Exh. 2. The notice also provided the date and time for an alternative placement meeting.

32.    Denied as stated. It is admitted that Ms. Williams met with Ms. Moody and Mr. Carter on November 19, 2004.

33.    Denied as stated. It is admitted that Ms. Williams received an Extension of Suspension notice on November 19, 2004. The notice, See Exh. 1, speaks for itself. The notice provided the dates and time for two meetings. The first, the building level conference, was scheduled for December 2, 2004, at 8:00 a.m. The second, the district level meeting, was scheduled for December 13, 2004, at 9:30 a.m.

34.    Denied as stated. It is admitted that R.W. was charged by the police with Assault III, and conspiracy. It is further admitted that R.W. entered a plea of guilty to the Assault III charge. The State entered a nolle prosequi on the conspiracy III charge. Both R.W. and his mother signed the plea agreement on or about December 8, 2004. Exh. 3. By way of further answer, all

-7-

assaults are reported to the police and the police, not the school district, determines which

individuals will be charged with criminal conduct.

35.    Admitted.

36.    Denied as stated. By way of further answer, it is admitted that at the Building Level

Conference regarding R.W.'s alternative placement and/or expulsion, Plaintiff were given an

opportunity to present their side of the story. *See* Exh. 4 (summary of building level conference).

37.    Denied as stated. It is admitted that Ms. Williams expressed concern at the meeting

about dress code enforcement.

38.    After a reasonable investigation, Answering Defendants have insufficient information to

admit or deny the averments of this paragraph.

39.    After a reasonable investigation, Answering Defendants have insufficient information to

admit or deny the averments of this paragraph. By way of further answer, the congratulatory

hand gestures were made following the assault, not before.

40.    After a reasonable investigation, Answering Defendants have insufficient information to

admit or deny the averments of this paragraph. By way of further answer, a copy of the Code of

Conduct was provide to students and parents at the beginning of the school year and was

available at all times on the school's website.

41.    Denied as stated. By way further answer, as summary of Ms. Williams' statements is set

forth on the Summary of Building Level Conference, attached hereto as exhibit 4.

42.    Denied as stated. By way of further answer, the recommendation at the Building Level

Conference was that R.W. receive an alternative placement and, consequently, his case was

referred for a district level meeting.

-8-

43.    Denied as stated as there is no page number listed.  By way of further answer, the Student Code of Conduct Speaks for itself.  Page 44 of the Code, which discusses the consequences of an assault, is attached hereto as exhibit 5.

44.    Denied.  By way of further answer, Ms. Williams received a copy of the student Code of Conduct at the beginning of the year.  In addition, a copy of the Code was available at all times on the school district's website.

45.    Denied.

46.    Denied.

47.    Denied as stated.  By way of further answer, the District's policy regarding Assignment to Alternative Programs speaks for itself.  The policy is outlined on page 54 of the Student Code of Conduct, a copy of which is attached hereto as exhibit 5.

48.    Denied.  By way of further answer, it is admitted that the summary of the building level conference did not indicate that R.W. was referred for an expulsion hearing.  R.W. was referred for an alternative placement.

49.    Denied.

50.    Denied.

51.    Denied.

52.    Denied as stated.  It is admitted that R.W. received homebound instruction for a period of approximately 15 days.

53.    Denied as stated.  By way of further answer, it is admitted that on December 13, 2004, the District held a meeting regarding R.W.'s alternative placement.  The attendees at the meeting, a summary of what was discussed at the meeting, the recommended placement and

-9-

goals for the alternative placement are set forth in the "Alternative Placement Meeting Form," attached hereto as exhibit 6.

54.    Denied as stated.  By way of further answer, Plaintiffs were aware of the charges and the evidence against R.W. prior to the hearing.

55.    Admitted.

56.    Denied as stated.  By way of further answer, it is admitted that R.W. was given a chance to explain what happened at the hearing.

57.    Denied as stated.  By way of further answer, it is admitted that Ms. Williams and other witnesses were permitted to provide testimony on behalf of R.W. at the December 13, 2004 meeting.

58.    After a reasonable investigation, Answering Defendants have insufficient information to admit or deny the averments of this paragraph.  By way of further answer, it is admitted that the recommendation from the district level meeting was that R.W. be placed at Compass.  It is further admitted that R.W. was not expelled.

59.    Denied.  By way of further answer, the Step II – District Level procedures to which Plaintiffs refer applies to expulsions.  *See* Exhibit 5 (Student Code of Conduct, p. 55-56).  R.W. was not expelled.

60.    Denied.  By way of further answer, the Step II – District Level procedures to which Plaintiffs refer applies to expulsions.  R.W. was not expelled.

61.    Denied.  By way of further answer, the Step II – District Level procedures to which Plaintiffs refer applies to expulsions.  R.W. was not expelled.

62.    Denied.  By way of further answer, the Step II – District Level procedures to which Plaintiffs refer applies to expulsions.  R.W. was not expelled.

-10-

63.     After a reasonable investigation, Answering Defendants have insufficient information to admit or deny the averments of this paragraph.  By way of further answer, Defendant Countley wrote a letter to Ms. Williams on December 20, 2004 setting forth the alternative placement committee's unanimous decision to assign R.W. to the Compass School Alternative Program, and the goals R.W. would be expected to achieve.  *See* Exh. 7 (letter).

64.     Denied.

65.     Denied as stated.  By way of further answer, appeals and grievance procedures are set forth on pages 10-12 of the Student Code of Conduct.  A copy of these pages is set attached hereto as exhibit 5.

66.     Denied as stated.  By way of further answer, it is admitted that the initial referral form erroneously indicated that R.W. was expelled.  This error was corrected in front of Ms. Williams during her site visit to the school on or about February 2, 2005.  In addition, the form was subsequently redone, and a copy of the redone form was mailed to Ms. Williams on February 28, 2005, along with a letter of apology.  *See* Exh. 8 (letter).

67.     Denied as stated.

68.     Denied as stated.

69.     Denied.  By way of further answer, it is admitted that Jea P. Street, and "advocate" for Plaintiffs, wrote to Defendant Wise on or about January 4, 2005 requesting that the Board review the decision from the December 13, 2004 hearing.

70.     Denied.  By way of further answer, on or about February 1, 2005, Defendant Sundstrom, at the request of Defendant Wise, responded to Mr. Street's letter.

71.     Denied as stated.  By way of further answer, it is admitted that Ms. Williams called the school district on or about January 18, 2005.

72.     Denied as stated.  By way of further answer, it is admitted that Defendant Sundstrom and Defendant Denny met with Ms. Williams on or about January 26, 2005.  At the meeting, Ms. Williams was again permitted to state her case and she asked Defendant Sundstrom to reconsider the alternate placement decision.  After reviewing the evidence and hearing arguments, Defendant Sundstrom upheld the decision of the placement committee.  Defendant Sundstrom mailed his decision to Ms. Williams on or about January 27, 2005.  *See* Exhibit 9.

73.     Denied as stated.  By way of further answer, it is admitted that Answering Defendants' procedures, as set forth in the Code of Conduct, were followed and that the procedures were the same for a number of years prior to the date of the January 26, 2005 meeting.

74.     Denied.

75.     Denied as stated.  By way of further answer, it is admitted that Defendant Sundstrom sent Ms. Williams a letter on January 27, 2005.  The letter is attached as exhibit 9.  The letter speaks for itself.

76.     Denied as stated.  By way of further answer, it is admitted that on or about February 7, 2005, Mr. Street wrote a letter to Defendant Phillips requesting that the Board review the School District's decision regarding R.W.'s alternative placement.

77.     Denied as stated.  By way of further answer, on or about February 10, 2005, Defendant Sundstrom, at the request of Defendant Phillips, sent a letter to Mr. Street addressing the issues raised in his February 7, 2005 letter.  Exhibit 10.

78.     Denied. By way of further answer, it is admitted that on or about February 2, 2005, Ms. Williams visited the Compass School.  It is denied that R.W. was expelled.

79.     Denied as stated.  By way of further answer, it is admitted that on or about March 1,

2005, Mr. Street wrote to Dr. Pika regarding the School District's alternate placement decision

regarding R.W.

80.     Denied as stated.

81.     Denied as stated.  By way of further answer, it is admitted that Ms. Williams attended the

Board meeting on April 12, 2005.  As reflected in the minutes of the meeting, Ms. Williams

"spoke regarding alternative placements and expulsion hearings."  It is further admitted that the

School District had previously offered to place R.W. at Kirk Middle School as an alternative

placement, rather than Compass.  After the Board meeting, Ms. Williams indicated that she did

not accept the previous offer regarding Kirk Middle School because she did not believe that

transportation would be made available.  Answering Defendants also admit that Defendants

Sundstrom, Williams and Phillips met with Ms. Williams following the April 12, 2005 Board

meeting to discuss R.W.'s return to school.  Following the meeting with Ms. Williams on April

12, 2005, Defendant Sundstrom arranged for transportation for R.W. to attend the Kirk Middle

School.  Ms. Williams refused to send her son to Kirk Middle School, despite transportation

being provided.

82.     Denied.

83.     Denied.

84.     Denied.

85.     This averment is not directed to Answering Defendants and, therefore, no response is

required.

86.     This averment is not directed to Answering Defendants and, therefore, no response is

required.

87.    This averment is not directed to Answering Defendants and, therefore, no response is required.

88.    This averment is not directed to Answering Defendants and, therefore, no response is required.

89.    To the extent that this averment is directed to Answering Defendants, it is denied.

90.    To the extent that this averment is directed to Answering Defendants, it is denied.

91.    After a reasonable investigation, Answering Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

92.    The first two sentences of this averment are not directed to Answering Defendants and, therefore, no response is required.  The third sentence is denied.

93.    The averments directed to the Board are not directed to Answering Defendants and, therefore, with respect to those averments, no response is required.  With respect to the averments directed to Answering Defendants, those averments are denied.

94.    This averment is not directed to Answering Defendants and, therefore, no response is required.

95.    Denied.

96.    Admitted.

97.    Denied as stated.  By way of further answer, it is admitted that the District continues to follow its rules and regulations and that R.W. must satisfy his alternative placement requirement prior to returning to Shue/Medill.

## COUNT I

98.    Answering Defendants incorporate their responses to paragraphs 1-97 herein as if set forth in full.

99.    Denied as to Answering Defendants.  With respect to averments directed to the other defendants, no response is required.

100.    Denied as to Answering Defendants.  With respect to averments directed to the other defendants, no response is required.

101.    This paragraph seeks a legal conclusion to which no response is required.

102.    As to Answering Defendants, it is admitted that the School District receives federal funds.  With respect to averments directed to the other defendants, no response is required.

103.    This paragraph seeks a legal conclusion to which no response is required.

104.    Denied as to Answering Defendants.  With respect to averments directed to the other defendants, no response is required.

105.    Denied as to Answering Defendants.  With respect to averments direct to the other defendants, no response is required.

**COUNT II**

106.    Answering Defendants incorporate their answers to paragraphs 1-105 herein, as if set forth in full.

107.    Denied as to Answering Defendants.  With respect to averments directed to the other defendants, no response is required.

108.    This averment calls for a legal conclusion to which no response is required.

109.    Denied as stated.  By way of further answer, it is admitted that Defendants Wise, Sundstrom, Countley, Denny, Williams, Phillips, Durr, Evans, Howell, Merlet, MacKenzie and Scherer were all acting as representatives or employees of the District and/or School Board at all times relevant to this Complaint.  With respect to averments directed to the other defendants, no response is required.

110.    Denied as to Answering Defendants.  With respect to averments directed to the other defendants, no response is required.

111.    Denied as to Answering Defendants.  With respect to averments directed to the other defendants, no response is required.

112.    Denied as to Answering Defendants.  With respect to averments directed to the other defendants, no response is required.

113.    Denied as to Answering Defendants.  With respect to averments directed to the other defendants, no response is required.

114.    Denied as to Answering Defendants.  With respect to averments directed to the other defendants, no response is required.

115.    Denied as to Answering Defendants.  With respect to averments directed to the other defendants, no response is required.

116.    Denied as to Answering Defendants.  With respect to averments directed to the other defendants, no response is required.

### COUNT III

117.    Answering Defendants incorporate their responses to paragraphs 1-116 herein, as if set forth in full.

118.    Denied as to Answering Defendants.  With respect to averments directed to the other defendants, no response is required.

### FIRST AFFIRMATIVE DEFENSE

119.    Plaintiffs' Complaint fails to state a claim upon which relief may be granted with respect to, *inter alia*, their 42 U.S.C. §§ 1983, and 1985 claims, Equal Protection and Due Process claims, Title VI of the Civil Rights Act of 1964 claims, their claims for emergency relief pursuant to Fed. R. Civ. P. 65, and their claims for punitive damages.

-16-

## SECOND AFFIRMATIVE DEFENSE

120.    Answering Defendants are entitled to absolute and/or qualified immunity

## THIRD AFFIRMATIVE DEFENSE

121.    Service of process is incomplete and improper.

## FOURTH AFFIRMATIVE DEFENSE

122.    The imposition of punitive damages against Answering Defendants would violate their

constitutional rights under the Due Process Clause of the Fifth and Fourteenth Amendments to

the Constitution of the United States of America, the excessive Fines Clause of the Eighth

Amendment to the Constitution of the United States, the Double Jeopardy Clause of the Fifth

Amendment to the Constitution of the United States, similar provisions in the Delaware

Constitution, and/or the common law, statutes, public policy and court rules of the State of

Delaware.

## FIFTH AFFIRMATIVE DEFENSE

123.    Plaintiff Sarah Williams lacks standing.

## SIXTH AFFIRMATIVE DEFENSE

124.    The complaint fails to specify any willful or wanton conduct on the part of Answering

Defendants and, therefore, all claims and references to the recovery of punitive damages in the

complaint must be stricken.

## SEVENTH AFFIRMATIVE DEFENSE

125.    To the extent applicable to Answering Defendants, Answering Defendants hereby

incorporate any and all defenses raised by any co-defendant.

## EIGHTH AFFIRMATIVE DEFENSE

126.    Answering Defendants cannot be held liable under 42 U.S.C. §1983 under a theory of

*respondeat superior.*

-17-

## CROSSCLAIM FOR CONTRIBUTION

While Answering Defendants deny any liability whatsoever, if found liable, Answering Defendants are entitled to contribution from each codefendant and/or third-party defendant for any amount which Answering Defendants may be required to pay to Plaintiffs, in accordance with Title 10, Chapter 63 of the Delaware Code.

## CROSSCLAIM FOR INDEMNIFICATION

While Answering Defendants deny any liability whatsoever, if found liable, Answering Defendants are entitled to implied and/or equitable indemnification from each codefendant and/or third-party defendant for any amount which Answering Defendants may be required to pay to Plaintiffs.

WHEREFORE, Answering Defendants seek dismissal, with prejudice, of all claims, including claims for injunctive relief, with costs and attorneys fees assessed against Plaintiffs, as well as any other relief that the Court deems equitable and just. Alternatively, Answering Defendants seek judgment on its crossclaim for indemnification and/or contribution.

WHITE AND WILLIAMS LLP


BY: _____

JOHN D. BALAGUER(#2537)
WILLIAM L. DOERLER (#3627)
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE  19899-0709
Phone: 302.467.4508
*Attorneys for The Christina School District*
*Board of Education, Joseph J. Wise, David*
*Sunstrom, Sandra Countley, Sharon Denny,*
*Freeman Williams, Brenda Phillips, James*
*Durr, George Evans, Beverly Howell,*
*Constance Merlet, John Mackenzie and Cecilia*
*Scherer*


Date:  October 7, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE DELAWARE DISTRICT

R.W., A Minor, individually, by and through          :
his parent and natural guardian SARAH WILLIAMS      :
and SARAH WILLIAMS, individually,                   :
      PLAINTIFFS,                                :
                                                 :
      V.                                         :
                                                 :
THE DELAWARE DEPARTMENT OF                           :
EDUCATION; VALERIE WOODRUFF;                         :
personally and in her official capacity as          :
the Secretary of Education for the State of         :
Delaware; THE STATE OF DELAWARE BOARD               :
OF EDUCATION; and JOSEPH PIKA, Ph.D.;               :
JEAN ALLEN; RICHARD M. FARMER, JR.;                 :
MARY GRAHAM, ESQ.; BARBARA RUTT;                    :          C.A. NO. 05-CV-00662
DENNIS SAVAGE; CLAIRBOARNE D.                       :
SMITH; ANNE CASE; VALERIE WOODRUFF;                 :          **E-FILE**
personally and in their official capacity as Members :
of the State Board of Education; and                :          JURY TRIAL OF TWELVE
THE CHRISTINA SCHOOL DISTRICT; JOSEPH J.            :          DEMANDED
WISE, personally and in his official capacity as the :
Superintendent of the District; DAVID SUNSTROM,     :
personally and in his official capacity as the Assistant :
Superintendent of the District; SANDRA COUNTLEY     :
personally and in her official capacity; SHARON     :
DENNY, personally and in her official capacity;     :
FREEMAN WILLIAMS, personally and in his official    :
capacity; THE CHRISTINA SCHOOL DISTRICT  :
SCHOOL BOARD; BRENDA PHILLIPS;                      :
JAMES DURR; GEORGE EVANS, ESQUIRE;                  :
BEVERLY HOWELL; CONSTANCE MERLET                    :
JOHN MACKENZIE, CECELIA SCHERER; and                :
JOSEPH WISE; all personally and in their official   :
capacity as Members of the CHRISTINA                :
SCHOOL DISTRICT.                                    :
      DEFENDANTS.                                :

## CERTIFICATE OF SERVICE

    I, William L. Doerler, Esquire, do hereby certify that on this 7th day of October, 2005 one
(1) copy of the foregoing **THE CHRISTINA SCHOOL DISTRICT BOARD OF
EDUCATION, JOSEPH J. WISE, DAVID SUNSTROM, SANDRA COUNTLEY,
SHARON DENNY, FREEMAN WILLIAMS, BRENDA PHILLIPS, JAMES DURR,
GEORGE EVANS, BEVERLY HOWELL, CONSTANCE MERLET, JOHN**

**MACKENZIE AND CECILIA SCHERER'S ANSWER AND CROSSCLAIM** were delivered via E-File and Serve, and First Class Mail, postage prepaid upon:

Patricia McHale O'Neill
Patricia M. O'Neill, Esq.
114 West Front Street
Media, PA 19063

Craig Romond Fitzgerald
Department of Justice
102 West Water Street
Dover, DE 19904

WHITE AND WILLIAMS LLP

BY: _____

WILLIAM L. DOERLER (#3627)
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
Phone: 302.467.4508
*Attorneys for The Christina School District
Board of Education, Joseph J. Wise, David
Sunstrom, Sandra Countley, Sharon Denny,
Freeman Williams, Brenda Phillips, James
Durr, George Evans, Beverly Howell,
Constance Merlet, John Mackenzie and Cecilia
Scherer*