**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| R.W., a minor, individually by and through his parent and natural guardian SARAH WILLIAMS, AND SARAH WILLIAMS, individually, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 05-662 - KAJ |
| THE DELAWARE DEPARTMENT OF EDUCATION; VALERIE WOODRUFF; personally and in her official capacity as the Secretary of Education for the State of Delaware; THE STATE OF DELAWARE BOARD OF EDUCATION; and JOSEPH PIKA, Ph.D.; JEAN ALLEN, RICHARD M. FARMER, JR.; MARY GRAHAM, ESQ.; BARBARA RUTT, DENNIS SAVAGE, CLAIBOURNE D. SMITH; ANN CASE; VALERIE WOODRUFF; personally and in their official capacity as Members of the State Board of Education; and THE CHRISTINA SCHOOL DISTRICT; JOSEPH J. WISE, personally And in his official capacity as the Superintendent of the District; DAVID SUNDSTROM, personally and in his official capacity as the Assistant Superintendent of the District; SANDRA COUNTLEY, personally and in her official capacity; SHARON DENNY, personally and in her official capacity; FREEMAN WILLIAMS, personally and in his official capacity; THE CHRISTINA SCHOOL DISTRICT SCHOOL BOARD; BRENDA PHILLIPS; JAMES DURR; GEORGE EVANS, ESQUIRE; BEVERLY HOWELL; CONSTANCE MERLET; JOHN MACKENZIE; CECELIA SCHERER; and JOSEPH WISE; all personally and in their official capacity as Members of the CHRISTINA SCHOOL DISTRICT. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **E-FILE** |
| Defendants. | ) | |

## STATE DEFENDANTS' ANSWER IN OPPOSITION TO PLAINTIFFS' MOTION FOR INJUNCTIVE RELIEF

1. Plaintiffs' application for preliminary injunction requests that R.W. be returned to his regular education setting within the District. Plaintiffs have not sufficiently alleged the authority that State Defendants have to order the Christina School District to enroll R.W. in a general education setting against its wishes pursuant to Title 14 of the *Delaware Code*. To the extent that Plaintiffs' application asks State Defendants enroll R.W. in a general education setting within the Christina School District, it should be dismissed as it is improperly directed toward State Defendants. Plaintiffs' Motion for Injunctive Relief does, however, allege that State Defendants have deprived R.W. to his right to education and have continued to violate his due process rights. Plaintiffs' Opening Brief in Support of the Motion for Injunctive Relief further alleges that the State Board of Education violated Plaintiff R.W.'s "protected rights."

2. Plaintiff Sarah Williams' Affidavit in Support of Motion for Preliminary Injunction is improper in form because it contains opinions and argument. Specifically, Paragraph 7 does not contain facts within the province of the affiant, but contains allegations and arguments against the State Board of Education. State Defendants urge this court not to consider the legal argument made on behalf of Plaintiff Sarah Williams in Paragraph 7 of her affidavit.

### Legal Standard for Preliminary Injunction

3. Federal Rule of Civil Procedure Rule 65(a) sets out the standard to bring into play injunctive relief. *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 800 (3d Cir.1989) (quoting *Systems Operations, Inc. v. Scientific Games Dev. Corp.*, 555 F.2d 1131, 1141 (3d Cir.1977). In order to grant injunctive relief, the court must be

2

sufficiently satisfied that the party seeking relief has demonstrated: 1) a reasonable probability of success on the merits; 2) immediate and irreparable injury will suffer if relief is denied; 3) a grant of relief will not result in greater harm to the other party; and 4) the public interest will be served by the grant of injunctive relief. *Clear Ocean Action v. York*, 57 F.3d 328, 331 (3d Cir. 1995); *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987). All of these factors should be established for the Court to grant injunctive relief. *S & R. Corp. v. Jiffy Lube Inter.*, Inc., 968 F.2d 371, 374 (3d Cir. 1992).

4. Injunctive relief is an extraordinary remedy granted to provide preventive, protective, or restorative relief enforceable by a judicial contempt order. *See generally, Santana Prods. v. Compression Polymers*, 8 F.3d 152, 154-155 (3d Cir. 1993), *cert. denied*, 510 U.S. 1196 (1994) (injunction must "be of such a nature that if it grants relief it could be enforced *pendente lite* by contempt if necessary.") The purpose of injunctive relief is not to address alleged past wrongs, but to prevent future violations. *See, United States v. Barr Lab., Inc.* 812 F. Supp. 458, 487-488 (D. N.J. 1993). Therefore, the party seeking an injunction must demonstrate that the threatened injury is immediate. *See, Hohe v. Casey*, 868 F.2d 69, 73 (3d Cir.), *cert. denied*, 493 U.S. 848 (1989). However, the movant is not required to show that he has endured past wrongs in order for injunctive relief to be granted.

**PLAINTIFFS CANNOT SHOW A LIKELIHOOD OF SUCCESS ON THE MERITS AGAINST STATE DEFENDANTS**

5. Plaintiffs must show both a likelihood of success on the merits if the injunction is to be granted. *Campbell Soup Co. v. Conagra, Inc.*, 977 F.2d 86, 90-91 (3d Cir. 1992) (in order to suggest preliminary injunction plaintiff must show likelihood of success on merits).

<u>Due Process</u>

6.     State Defendants have not violated Plaintiffs due process rights as determined in *Goss v. Lopez*, 419 U.S. 565 (1975).  Plaintiffs' Brief in Support of the Motion for Injunctive Relief mentions the "notice" and "hearing" requirements proscribed in *Goss* but does not elaborate on the exact requirements of the "notice" and "hearing" mentioned in the Supreme Court's ruling.  The Court in *Goss* stated that "the **student** be given oral or written notice of the charges against him and, if he denies them, an explanation of the evidence the authorities have and an opportunity to present his side of the story."  *Goss,* 419 U.S. *at* 581 .  This is the character of the "hearing" and "notice" mentioned in *Goss* and further addressed by the Third Circuit Court of Appeals.  See, *Shuman v. Penn Manor School District*, 422 F.3d 141, 149-150 (3d Cir. 2005);  *S.G. v. Sayerville Board of Education*, 333 F.3d 417, 425  (3d Cir. 2003), *cert. denied*, 540 U.S. 1104 (2004);  The *Goss* court did <u>not</u> hold that due process required "the opportunity to secure counsel, to confront and cross-examine witnesses supporting the charge, or to call his own witnesses to verify his version of the incident.  *Goss,* 419 U.S. at 583.  Plaintiffs' Complaint alone describes at <u>least</u> 2 meetings with school officials on December 2, 2004, and December 13, 2004, and other meetings are referenced.  (Complaint ¶s 30, 32, 35, 53, 72).  Furthermore, Plaintiffs' Complaint alleges that R.W. was allowed to provide his recollection of the events, that he was able to bring an advocate on his behalf, and that he was even able to present the testimony of outside character witnesses.  (Complaint ¶s 53, 56, 57).  In addition, Plaintiffs'Opening Brief in Support of the Motion for Injunctive Relief itself describes another meeting R.W. had with a District employee immediately after he punched another student in the face.

4

7.     The *Goss* court did, however, determine that longer suspensions may require more formal procedures.  See, In *Board of Educ. of the New Castle County Vocational Technical School Dist. v. Clark*, 1988 WL 47096 at 2 (Del. Super 1988).  The *Goss* Court did not address what process was due to a student who opposes **placement** in an alternative school setting where educational services are provided.  In fact, other authorities have held that assignment to an alternative school is a placement decision and not a denial of educational services pursuant to *Goss*.  *See*, *Flynn v. Terrebonne Parish School Board*, 2004 WL 2009277 (E.D. La. 2004);  *Marner v. Eufaula City School Board*, 204 F.Supp.2d 1318 (M.D. Ala. 2002);  *Nevares v. San Marcos Consolidated School Dist.*, 111 F.3d 25 (5th Cir. 1997);  *Breeding v. Driscoll*, 82 F.3d 383 (11th Cir. 1996).

8.     The Delaware State Board of Education held a hearing on the legal issue of whether it had jurisdiction to review R.W.'s assignment to an alternative school in the matter on May 19, 2005.  Plaintiffs' Complaint refers to both the hearing and the decision rendered by the State Board of Education (Complaint, ¶s 92, 94, 113).  Written notice was sent to R.W. and the Christina School District indicating the time and place of oral arguments and the date written position papers were due.  The State Board of Education heard oral arguments on behalf of R.W. and the Christina School District.  After considering the oral arguments and the position papers submitted by the parties, the State Board of Education deliberated and voted on the issue of jurisdiction.  The State Board of Education issued a 12-page written *Decision and Order* indicating that it did not have jurisdiction over the matter pursuant to the specific powers granted to it by the General Assembly of the State of Delaware in 14 *Del. C.* § 1058.  14 *Del. C.* Chapter 16

(Comprehensive School Discipline Improvement Program) does not create an independent right of action for R.W. before the State Board of Education and was enacted by the General Assembly after the relevant portions of 14 *Del. C.* § 1058.

9.     The State Board of Education's *Decision and Order* set out the legal rationale for not taking jurisdiction.  The State Board of Education's rationale for its decision included statutory analysis, an analysis of its own rules and procedures, and reference to past State Board of Education decisions.  Plaintiffs' Opening Brief in Support of the Motion for Injunctive Relief does not address any of legal bases of the *Decision and Order* but merely asserts that, somehow, the State Board of Education should act in excess of its jurisdiction.  In *Board of Educ. of the New Castle County Vocational Technical School Dist. v. Clark*, 1988 WL 47096 (Del. Super 1988), the Superior Court stated:

> It is provided by 14 Del. C. § 1058 that **appeals from decisions of the local district board of education** involving the district rules and regulations shall be heard by the State Board of Education.

*Id*. at 3.  [emphasis added].  The Court went on to further state that "in dealing with an appeal from a **local school board** the State Board sits in an **appellate capacity**." *Id*. at 4. [emphasis added].  The Superior Court analyzed the statutory framework in which State Board of Education operated due to the student's request for a *de novo* hearing before the State Board.  The Court held:

> Neither 29 *Del. C*. § 10124 nor 14 *Del. C*. § 1058 require a *de novo* hearing by the State Board. Thus the State Board procedures limiting appellate review to the record below comply with the statutory appellate scheme.

*Id*. at 4.  The Superior Court of the State of Delaware has reviewed student disciplinary appeals to the State Board of Education which were **first** heard by the local school board.

6

*See generally*, *R.T. v. Sussex Vocational Technical School Dist. Bd. of Educ.*, 2001 WL 1628325 (Del. Super., 2001); *Howard v. Colonial School Dist.*, 621 A.2d 362 (Del. Super., 1992); *Board of Educ. of Smyrna School Dist. v. DiNunzio*, 602 A.2d 85 (Del. Super., 1990); *Board of Educ. of New Castle County Vocational Technical School Dist. v. Clark*, 1988 WL 47096. (Del. Super., 1988); *Rucker v. Colonial School Dist.*, 517 A.2d 703 (Del. Super., 1986).

<u>Equal Protection</u>

10.     Plaintiffs have not adequately alleged a violation of the Equal Protection Clause on the part of State Defendants.  Plaintiff R.W. was put on notice due to the previously published materials regarding the possible consequences of his actions.  *Harris-Thomas*, 2003 WL 22999541 at 3 (D. Del. 2003) *aff'd in part, vacated in part, remanded* 2005 WL 1625234 (3d Cir. 2005).  The Christina School District *Code of Conduct* outlined three levels of offenses.  In the *Code of Conduct*, Level II offenses have a demarcation between the consequences in the first commission of an offense and subsequent commission of the same offense.  The highest level offenses, those on Level III, do not have such a demarcation.  Level III offenses state that upon the commission of the offense each of the listed consequences can be administered to the Student.  R.W. has admitted to the commission of a Level III offense (the highest) in that he committed an assault of a student in the district.  Plaintiff R.W. was thus put on notice that he could be assigned to an alternative school (or expelled) upon the first commission of a Level III assault.  Plaintiff R.W. falls within the class of persons who could be assigned to an alternative school pursuant to 14 *Del. C.* § 1604 in that he "may be subject to expulsion" or has "serious violations of the local school district discipline code."  14 *Del. C.* § 1604.

7

Plaintiffs' Complaint contains allegations that varied disciplinary violations (dress code violations, the making of threats, fighting) were committed by other students. (Complaint ¶ 23, 25, 36). Plaintiffs' Complaint does not allege that similarly situated persons, students who committed an <u>assault</u> (physical injury), were treated in a different manner. *See*, *Harris-Thomas,* 2003 WL 22999541 at 2. Plaintiffs fail to allege that other students who committed assaults were not either <u>expelled</u> or assigned to an alternative school.

11.   Plaintiffs have not adequately established claims against State Defendants pursuant to 42 U.S.C. §§ 1983, 1985, and Title VI of the Civil Rights Act of 1964. State Defendants are also entitled to quasi-judicial immunity or qualified immunity. State Defendants hereby incorporate Arguments I – V of the State Defendants' Opening Brief in Support of Their Motion to Dismiss (filed on October 5, 2005) in support of the arguments that Plaintiffs have not shown a likelihood of success on the merits against State Defendants.

### PLAINTIFFS CANNOT MAKE A CLEAR SHOWING OF IRREPARABLE HARM

12.   Plaintiffs must demonstrate that the threatened injury is immediate and clearly shown. *Hohe v. Casey*, 868 F.2d at 73 (preliminary injunction was denied for failure to adequately show irreparable injury); *ECRI v. McGraw-Hill, Inc.*, 809 F.2d at 226 ("clear showing of irreparable injury" is required for grant of preliminary injunction); *Manganaro v. Interoptec Corp.*, 874 F. Supp. 660, 662 (E.D. Pa. 1995) ("Showing a risk of mere irreparable injury is not enough to warrant injunctive relief.").

13.   Plaintiffs' claim is not that the District will not provide educational instruction to R.W. Rather Plaintiffs claim that the defendant District will not place R.W. in the general

education setting **they prefer** after his admitted assault on a student within the District. In *Loller v. Colonial School District*, 1993 WL 181294. (Del. Ch., 1993), the student's application for preliminary injunction was denied in part because student would have been entitled to extra tutoring (educational services). *Id*. at 3. Plaintiffs' application demonstrates that all educational opportunities have not been denied to Plaintiff R.W. Plaintiffs' **choice** not to receive educational instruction from the District at the alternative school does not constitute irreparable harm.

## Public Interest

14.     Lastly, the Plaintiff does not adequately consider the effect of the injunction on other interested persons as well as the public interest in general. *Campbell Soup Co.*, 977 F.2d at 90-91. The public has an interest in not second-guessing the administration of disciplinary options that are properly within the authority of these officials. In *Wood v. Strickland*, 420 U.S. 308 (1975), the Supreme Court stated:

> But s 1983 does not extend the right to relitigate in federal court evidentiary questions arising in school disciplinary proceedings or the proper construction of school regulations. The system of public education that has evolved in this Nation relies necessarily upon the discretion and judgment of school administrators and school board members and s 1983 was not intended to be a vehicle for federal court correction of errors in the exercise of that discretion which do not rise to the level of violations of specific constitutional guarantees.

*Wood*, 420 U.S. at 326. As argued previously, there have been no violations of specific constitutional guarantees. Plaintiffs have simply asked this Court to second-guess the discretion of school officials in their assignment of R.W. to an alternative school. Given that Plaintiffs have failed to adequately plead constitutional violations, this could have a crippling effect on school administrators who wish to administer the disciplinary sanctions outlined in a code of conduct.

**CONCLUSION**

Based on the reasons set forth above, State Defendants contend that the Plaintiffs have not demonstrated an adequate showing to warrant the extraordinary relief against State Defendants that they are requesting. Therefore, State Defendants respectfully request the Court deny Plaintiffs' motion for injunctive relief.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Craig R. Fitzgerald
Craig R. Fitzgerald, I.D. No. 3730
Deputy Attorney General
102 West Water Street
Dover, Delaware 19904
(302) 577-8400
craig.fitzgerald@state.de.us
Attorney for State Defendants

DATE: October 21, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2005, I electronically filed *State Defendants' Answer in Opposition to Plaintiffs' Motion for Injunctive Relief* with the Clerk of Court using CM/ECF which will send notification of such filing to the following: Patricia O'Neill, Esquire and William Doerler, Esq.

/s/ Craig R. Fitzgerald
Deputy Attorney General
Department of Justice
102 West Water Street
Dover, DE 19904
(302) 739-7641