Westlaw.

Not Reported in A.2d                                                                                      Page 1

Not Reported in A.2d, 1993 WL 181294 (Del.Ch.)

**(Cite as: 1993 WL 181294 (Del.Ch.))**

Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Court of Chancery of Delaware.
LOLLER
v.
COLONIAL SCHOOL DISTRICT, et al.
**Civ. A. No. 12969.**

Submitted: May 11, 1993.
Decided May 18, 1993.

On Plaintiff's Request for a Preliminary Injunction: Denied.

Matthew P. Denn, Delaware Volunteer Legal Services, Inc., Wilmington.

Peter C. Campbell, Morris, James, Hitchens & Williams, Wilmington.

HARTNETT, Vice-Chancellor.

*1 Plaintiff Lucas L. Loller, a sixth-grade student at Gunning Bedford Middle School ("the School"), through his guardian, claims that his substantive and procedural due process rights, and his right to an efficient education were violated when he was expelled from the School for the balance of the 1992-93 school year. Loller seeks a preliminary injunction ordering his reinstatement to School pending a final disposition of this case. Because Loller has not demonstrated a reasonable probability of success on the merits or that he will be irreparably harmed if the requested relief is not granted, his request for a preliminary injunction must be denied.

I

The essential facts are undisputed. On April 1, 1993, Lucy Hartshorne, the Assistant Principal at the School, summoned Loller to her office after being advised by one of Loller's teachers that there was a strong possibility that Loller was carrying a knife. Loller admitted that he was carrying a pocket-knife and surrendered it to Hartshorne. Loller was immediately suspended.

On April 20, 1993, a formal expulsion hearing was held before Dr. Karen L. Foster, who has been designated as a Hearing Officer by the School. Loller was represented by counsel at the hearing and he argued that expulsion was too severe a discipline and that a lesser sanction should be imposed. Nonetheless, on the following day, Foster recommended to the Board of the Colonial School District ("the Board") that Loller be expelled.

The Board met on April 27, 1993. After reviewing the transcript of the hearing before Foster and Foster's report, but without any public discussion, The Board voted 5-2 to expel Loller for the remainder of the 1992-93 school year. The two dissenting members of the Board voted to expel Loller through the third marking period of the 1993-94 (next) school year.

Loller's guardian, on his behalf, filed suit in this Court seeking a declaratory judgment that Loller's due process rights and right to an efficient education were violated. Loller also sought a preliminary injunction ordering Loller's immediate reinstatement. At the preliminary injunction hearing, Loller's counsel stated that he intended to appeal the Board's expulsion order to the State Board of Education pursuant to 14 *Del.C.* § 1058.

II

In order to obtain a preliminary injunction, the applicant must show: (1) that he has a reasonable likelihood of success on the merits of his claim; (2) that he will suffer irreparable injury if the injunction is not granted; and (3) that the injury he will suffer

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d

Not Reported in A.2d, 1993 WL 181294 (Del.Ch.)

**(Cite as: 1993 WL 181294 (Del.Ch.))**

if the injunction is not granted is greater than the injury which the opposing party will suffer if the injunction is granted. *Ivanhoe Partners v. Newmont Mining Corp.*, Del.Supr., 535 A.2d 1334, 1341 (1987).

### III

The United States Supreme Court has held that state laws that direct public officials to provide free public education and which compel the attendance of students create a property interest protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Goss v. Lopez*, 419 U.S. 565, 573 (1975). Defendants do not dispute that applicable Delaware law gives Loller a property interest in his public education. *See Rucker v. Colonial School District*, Del.Super., 517 A.2d 703, 704 (1986); *Del. Const.* art. X, § 1; 14 *Del.C.* Ch. 27. A State cannot deprive a citizen of a property interest protected by the Due Process Clause of the Fourteenth Amendment without adherence to the minimum procedures required by that Clause. *Goss*, 419 U.S. at 574. However, due process is not a fixed concept and what constitutes due process depends on the circumstances and varies with the subject matter and the necessities of the situation. *Moyer v. Peabody*, 212 U.S. 78, 83 (1909).

### IV

*2 14 *Del.C.* § 1049(1) gives each Delaware school district authority to prescribe rules and regulations for the conduct and management of the schools. Pursuant to that authority, the Colonial School District ("the District") developed its Code of Conduct.

Under the District's Code of Conduct, if a student commits an offense potentially punishable by expulsion, the Principal must investigate the incident and, if expulsion is believed to be warranted, make a recommendation to the Superintendent of the District. If the Superintendent concurs, he must order a formal hearing at which the student may be represented by counsel, may cross-examine witnesses, may produce witnesses on his own behalf and must receive copies of statements of the witnesses against him.

The Hearing Officer must summarize the evidence, make conclusions of fact and submit a recommendation to the Board. The Board then makes a determination whether to expel the student. This determination is appealable to the State Board of Education from which an appeal, under the Delaware Administrative Procedures Act, may be made to the Superior Court. *See* 14 *Del.C.* § 1058; 29 *Del.C.* Ch. 101.

Loller does not argue that these procedures do not afford him the minimum due process required by the Fourteenth Amendment. Neither does he argue that these procedures were not followed. Loller instead asserts that three errors were made which have deprived him of due process.

Loller claims that Foster and the District Board violated his rights to due process by failing to consider his past disciplinary record which, while not spotless, did not reflect any incidents of violent behavior. Loller also claims that his rights to due process were violated when, at the April 20th hearing, Hartshorne (the Assistant Principal) represented to Foster (the Hearing Officer) that the police had told her that the knife was considered a deadly or a dangerous weapon when that was, in fact, not the case. Finally, Loller claims that Foster's recommended expulsion was not based on the merits of the case, but was because that was what the Board always did in weapons-possession cases. This, Loller claims, violated his right to an impartial hearing officer. *Gonzales v. McEuen*, 435 F.Supp. 460, 464 (C.D.Cal.1977). Each of these contentions will be discussed *seriatim*.

It is not disputed that Loller admitted possession of the knife and that he knew possession of a knife was grounds for expulsion.

While the transcript of the April 20th hearing shows that Foster did not consider Loller's disciplinary record in determining whether he should be expelled, the evidence shows that it was introduced as an exhibit and forwarded to the District Board for the Board's consideration. Because the Board was the decision-making body as to the punishment to be imposed, there is no

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                    Page 3

Not Reported in A.2d, 1993 WL 181294 (Del.Ch.)

**(Cite as: 1993 WL 181294 (Del.Ch.))**

evidence that Loller was harmed by Foster's failure to consider the disciplinary record.

Similarly, it is apparent that Foster was misinformed when she stated that the pocket-knife would be considered a deadly or a dangerous weapon under the Delaware Criminal Code. However, Loller's counsel explained at the hearing that the instrument was not considered a dangerous weapon under Delaware law and the transcript of the hearing, along with a photocopied picture of the knife was supplied to the District Board. Furthermore, the Code of Conduct does not require that a weapon be considered a deadly weapon under Delaware law to be grounds for expulsion.

*3 Finally, the fact that Foster relied on previous District Board decisions as evidence of Board policy in recommending expulsion does not mean that she was biased. There is no evidence that Foster was predisposed to expel Loller prior to hearing the facts. Furthermore, the District Board was the ultimate decision-maker as to expulsion and could have chosen to disregard her recommendation had it believed that a lesser penalty was appropriate. Indeed, the split vote as to the length of Loller's expulsion belies Loller's contention that the Board merely rubber-stamped Foster's recommendation.

Errors may have been made during the disciplinary process. However, not all errors made during the course of that process necessarily rise to the level of violations of the Due Process Clause of the United States Constitution. *Wood v. Strickland,* 420 U.S. 308, 326 (1975). Even in criminal trials, where the standards of minimal due process reach their zenith, there is no entitlement to a perfect trial. As Justice Cardozo once observed: "Due process of law requires that the proceedings shall be fair, but fairness is a relative, not an absolute concept. It is fairness with reference to particular conditions or particular results." *Snyder v. Massachusetts,* 291 U.S. 97, 116 (1934).

"The system of public education that has evolved in this Nation relies necessarily upon the discretion and judgment of school administrators and school board members ...". *Wood v. Strickland,* 420 U.S.

at 326. This discretion cannot be effectively exercised if it is subjected to second-guessing by the courts--particularly when the courts are called upon to intervene before the schools' internal disciplinary processes have reached their conclusion. *See Levinson v. Delaware Compensation Rating Bureau, Inc.,* Del.Supr., 616 A.2d 1182 (1992) (law strongly disfavors judicial intervention before exhaustion of administrative remedies).

Therefore, the Court finds that Loller has not shown a reasonable likelihood that any errors made during the disciplinary process rise to the level of due process violations and, accordingly, he has not established a reasonable likelihood of success on the merits.

V

The Court also finds that Loller has not established that he will be irreparably harmed if the injunction is not issued. Defendants represented-- without contradiction from Loller--that if the Board's decision was reversed by appeal to the State Board or to the Superior Court, Loller would be entitled to extra tutoring to restore him to the level at which he would have been had he not been expelled.

VI

Based on the foregoing, Loller's application for a preliminary injunction is denied.

IT IS SO ORDERED.

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.