Westlaw.

Not Reported in A.2d                                                                                          Page 1

Not Reported in A.2d, 2001 WL 1628325 (Del.Super.)

(Cite as: 2001 WL 1628325 (Del.Super.))

C
Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Superior Court of Delaware.
R.T.
v.
SUSSEX VOCATIONAL TECHNICAL SCHOOL DISTRICT BOARD OF EDUCATION
No. CIV.A. 00A-04-001.

Submitted: June 25, 2001.
Decided: Sept. 26, 2001.
John F. Brady, Esquire, Georgetown.

David H. Williams, Esquire, Morris, James, Hitchens & Williams LLP, Wilmington.

GRAVES, J.

*1 Dear Counsel:

Pending before the Court is an appeal from a decision of the State Board of Education ("State Board") affirming the decision of the Sussex County Vocational-Technical School District Board of Education ("Local Board") expelling appellant R.T. from school for 180 days on the grounds that he possessed a dangerous instrument in violation of the Sussex County Vocational-Technical School District Handbook ("School Handbook"). The decisions of the State and Local Boards are affirmed for the reasons stated below.

SUMMARY OF PROCEDURAL POSTURE
On September 3, 1999, Les Humphrey, an automotive trade teacher at Sussex Technical High School, reported R.T., a student of the same institution, to the assistant principal's office for intentionally lighting a flammable substance during class and within range of other students. The school principal, Carole Williamson, recommended expulsion and a hearing was held before hearing officer Patrick E. Savini, Ed. D. on September 21, 1999. On October 5, 1999, Dr. Savini filed his findings with the Local Board. He concluded that R.T. was in possession of a "dangerous instrument" as defined by the School Handbook and recommended the expulsion of R.T. for 180 days. The Local Board unanimously upheld Dr. Savini's recommendation at its October 11, 1999, meeting.

R.T. appealed that decision to the State Board. A hearing officer considered the matter and submitted a proposed order dated February 17, 2000, wherein he recommended that the Sussex Board's decision be affirmed as supported by substantial evidence and free of legal error. The State Board accepted and adopted the proposed order as its Decision and Final Order, affirming the decision of the Local Board by order on March 8, 2000.

R.T. appealed that decision to this Court, and the parties have submitted briefing on the issues.

FACTS
At the hearing on September 21, 1999, both the Sussex Technical School Administration ("the Administration") and R.T. offered witnesses and evidence. The evidence presented at that hearing is summarized below.

On September 3, 1999, R.T. was in Mr. Humphrey's "shop" class. Approximately ten to fifteen minutes before the end of the period, R.T. picked up a can of gum cutter, a type of carburetor cleaner, and sprayed it at a lit lighter he held, producing a sizeable flame. R.T. described the incident in a written statement the day of the incident,

I was standing in auto/diesel talking to Jon and Joey and Joey dared me to take my liter [sic] and spray the gum cutter, so I grabed [sic] the gum

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                        Page 2
Not Reported in A.2d, 2001 WL 1628325 (Del.Super.)
**(Cite as: 2001 WL 1628325 (Del.Super.))**

cutter and made sure no one was around to get burned and then I lit it. The flame lasted all of 2 sec.

On cross-examination during the hearing before Dr. Savini, R.T. admitted that he knew, based on past experience, that lighting the carburetor cleaner with his lighter would produce a flame and that this flame could burn someone.

Testimony varied as to how close the nearest students were to the flame. Mr. Humphrey testified that he believed there to be at least one student within a couple of feet of R.T. Joe Cathcart, a student who was present at the time, testified he was "four feet or so" from the flame. R.T. testified that the closest person stood ten feet away from him. In any event, there was also testimony that the can would explode if the flame was sucked inward. The Administration introduced a can of carburetor cleaner into evidence which was admitted over objection. [FN1] R.T. argued the episode was only a "prank" and, as such, the seriousness of the incident was more consistent with a finding of disorderly conduct than a finding of possession of a dangerous instrument.

> FN1. R.T.'s counsel objected to the admission of the can since it was not the actual can of carburetor cleaner used in the incident.

\*2 The pertinent factual findings made by Dr. Savini follow:
• A dangerous instrument is defined by School Policy as "any instrument, article or substance which, under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing death or serious physical injury."
• R.T. did violate school policy regarding a dangerous instrument by intentionally igniting the spray from a can of carburetor cleaner on school property on September 3, 1999, causing a flame that was readily capable of causing serious physical injury.
• Igniting the fluid not only placed other students in jeopardy of suffering serious physical injury

but also placed R.T. in the same jeopardy, since the flame could have caused the can to explode.
• Joe Cathcart, one student (among others) who was standing nearby when the incident occurred, testified that while he was not threatened, he did jump back in fear.
• R.T. knew that the end result of igniting the spray would be a flame, since he testified to having done it plenty of times before.
• R.T.'s written statement on September 3, 1999 acknowledged that ignited carburetor cleaner spray has the capability of burning another person.
• Whether R.T. was charged under the State Criminal Code is immaterial to the case at hand.

Dr. Savini's findings were presented to the Local Board, which unanimously adopted the hearing officer's recommendation. The meeting minutes reflect that the members "confirmed that they had reviewed the records including the transcripts of the hearings conducted by Dr. Savini."

R.T. appealed his expulsion to the State Board. A hearing officer conducted a record hearing pursuant to 14 *Del. C.* § 1058 and the State Board's hearing regulations. Subsequently, the hearing officer filed a proposed order on February 17, 2000, recommending that R.T.'s expulsion be upheld. On March 8, 2000, the proposed order was accepted and adopted as the Decision and Final Order of the State Board of Education. The case comes now before the Superior Court on appeal from this Final Order.

R.T. raises two arguments on appeal:
1. Did the Local Board commit reversible error by not reviewing all of the exhibits of the hearing before the hearing officer?
2. Were the facts insufficient to support the finding by the hearing officer that the gum cutter was a dangerous instrument?

DISCUSSION
This appeal was brought pursuant to 29 *Del. C.* § 10142. The function of this Court is to determine whether the decision below is supported by substantial evidence. 29 *Del. C.* § 10142(d).

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                                Page 3
Not Reported in A.2d, 2001 WL 1628325 (Del.Super.)
**(Cite as: 2001 WL 1628325 (Del.Super.))**

"Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Tulou v. Raytheon Serv. Co.,* Del.Super., 659 A.2d 796, 802 (1995). If such evidence exists and there were no errors of law, then the Court must affirm the decision below. *Mooney v. Benson Mgt. Co.,* Del.Super. 451 A.2d 839 (1982), *rev'd on other grounds,* Del.Supr., 466 A.2d 1209 (1983).

\*3 R.T. first argues that the Local Board committed reversible error because the record does not indicate that the exhibits introduced at the hearing before Dr. Savini were reviewed by the Local Board. In support of his contention that this omission constitutes reversible error, R.T. cites *Jones v. Board of Education,* Del.Super., C.A. No. 93A-06-003, Graves, J. (Jan. 19, 1994) (Mem.Op.). In response, Appellee argues that the principle of waiver is dispositive. Pursuant to the principle of waiver, "issues and arguments not raised to an administrative agency cannot be considered by a reviewing court." *The Down Under, Ltd. v. Delaware Alcoholic Beverage Control Comm'n,* Del.Super., 576 A.2d 675, 677-78 (1989). I find that R.T. did preserve this issue for appeal by arguing it before the hearing officer assigned to the case by the State Board on December 15, 1999, and by taking exception to the hearing officer's findings in R.T.'s letter dated March 6, 2000.

In *Jones,* this Court held that the Board of Education erred in not reviewing all the exhibits presented at the underlying hearing before reaching its decision to follow the hearing officer's recommendation. *Jones* at 8. In reaching this conclusion, the Court noted that several members of the Board explicitly expressed an interest in reviewing the missing exhibits, yet the Board meeting was not recessed to allow for the retrieval of the exhibits. Under the facts presented in the case at bar, the Local Board minutes state that its members "confirmed that they had reviewed the records including the transcripts of the hearings conducted by Dr. Savini." The lack of an affirmative declaration that the exhibits were reviewed is not required. By definition, the "record" includes "all notices, correspondence between the agency and the parties, all exhibits, documents and testimony admitted into evidence and all recommended orders, summaries of evidence and findings and all interlocutory and final orders of the agency." 29 *Del. C.* § 10127. The Local Board is presumed to understand what a review of the record entails and, absent any affirmative indication to the contrary, this Court is comfortable presuming that the Local Board did indeed review the entire record in this case. *See Swiger v. Board of Educ.,* Del.Super., C.A. No. 93A-06-003, Lee, J. (Feb. 5, 1999) (Mem.Op.) (reaffirming the presumption that public officials discharge their duties as required and in accordance with the law). With no evidence before it to contradict the general deference given to the Local Board's procedures, the Court concludes that R.T.'s claim is without merit.

R.T. also argues that the evidence is insufficient to sustain Dr. Savini's finding that the gum cutter used in this incident was a "dangerous instrument," as defined by the School Handbook. The Court rejects this claim. R.T. argues the fact that he was never specifically warned about the dangers of igniting the gas taken together with his assertion that the person closest to him was ten feet away prevents one from concluding that the gum cutter was a dangerous instrument. However, sufficient evidence was presented to the hearing officer to justify his conclusion that the use of the gum cutter under the circumstances warranted the treatment of the gum cutter as a dangerous instrument. R.T., himself, acknowledged during cross examination that he knew that if he lit the gas with his lighter it would produce a flame. Hr'g Tr. at 59. Furthermore, R.T. admitted that he did not need anyone to tell him that lighting the gas would produce a flame, he knew as much from his experience. *Id.* A dangerous instrument may also be something which is capable of causing death or serious physical injury to the person who uses the instrument, as was the case here. Therefore, this Court concludes that the hearing officer's findings were supported by substantial evidence on the record before the agency.

\*4 Based on the foregoing, no argument has been presented to warrant a reversal of the Local Board's decision to expel R.T. for 180 days. The Appeal is

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d

Not Reported in A.2d, 2001 WL 1628325 (Del.Super.)

**(Cite as: 2001 WL 1628325 (Del.Super.))**

Page 4

therefore denied.

IT IS SO ORDERED.

Not Reported in A.2d, 2001 WL 1628325 (Del.Super.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.