

Drew Educational Support Center    600 N. Lombard Street    FAX: (302) 429-4109
                                   Wilmington, DE 19801    TDD Relay Service: (800) 232-5470
                                   (302) 552-2636          e-mail: sundstromd@christina.k12.de.us

April 20, 2005

Sarah W███
███████████
███████████

Dear Mrs. W███:

This is to confirm our telephone discussion this morning, in which you informed me that your son R███ has not yet taken advantage of the transportation option I had arranged so that he could attend the Kirk Middle School Alternative Placement under the supervision of Kirk's principal, Mr. Donald Patton. By allowing R███ to attend Kirk's program in lieu of the Compass School, to which he had been assigned, the District made an exception for your son. This arrangement was proffered as a good faith effort to provide him with the education you have been denying him for a period of months, due to your insistence that he be returned to the Shue-Medill Middle School.

I was disturbed this morning to learn that you have refused both the transportation and the placement, as this indicates that your son continues to languish at home without receiving any educational services whatsoever.

As we have repeatedly explained, because of your son's plea in the criminal matter arising from his conduct at the Shue-Medill Middle School (which you yourself signed, along with your son), he will not be returned to that school until he has successfully completed the alternative placement.

I would also like to remind you that at the Board of Education meeting on April 12th, 2005, you indicated to Dr. Freeman Williams, Board President Brenda Phillips, and me that the only reason you had elected to reject the Kirk Middle School placement months ago was because you had been told that the District would not provide Reginald transportation to and from Kirk Middle School.

On the morning of April 13th, I confirmed with the principal of Kirk Middle School that he would still accept the placement of R███ at this late date, and I then immediately arranged with our Director of Transportation for transportation for R███ to promptly begin.

B111



Joseph Wise, Superintendent

The Christina School District is an equal opportunity employer and does not discriminate or deny services on the basis of race, color, religion, national origin, gender, disability or age.

However, each day since the bus began arriving to pick up R█████ you have refused the service. In addition, you left a message with my office stating that you didn't know why we'd waste taxpayer money sending a bus, because you hadn't yet made up your mind to accept the placement.

Frankly, Ms. W█████, at this point I am at a loss about how to respond. The bus transportation issue has been resolved, and we strongly suggest that R█████ immediately begin attending the program at Kirk Middle School so that he can fulfill his alternative placement obligation.

Please discuss this matter with your counselor. If you'd like to meet with Dr. Williams or me, do not hesitate to call. In the interim, we are obligated to refer this matter to the courts as a result of R█████ persistent truancy and your complicity in that truancy. Each day he remains out of school is a day he falls further behind.

Sincerely,

David Sundstrom
Assistant Superintendent/Chief of Staff

cc: Mr. Jea Street

DMS:jsg

B112

The Christina School District is an equal opportunity employer and does not discriminate or deny services on the basis of race, color, religion, national origin, gender, disability or age.



STATE OF      DELAWARE

### STATE BOARD OF EDUCATION
THE TOWNSEND BUILDING
401 FEDERAL STREET SUITE 2
DOVER, DELAWARE 19901



April 28, 2005



Ms. Sarah W█████

Dr. Joseph Wise, Superintendent
Christina School District
Drew Educational Support Center
600 N. Lombard Street
Wilmington, DE 19801

Dear Ms. W█████ and Dr. Wise:

    Pursuant to the authority of 14 *Del. C.* Section 104, you are hereby given notice that the State Board of Education has scheduled oral argument on May 19, 2005 at 10:00 a.m., in the Cabinet Room located at the Department of Education, Townsend Building, 401 Federal Street, Dover, DE 19901 on the legal issue of whether the State Board of Education has jurisdiction to review the assignment of J.W. to an alternative school/program by the Christina School District.

    Written briefs or position papers are to be submitted to the State Board of Education by May 13, 2005. All correspondence and other documents should be sent care of the State Board of Education at the Department of Education, Townsend Building, and 401 Federal Street, Suite 2, Dover, DE 19901. Correspondence and other documents must also be sent to the other party. Oral argument will be limited to 15 minutes per side with 5 additional minutes for rebuttal. *State Board of Education Hearing Procedures and Rules* 4.7.4.2. The State Board will *not* accept new testimony or evidence during oral argument. Please make every effort to focus your comments, both written and oral, on the question at hand, i.e., whether the State Board has jurisdiction to review a district's decisions to assign students to alternative programs. The State Board of Education reserves the right to "exclude plainly irrelevant, immaterial, insubstantial, cumulative, and privileged evidence." 29 *Del. C.* Section 10125. The State Board of Education also reserves the right to "limit or restrict argument that is irrelevant, insubstantial or unduly repetitive." *State Board of Education Hearing Procedures and Rules* 4.7.4.5.

    Please be advised that the Board will reach its decision in this matter based on the written submissions and the oral arguments presented. You are further advised that you have the following rights in this matter:

B113

1. You have the right to present argument, to be represented by counsel and to appear personally or by other representative.

2. A record (stenographic or tape recording) of the hearing shall be made.

3. The Board must reach its decision based upon the written submissions and oral arguments. If you elect not to attend, the hearing will proceed without you, and the Board will make its decision based upon the arguments presented at the hearing.

I assume that both parties have copies of the State Board's "Hearing Procedures and Rules." The Rules are also available on the Department of Education's website, but please call the State Board office in Dover if you need another copy—302-739-4603.

Very truly yours,

*Joseph A Pika*

Joseph A. Pika, Ph.D.
President
State Board of Education

cc: Mr. Jea Street
Jennifer L. Brierley, Esquire

Adult Complaint and Summons/Warrant
In the Justice of the Peace Court
In and for the
State of Delaware

State of Delaware vs. SARAH M. W~~~~~~

I, KAY D HAUBOIS of NEWARK, DE 197110000, do hereby state under oath or affirmation, to the best of my knowledge, information and belief that the above-named accused violated the laws of the State of Delaware by committing criminal acts in **New Castle** county on or about the date, or dates, and at or about the location, or locations, as indicated in Exhibit A hereto attached and made a part hereof.

Wherefore, your affiant prays that the above-named accused may be forthwith approached and held to answer this complaint consisting of **1** charge, and to be further dealt with as the law directs.

X _____
Affiant

Sworn to and subscribed to before me this 26th day of April AD, 2005.

_____
Judge/Commissioner/Court Official

(To be completed by the Judge/Commissioner/Court Official)

A. _____ The crime was committed by a child.
B. _____ A misdemeanor was committed against a child.
C. _____ A misdemeanor was committed by one family member against another family member.
D. _____ Other: Explain

### Summons

Whereas, the foregoing complaint consisting of **1** charge, having been made, as listed in Exhibit A which is attached hereto and incorporated herein, and having determined that said complaint has been properly sworn to and having found that there exists probable cause for the issuance of process, based upon the affidavit of probable cause which is attached hereto and incorporated herein as Exhibit B, **SARAH M. W~~~~~~** is hereby summoned to appear in **Justice of the Peace Court 10 of New Castle** county located at **210 Greenbank Rd in Wilmington, DE 19808**.

Scheduled for ARRAIGNMENT on **06/27/2005** at **1900** 7pm

GIVEN UNDER MY HAND, this 26th day of April AD, 2005.

_____
Judge/Commissioner/Court Official

B115

Case Number: 05 04 020300       Warrant Number: K0 05 003748
Executed on _____ by _____

MAY 1 2 2005
CHIEF OF STAFF
OFFICE

Juvenile Complaint and Summons/Warrant
# In the Justice of the Peace Court
In and for the
# State of Delaware

State of Delaware vs. R▇▇▇▇▇ W▇▇▇▇▇S

I, KAY HAUBOIS of NEWARK, DE 197110000, do hereby state under oath or affirmation, to the best of my knowledge, information and belief that the above-named accused violated the laws of the State of Delaware by committing criminal acts in **New Castle** county on or about the date, or dates, and at or about the location, or locations, as indicated in Exhibit A hereto attached and made a part hereof.

Wherefore, your affiant prays that the above-named accused may be forthwith approached and held to answer this complaint consisting of 1 charge, and to be further dealt with as the law directs.

X _____
                              Affiant

Sworn to and subscribed to before me this 26th day of April AD, 2005.

_____
Judge/Commissioner/Court Official

(To be completed by the Judge/Commissioner/Court Official)

| | | |
|---|---|---|
| A. _____ | The crime was committed by a child. | |
| B. _____ | A misdemeanor was committed against a child. | |
| C. _____ | A misdemeanor was committed by one family member against another family member. | |
| D. _____ | Other: Explain | |

## Summons

Whereas, the foregoing complaint consisting of 1 charge, having been made, as listed in Exhibit A which is attached hereto and incorporated herein, and having determined that said complaint has been properly sworn to and having found that there exists probable cause for the issuance of process, based upon the affidavit of probable cause which is attached hereto and incorporated herein as Exhibit B, R▇▇▇▇▇ ▇ W▇▇▇▇▇ is hereby summoned to appear in **Justice of the Peace Court 10 of New Castle** county located at **2 10 Greenbank Rd in Wilmington, DE 19808**.

Scheduled for ARRAIGNMENT on 06/27/2005 at 1900 7pm

GIVEN UNDER MY HAND, this 26th day of April AD, 2005.

_____
Judge/Commissioner/Court Official

B116

Case Number: 05 04 020286       Warrant Number: K0 05 003747
Executed on _____ by _____

# Hilltop Lutheran Neighborhood Center, Inc.

1018 WEST SIXTH STREET   WILMINGTON, DELAWARE 19805
(302) 656-3224
FACSIMILE: (302) 656-3130

May 13, 2005

Via Hand Delivery

Dr. Joseph Pika, President
State Board of Education
The Townsend Building
401 Federal Street/Suite 2
Dover, Delaware 19901

    RE: **Written response on behalf of R. W▆▆▆ vs Christina School District**

Dear Dr. Pika,

    I have enclosed the written position and relevant information on behalf of Mrs. Sarah W▆▆▆ for her son R. W▆▆▆ as required in your April 28, 2005 letter to her and Dr. Joseph Wise.

    I thank you for your consideration.

Sincerely,

Vea P. Street
Executive Director

Pc: Jennifer L. Brierley, Esquire, Via Hand Delivery
    State Board of Education, By U.S. Mail - Without Attachments
    Mrs. Sarah W▆▆▆

### Written Argument on Behalf of R. W▓▓▓
### R. ▓▓▓▓ Vs Christina School District

The State Board has the legal authority and responsibility to take jurisdiction and to reverse the decision of the Christina District based upon:

1. Title 14 – 104: State Board of Education composition, term, powers and duties, qualifications, vacancies, staggered appointments, office location, and compensation.

    Section 7: <u>Decide on all</u> controversies involving rules and regulations of local boards of Education pursuant to 1058 of this title (emphasis added).

2. Title 14, Section 1604 – 610/611: "All students who are expelled by a local District or are in danger of being expelled shall be placed.

    The expulsion by inference in 1604 prior to placement into an alternative program requires a hearing.

3. Title 14: 1058 controversies concerning rules and regulation for the School Board. The State Board <u>shall overturn the decision of a local Board</u> only if it decides after considering the advice of the secretary and the Departments Counsel, that the local Boards decision was contrary to a specific State or Federal law or regulation. (Emphasis added)

In this case the state Board has jurisdiction because of Federal law and its responsibility to enforce Federal law. Therefore, the State Board cannot ignore the violations of <u>Federal regulations</u> as set forth in existing case law, which include but are not limited to:

1. Goss V Lopez, 419 U.S. 565, (1975).-Requires formal hearing for removal of school for more than ten (10) days.

2. Dixon v Alabama State Board of Education, 294 F2d 150 (5th cir), cert <u>den. 368 US 930 (1961)</u>-Requires time, date and place for the hearing and the formal right to have a hearing.

3. <u>DeJesus V Penberthy, 344 F Supp 70 (D Conn 1972)</u>-Establishes the right to have witness and to cross-examine opposing witnesses.

4. Gonzalez V McEuen, 435 F Supp 4co (D.C. <u>call 1977</u>).-Requires that the hearing is held by and the matter is decided by impartial decision-


B118

makers who have not participated in bringing or investigating the charges.

### R. W▮▮▮ Vs Christina School District

R. W▮▮▮ was suspended from the Christina School District on November 8, 2004 for an alleged assault on another student. The available information in this matter shows that the Christina District convened a District level meeting on December 13, 2004 to address this allegation. Therefore, there is no question that the mandate of Goss v Lopez requiring formal due process procedures was violated. This clear violation requires the State Board to take jurisdiction and overturn the decision of the Christina School District. The fact is, R. W▮▮▮ was suspended out of school for <u>at least 18 days before the District even held the District level meeting</u> (see attached November 8, 2004 suspension notice, November 19, 2005 extension of suspension notice and the December 2, 2004 building level conference summary). The eighteen days without a formal hearing as required by Goss, Dixon; Smith v Miller, Coalition v Portland and DeJesus v Pentberhy are reasons alone why the State Board has jurisdiction and must take this matter up as required under Title 14, 1058.

The <u>absence of a verbatim record</u> of the so-called December 13, 2004 hearing alone is also reason for the State Board to take jurisdiction under Title 14, 1058

Consistent with State regulation for deciding controversies before local Boards of Education January 20, 1977, L (d) II a. The state Board has jurisdiction to reverse the decision of the administrator who made the decision in the absence of the Superintendent and most importantly the Christina Board.

The Christina Board through its President was asked to intervene in this case on February 7, 2005 (copy attached). The Board failed to act or so much as respond to the letter. The failure of the Board to act or respond is reason alone for the State Board to take jurisdiction and reverse the decision of the Christina administrator who was allowed to <u>act alone</u> and be the final word of the District. The District cannot delegate its legal authority to a "Lone Administrator".

This is not the first time the District has been asked to stop its administrator from acting alone and stop the violations of Procedural Due Process. The fact is the Board through its President was asked to stop the administrator from acting alone on October


B119

19, 2004. (See the attached October 19, 2005 letter to the Board President, students name, parents names redacted). Consistent with the District's "new practices" the Board refused to respond to the letter and the specific request for a meeting.

Regrettably, the State Board cannot be held harmless in this case. The fact is, the State Board must concern itself with time in matters of this nature. "Justice delayed is justice denied". The State Board was given this matter on appeal on March 1, 2005 (copy attached). The State Board as required by its own procedures failed to address the matter at its March meeting nor did it have its Council or the Secretary address this matter. Worse, on April 21, 2005, the State Board President stated, "What's another thirty days". The State Boards failure to follow its own procedures as set forth in its Procedures Manual is outrageous. Specifically, section 3.2.4. states (copy attached): Upon receipt of an adequately detailed petition for hearing, the Executive Secretary shall place the matter on the agenda of the <u>next State Board meeting</u> (emphasis added). At the next meeting, the State Board will either assign the matter to a hearing officer or determine a hearing date for the matter. The parties shall be given at least twenty (20) days notice of the hearing date.

On April 21, 2005, the State Board concerned itself with the view that they had not dealt with a matter regarding placement in an alternative program before. The fact, that the State Board has not had to deal with a matter such as this before is of no moment. The State Board clearly has the responsibility to resolve disputes with local Boards. Further, it should have occurred to the State Board that it has not had to address matters like this before because no other District is modern history has had the unmitigated gull to delegate its authority to a "Lone Administrator". Further, no other District has had the gull to remove children from the regular school setting for more than ten days without a formal due process hearing. The Christina District's conduct is outrageously illegal and the <u>absence of a record should make the State Board</u> fully understand that it has both the jurisdiction and responsibility to reverse the conduct of the 'Lone Administrator" as set forth in Title 14, Section 1058.

The District continues through its "Lone Administrator" to violate or propose to violate State law. See the April 20, 2005 letter (copy attached) from Mr. David Sundstrum to Mrs. Sarah W[redacted] In the letter he attempts to compel to Mrs. W[redacted]s


B120

to send her son to Kirk School under duress. He supposedly had made transportation arrangements to Kirk for her son. However, the so-called transportation was on a handicapped bus with handicapped children. This would mislabel her son and the so-called transportation would be illegal under special education and transportation requirements. Further, in obvious preparation for the April 21, 2005, State Board review, the "Lone Administrator," now threatens to "refer this matter to the Courts as a result of "R's" persistent truancy and your complicity in that truancy". This threatened prosecution would be the epitome of both malicious and selective prosecution and if brought forward would be dealt with as such. The State Board has jurisdiction to stop the District from engaging in this illegal conduct under Title 14, section 1058.

The State Board in its deliberations cannot ignore information that it has available. The fact is the State Board has before it a case from Christina where the practice of having an expulsion hearing prior to a proposed placement in an alternative program was in fact done (see the attached excerpt from the April 21 State Board agenda VIII appeal and reviews, item K 2005-04). The practice began subsequent to this case so the District knows full well that it's actions in this case were wrong. The fact that the Christina District changed the practice subsequent to this appeal and did not reverse the decision of the "Lone Administrator" in this case makes the District's conduct even worse and warrants that the State Board take jurisdiction and reverse the decision of the "Lone Administrator".

The State Board should consider the fact that the District has gone so far as to communicate its illegal practice in the public press. (See the attached February 11, 2005, Newark Post article). The article is replete with the "Lone Administrator," acting in isolation. Assuredly, the "Lone Administrator" cannot be an impartial hearing officer.

The Lone Administrator allowed and indeed violated the Districts own policies. According to the February 1, 2005 letter (copy attached) from Mr. Sundstrum to Jea P. Street, Mr. Sundstrum maintains in paragraph three of the letter that <u>The District-level hearing was held on December 13, 2004</u>. The clear absence of a record from the so-called hearing should make the State Board know full well there was no formal hearing as required and the State Board should take jurisdiction and reverse the decision of the "Lone Administrator" accordingly.

B121

The lead administrator at the so-called December 13, 2004 hearing opened what was actually a meeting with "this is a step II hearing". Mr. Street objected and his objection was of no moment to the leader of the meeting (see the attached step I, step II and step III procedures). Even if it the meeting was a hearing, it would have been untimely in violation of Goss and in violation of Gonzalez, since a building administrator was one of the three administrators at the meeting making the decision and that administrator was one of the people involved in the removal of the student from school. Due to the violations of Federal case law and the Districts own policy, the State Board should take jurisdiction and reverse the decision of the "Lone Administrator".

The District through the "Lone Administrators" February 1, 2005 letter maintains that the student was not expelled. That does not comport with page 2 of the attached December 17, 2004 referral form to the compass program. In the absence of a record, the State Board should take jurisdiction on the basis of the information available that includes this referral form that clearly states **student expelled/X yes**. The marked form clearly shows expulsion which is a violation of everything, referenced in this document.

It is our view that the State Board acted and made an improper determination on April 21, 2005 when it limited this argument to whether or not the State Board has jurisdiction to review the assignment of R. W▇▇▇ to an alternative school/program by the Christina School District. We believe that the State Board is obligated to make a determination on procedural due process in this case and reverse the decision of the "Lone Administrator" on May 19, 2005 accordingly.

We realize that the State Board may not honor this request although we contend that it is appropriate especially when the delay factor is included in this case. Therefore, we are herein obligated to fully respond to the specific argument requested by the State Board. Accordingly, it is our position that the decision to place R. Williams in an Alternative Program is a violation of State regulations. Specifically, Title 14 Administrative Code of Regulations, Section 5.0 states ("copy of except attached") "each District shall establish an Alternative Placement Team to review each case and prescribe the appropriate placement for each student. The Placement Team, in concert with the Alternative Program staff, shall design an Individual Service Plan (ISP) for each student that will include educational goals, behavioral goals and services needed by both the

B122

student and his/her family". In this case the written documentation is devoid of a scintilla of a reference of an Individual Service Plan. Therefore, the State Board has jurisdiction under Title 14-1058 in this case because the required ISP was not done or even attempted. Further, the February 7, 2005 letter to Mrs. Phillips protesting the inappropriateness of the compass program for R. W▆▆▆ and other children was ignored. Section 1.0 of the Administrative Code of Regulations was also violated because R. Williams was never charged with 613 (assault in the first degree) or any other violation included in "population to be served". Therefore, he <u>did not qualify for the Alternative Program</u> that the District attempted to impose without a hearing. Accordingly, the State Board has jurisdiction because of the violation of sections 1.0 and 5.0 of the Administrative Code of Regulations.

In addition to the violations of the Administrative Code, the Christina District also violated it's own Student Code under assignment to Alternative Programs (excerpt attached). The code states "assigned to alternative programs of a student <u>with appropriate consideration of due process</u>"(emphasis added). In this case it is well established that due process was not followed. The absence of a formal record makes that clear. Under section B the code states that: Following the conference the student and the student's parents/guardians shall be given written notice of:

1. The circumstances, which led to the placement.
2. How the special program is designed to meet the students needs. And:
3. The conditions, which must be met in order for the student to return to the regular school program.

The record (or lack thereof) is devoid of a scintilla of a reference as to "how the special program is designed to meet R. Williams needs nor does anything proposed by the District state the condition which must be met in order for R. W▆▆▆ to return to the regular school. (See the attached diagnosis check list from the compass program, which is devoid of an ISP, how the program is designed to meet R. W▆▆▆ needs and the conditions for returning to the regular school). The obvious violation of the Christina Districts Student Code of Conduct is reason alone for the State Board to take jurisdiction in this case and reverse the decision of the "Lone Administrator".

B123



Sarah W█████

June 1, 2005

Dr. Joseph Wise
6th Lombard Street
Wilm. De 19801

Re: R████ W████
    State Test/ Summer School

Dear Dr. Wise,

    As of May 31, 2005 Patricia O'Neal is now representing us. Mr. Jea Street is no longer our advocate. Please direct all questions or answers about state test and summer school to Mrs. O'Neal. She can be reached at 114 West Front Street, Media Pennsylvania 19063, 610 - 891 - 6668.

Respectfully,

Sarah W█████

cc: David Sunstrom
    Maurice Pritchett

B124