

STATE OF DELAWARE

**STATE BOARD OF EDUCATION**
THE TOWNSEND BUILDING
P.O. BOX 1402
DOVER, DELAWARE 19903

RECEIVED
JUN 28 2005
STUDENT SERVICES

June 17, 2005

*Certified Mail – Return Receipt Requested*

Ms. Sarah W█████
█████████
█████████

David H. Williams, Esquire
Morris, James, Hitchens & Williams
P.O. Box 2306
Wilmington, DE 19899

Dear Ms. W███ and Mr. Williams:

**Re: R.W. and the Christina School District**

Enclosed please find a copy of the signed Decision and Order of the State Board of Education of June 16, 2005, and the transcript of the May 19, 2005, oral argument in regard to the above appeal.

Pursuant to Title 29, <u>Delaware Code</u>, Section 10142, an appeal of the Decision must be filed within thirty (30) days from the date this Decision is mailed.

If you have any questions, please call.

Very truly yours,

Craig R. Fitzgerald
Deputy Attorney General

CRF:dm
Enclosure

cc: Dr. Joseph Wise, Superintendent
Christina School District

B125

STATE BOARD OF EDUCATION
OF THE STATE OF DELAWARE

| | |
|---|---|
| R.W. | ) <br> ) <br> ) <br> ) <br> ) |
| v. | )    2005 <br> ) |
| CHRISTINA SCHOOL DISTRICT | ) <br> ) <br> ) <br> ) |

## DECISION AND ORDER

On November 8, 2004, the Christina School District suspended R.W. ("Student") for an alleged assault, an act which would be in violation of the District's *Student Code of Conduct*. (Student's Position Paper, hereinafter "SP," at 2). Until his removal, Student was in the 8th grade at Shue-Medill Middle School. (SP-2, Attachment VI). Student has asked that the State Board of Education to hear the issue of his removal from Shue-Medill School and assignment to an alternative school by letter dated March 1, 2005. (SP, Attachment 6A). On April 21, 2005, the State Board of Education voted to hear the issue of whether it had jurisdiction to hear Student's appeal. (SP-3). Written notice dated April 28, 2005 was sent to the parties informing them that the State Board of Education would decide whether it had legal jurisdiction based on written submissions from the parties and oral argument. (SP, Attachment 10A). Oral argument was heard on May 19, 2005, on the legal issue of whether the State Board of Education has jurisdiction to review the assignment of R.W. to an alternative school program by the Christina School District. (Transcript of Oral Argument before State Board of Education, hereinafter, "T" at 3).

B126

1

I.  SUMMARY OF ARGUMENTS.

   *A.   Written Submissions*

Mr. Jea P. Street submitted a six page position paper on behalf of Student on May 13, 2005 with attachments.[1] The Christiana School District submitted a position paper on May 13, 2005 with no attachments.[2]

   *B.   Oral Argument*

Oral Argument was held on the jurisdictional issue on May 19, 2005, in the Cabinet Room of the John P. Townsend building in Dover, Delaware. (T-1, T-67). Ms. W▬ elected to have Mr. Jea P. Street present argument on behalf of R.W. (T-2). Mr. Street presented a 15 minute oral argument which was followed by a rebuttal period. (T-12-22, T-27-30). The Christina School District was represented by David Williams, Esq. of Morris, James, Hitchens & Williams. (T-1). Mr. Williams presented 15 minutes of oral argument which was also followed by rebuttal. (T-22-26, T-30-31). Members of the State Board of Education then asked questions of the representatives of both sides. (T-31-63).

   *C. Student's Arguments*

Student claims that federal law was not upheld during his period of suspension. (T-14, 20, SP-1). Student claims that he was suspended in November 2004 and not given a hearing until December the 13, 2004. (T-14, SP-2). Student claims that he was

---

[1] The written position paper submitted on behalf of Student contained attachments numbered I-XV and 1A-14A. These attachments were referred to by both parties during oral argument.
[2] Mr. David Williams, Esq. of Morris, James, Hitchens and Williams, submitted a position paper on behalf of the Christina School District. In the position paper, Mr. Williams purported to be submitting his position paper also on behalf of the Delaware School Board Association. This appeal was taken against the Christina School District and leave was not granted to the Delaware School Boards Association to participate in this appeal by the State Board.

B127

2

suspended longer than ten days and that the suspension violated his rights pursuant to *Goss v. Lopez*, 419 U.S. 565 (1975); *Dixon v. Alabama State Board of Education*, 294 F.2d 150 (5th Cir. ); and *DeJesus v. Penberty*, 344 F.Supp. 70 (D.Conn. 1972). (T- 14, SP 1-6). Student contends that this violation of the ten-day window alone gives jurisdiction to the State Board of Education pursuant to 14 *Del. C.* § 1058. (T-14, SP-2). Student claims that 14 *Del. C.* § 1058 is crystal clear – if there is a violation of federal or state law the State Board has jurisdiction to hear and decide the issue. (T- 14-15, 18, SP-1).

Student claims that action was taken by the Christina School Board of Education that can be reviewed by the State Board of Education pursuant to 14 *Del. C.* § 1058. (T-15, 17). Student claims that because letters to the President of the Christina School District Board of Education were ignored, this non-response was tantamount to local board action. (T-15, SP-2). Student further claims that the non-response to a January 4, 2005 letter from Mr. Street, the non response to a February 7. 2005 letter from Mr. Street, and the non-response to Ms. W▬ "direct appeal" before the local board should also be considered local board action. (T-17, SP-2,). Student claims that the action was in fact appealed to the district board, and that no action was taken. (T-17, 33, SP-2). In essence, Student claims that the failure of the local board to hear his matter and the non-responses to correspondence written on his behalf amounts to action by the Christina School District Board of Education such that the State Board has jurisdiction under 14 *Del. C.* § 1058. (T-33). Student has offered no legal authority to support this position.

Student also asserts that he was expelled by the Christina School Board of Education such that the State Board would have jurisdiction under 14 *Del. C.* § 1058. (T-18-19, SP-5). Student claims that a referral form to the alternative school had him

B128

3

marked as expelled and that this form was proof of expulsion by the Christina School District. (T-18-19, SP -5). Student contends that the Christina School District did not follow their own procedures for expulsion as outlined in the Step I & Step II hearing process in the *Student Code of Conduct*. (T-45-46, SP-Attachment XII)

Student claims that the State Board should take jurisdiction because regulations regarding alternative schools were violated.[3] (T-19-20, SP-5-6, Attachment XIV). Student claims that no individual service plan was developed for the child pursuant 14 *DE Admin. Code* 611. (T-19). Student claims that the State Board has jurisdiction because it is a violation of an administrative regulation. (T-19-20, SP-5-6).

Student claims that the State Board should have jurisdiction to review the decision of a "lone administrator" of the Christina School District. (T- 17-18, 20-21, SP 3-5). Student claims that the administrator made an arbitrary and capricious decision. (T-20-21). Student claims that the decision not to have a local board hearing was arbitrary and capricious. (T-21).

### D. District's Arguments

The District argues that the State Board is a "creature of the General Assembly" which has been granted broad powers under 14 *Del. C.* § 104. (T-22, District's Position Paper, hereinafter "DP," at 1). The District argued that 10 *Del. C.* § 104 refers to 14 *Del. C.* § 1058 in respect to its authority to determine controversies involving the rules and regulations of local boards of education. (T-22, DP-2). The District contends that State Board "jurisdiction is not triggered unless there is a decision of a local board." (T-31, DP-2). The District argued that whether there is a hearing afforded to a Student in front

---

[3] Student's Position Paper referenced Regulation 610 in Attachment XIV. Regulation 610 has been repealed in favor of 14 DE Admin. Code 611. (Department of Education Regulation 611).

B129

4

of the local board on a particular issue varies from one district to another. (T-23). The District also argues that there has been no decision by the local board in this matter and that a decision by the local board is a prerequisite to State Board jurisdiction. (T-23, T-33-34, DP-3). The District asserts that State Board has a carefully defined statutory jurisdiction and that the State Board does not have discretion as to exercise a broader scope of appellate jurisdiction (T-23).

Mr. Williams argued that the Christina District believed that they followed their own rules and regulations. (T-45). Mr. Williams argued that there are "hundreds of administrative determinations" made on placement decisions and "disciplinary matters short of expulsion" made in the district every day. (T-24). Mr. Williams further argued that these determinations are not entitled to review by the Christina School District Board of Education as spelled out in the *Student Code of Conduct*. (T-23). The District argued that the Student was not expelled and that the Student was suspended for 5 days, and that the suspension was extended for another 5 days. (T-25). The District argued that homebound instruction was provided to Student and that the homebound instruction should be considered an interim educational placement. (T-25). The District argued that *Goss v. Lopez* did not apply because Goss involved the deprivation of all educational services for more than 10 days. (T-30). The District argued that the student was not expelled due to the error in the referral form and that this error had been explained to Student. (T-25, T-38-39.

The District claims that there are other forums available to Student to address any of the constitutional claims that Student has promulgated, and that the State Board is not the correct forum to entertain this claims due to the restrictions placed on it by 14 *Del. C.*

B130

5

§1058. (T-35). The District argued that are many administrative decisions made every day at the district level and that the local school board would be in session full time in order to hear every appeal of an administrative decision made by District personnel (T-23). The District argued that the floodgates would open if every decision were subject to local board review and that there would be nowhere to draw the line (T- 23).

II. CONCLUSIONS OF LAW.

*A.  Standard and Scope of Review*

The legal issue of jurisdiction in this matter is a question of law. The State Board's rules provide that in appeals, the State Board will make an independent judgment with respect to questions of law. *State Board of Education Hearing Procedures and Rules*, Section 4.81. The legal issue of jurisdiction is a threshold issue. If the State Board of Education determines that it does not have jurisdiction over the matter, appellate review of factual determinations/legal disputes would not be undertaken by the State Board.

The State Board has indeed been created by an act of the General Assembly of the State of Delaware. 14 *Del. C.* § 104. The general powers of the State Board are delineated in 14 *Del. C.* § 104. The State Board of Education has been empowered by the General Assembly to "[d]ecide on all controversies involving rules and regulations of local boards of educations pursuant to § 1058 of this title." 14 *Del. C.* § 104 (b) (7). Thus, the State Board of Education's general powers to decide controversies involving the rules and regulations of local school boards are not absolute but are subject to the provisions of 14 *Del. C.* § 1058.

B131

B.  *Statutory Construction of 14 Del. C. § 1058.*

Chapter 10 of Title 14 of the *Delaware Code* is entitled "Reorganization of School Districts." Subchapter III of Chapter 10, "School Boards of Reorganized School Districts," contains 14 *Del. C.* § 1058, which is entitled "Controversies concerning rules and regulations of the school board." Specifically, 14 *Del. C.* Section 1058 provides:

> The school board of each reorganized school district shall decide on all controversies involving the rules and regulations of the school board. Any party to such controversy may appeal to the State Board of Education by setting forth such grievance in a petition which shall be served within 30 days after receiving notice of the decision upon the Secretary of Education. The State Board, shall by rules and regulations provide for adequate procedures for the hearing of any such petitions and shall decide the controversy. The State Board shall overturn the decision of a local school board only if it decides, after considering the advice of the Secretary, that the local board's decision was contrary to a specific state or federal law or regulation, was not supported by substantial evidence, or was arbitrary or capricious. The decision of the State Board shall be final.

14 *Del. C.* § 1058. [emphasis added]

The Supreme Court of the State of Delaware has provided guidance in interpreting statutory provisions of the General Assembly. The Delaware Supreme Court has stated, "[w]here the intent of the legislature is clearly reflected by unambiguous language in the statute, the language itself controls." *Spielberg v. State*, 558 A.2d 291, 293 (Del.Supr. 1989); See, *Ingram v. Thorpe*, 747 A.2d 545, 547 (Del.Supr. 2000); *Evans v. State*, 516 A.2d 477, 478 (Del.Supr. 1986). If there is uncertainty in the plain meaning of the words of a statute, the principles of statutory construction are to be applied. *Spielberg v. State*, 558 A.2d at 293. If there is uncertainty in the plain meaning of the words, "[t]he statute must be viewed as a whole, and literal or perceived interpretations which yield mischievous or absurd results are to be avoided." *Spielberg v. State*, 558

B132

A.2d at 293; *Daniels v. State*, 538 A.2d 1104, 1110 (Del.Supr. 1988); *Burpulis v. Director of Revenue*, 498 A.2d 1082, 1087 (Del.Supr. 1985).

The first sentence of 14 *Del. C.* § 1058 states the "school board of each reorganized district shall decide on all controversies involving the rules and regulations of the school board." 14 *Del. C.* § 1058. The noun "school board" is modified by the phrase "of the reorganized school district." 14 *Del. C.* § 1058. Applying the plain meaning of the words, the phrase "school board of a reorganized school district," means that the school board (lowercase) of a reorganized school district has the authority to decide on all controversies involving its rules and regulations. *Id.*

The second sentence states that "[a]ny party may appeal such controversy to the State Board of Education by setting forth such grievance in a petition which shall be served within 30 days after receiving notice of the decision . . ." 14 *Del. C.* § 1058. The word "decision" in the second sentence refers to power of the "school board of each reorganized school district" to "decide" as mentioned in the first sentence. *Id.* The second sentence also establishes a 30 day time frame for the filing of an appeal from the local board's decision. *Id.* The third sentence of 14 *Del. C.* §1058 authorizes the State Board to promulgate rules and regulations which address the procedure for hearing petitions. *Id.* The third sentence gives the State Board the power to issue a decision in the controversy through the phrase, "shall decide the controversy." *Id.*

The fourth sentence provides important restrictions on the power of the State Board of Education. *Id.* The fourth sentence also reaffirms the authority given to the local boards mentioned in the first sentence. *Id.* The fourth sentence of 14 *Del. C.* §1058 states that the State Board has the power to "overturn the decision of a local school

B133

board" only if certain criteria are met. 14 *Del. C.* § 1058. (emphasis added) This phrase clearly ties the State Board's jurisdiction to a decision of a local school board. The sentence goes on to state that the criteria for which a "local's board's decision" can only be overturned. 14 *Del. C.* § 1058. (emphasis added). These criteria include reversal if the local board's decision was contrary to state or federal laws or regulations, if the local board's decision "was not supported by substantial evidence" or if the local board's decision was "arbitrary and capricious." 14 *Del. C.* § 1058. The fifth sentence establishes the finality of the State Board's decision. *Id.*

Previous State Board of Education decisions have interpreted 14 *Del. C.* § 1058 to require a local board decision to trigger the jurisdiction of the State Board. The State Board has stated that "[t]he Delaware Code grants limited jurisdiction to the State Board to review decisions of local school boards." *K.A. v. Lake Forest School District Board of Education,* State Board of Education #97-03 at 12 (May 27, 1997); *M.W. v. Cape Henlopen School District Board of Education,* State Board of Education, #97-05 at 6-7 (May 21, 1995,). The State Board has also determined that the "[l]ocal Board must decide on all controversies involving their own rules and regulations in the first instance" *K.A. v. Lake Forest School District Board of Education* at 12. While the State Board has reviewed a local board's compliance with regulations relating to alternative school placement, this review has not occurred in the absence of a local board decision. See, *C.H. v. Colonial School District,* State Board of Education #96-02, (May 16, 1996); *J.H. v. Colonial School District,* State Board of Education #96-03 (May 16, 1996). Student has not provided sufficient legal authority that the administrative regulations contained in

14 *DE Admin. Code* 611 give Student a direct cause of action before the State Board given the requirements of 14 *Del. C.* § 1058.

C. **State Board's Rules**

The State Board has enacted rules and regulations pursuant to 14 *Del. C.* § 1058. The State Board has promulgated a rule which states that "controversies involving the rules and regulations of the school board" shall mean the **presentation before the local school board of a dispute** involving the application of rules and regulations of the local board in a particular factual context." *State Board of Education Hearing Procedures and Rules,* Section. 4.3 (emphasis added); 14 *Del. C.* § 1058. The State Board's rules further define "Decision" as

> [t]he official action taken to resolve the dispute presented below and shall include the factual findings, the rule involved, and the agency's conclusion. Decision shall not include policy making or the adoption of rules and regulations of future applicability.

*State Board of Education Hearing Procedures and Rules,* Section 4.2.2. The State Board has established by regulation certain matters which may not be appealed to the State Board. These matters include decisions involving suspensions from school for ten or fewer days, and certain personnel/employee matters. *State Board of Education Hearing Procedures and Rules,* §§ 4.3.1-4.3.4.; See, *Goss v. Lopez*; 419 U.S. 565 (1975) (prescribing the process due to a student for a deprivation of educational services of ten days or less); 14 *Del. C.* § 121 (a) (12).

There is **no record of a vote** of the Christina School Board of Education on this matter. (T-15, T-17, T-23, SP-2, DP-3). See *M.W. v. Cape Henlopen School District Board of Education* (May 21, 1995, 97-05 at 3); *Hopson v. McGinnes* 391 A.2d 187, 189 (Del.Supr. 1978) (where even a tie vote was not considered a decision of the public

B135

body). There is no record that the Christina School District Board of Education **elected** to hear this issue despite the fact that the procedures in the *Student Code of Conduct* may not have called for local board consideration. Thus, the present matter "is not a situation where the district board elected to review the matter and thus created jurisdiction in the State Board" as in *J.H. v. Christina School District Board of Education,* State Board of Education # 96-11 at 7 (April 17, 1999, 96-11 at 7). There is little support for Student's contention that the Christina School District Board of Education has made a decision in this matter.

The district board has not made a decision in this matter that would be subject to State Board appellate review. Student has failed to demonstrate that the issues outlined in the March 1, 2005, letter to the State Board constituted a proper petition to the State Board of Education. The written submissions and oral argument presented by Student outline possible factual and legal disputes between Student and the Christina School District. Resolution of these disputes may be appropriate for another forum. The State Board, however, does not have jurisdiction over this matter pursuant to the authority conferred upon it by the General Assembly in 14 *Del. C.* § 1058. The State Board's decision in this matter was unanimous. (T-66).

B136

DECISION AND ORDER.

IT IS HEREBY ORDERED, this  16TH  day of June 2005, that the above captioned matter is **DISMISSED** with prejudice.

_____
JOSEPH A. PIKA, Ph.D., *President*

_____
JEAN W. ALLEN, *Vice-President*

_____
RICHARD M. FARMER, JR.

NOT PRESENT
_____
MARY B. GRAHAM, Esquire

_____
BARBARA RUTT

_____
DENNIS J. SAVAGE

_____
CLAIBOURNE D. SMITH, Ph.D.

*APPEAL RIGHTS*

29 *Del. C.* § 10142 provides:

    (a)    Any party against whom a case decision has been decided may appeal such decision to the Court.

    (b)    The appeal shall be filed within thirty (30) days of the day the notice of the decision was mailed.

    (c)    The appeal shall be on the record without a trial de novo. If the Court determines that the record is insufficient for its review, it shall remand the case to the agency for further proceedings on the record.

    (d)    The Court, when factual determinations are at issue, shall take due account of the experience and specialized competence of the agency and of the purposes of the basic law under which the agency has acted. The Court's review, in the absence of actual fraud, shall be limited to a determination of whether the agency's decision was supported by substantial evidence on the record before the agency.

Mailing Date: 6/17/05
tion:
Original:       State Board of Education
Copies:  Petitioner or Counsel
          Respondent or Counsel
          Craig R. Fitzgerald, Deputy Attorney General

B137