IN THE UNITED STATES DISTRICT COURT
FOR THE DELAWARE DISTRICT

R.W., *et.al.*,  :
       PLAINTIFFS,  :  C.A. No: 05-662
v.
THE DELAWARE DEPARTMENT OF  :  E-FILE
EDUCATION, *et.*


### Reply to Responding Defendants to Plaintiffs Motion for Preliminary Injunction

### I. STATEMENT OF FACTS

Obviously, the Parties differ about the facts or the Parties would not be before this Court. However, among others, the most important 'fact' presented by the Responding Defendants is that the Plaintiff's requested appeal of the underlying decision was heard by Defendant Sunstrom alone in violation of the District's own policies and procedures, or if it is not, certainly should be. Plaintiffs request leave to add this to its averments in their complaint for there is nothing more dangerous than an individual making a decision which should have been heard before the Board. If this was the so-called Board hearing, then the State Board did not need to rule on the issue of whether it had jurisdiction to hear Mother's appeal because there was no Board decision below. This doesn't pass a simple logic test.

Further, the Responding Defendants fail to mention the repeated requests that Mother made from the outset of the proceeding that she be provided with a copy of the Code of Conduct. This request was denied. Mother's journey through the system in which the District holds all of the cards was uninformed, despite her request to the contrary.

Further, Responding Defendants completely ignore the mandate of the Alternative school program. No discussion of what the child needs were was ever conducted as is required under the law.

No letter was sent to Mother advising her of the placement until she requested one. No one advised Mother of the placement after the meeting held on December 13, 2004.

## Reply to Arguments

A.  Responding Defendants mistake the issue. Plaintiffs do not want to re-litigate evidence. Plaintiffs want to know why this student failed to receive protections of his rights. The very fact that school discipline relies on the discretion and judgment of school administrators is the very reason that rights of the student must be protected. The weaker one is, in an overwhelming and emotional position, the more important it becomes to ask question, to make inquires and to be sure a student is not lost in the quest for doing what is right.

And most important, that the student is not punished for questioning the system.

B. The Responding Defendants again miss the point. The question is not whether the student's placement in an alternative school is a violation of the Due Process Clause. But rather what Due Process protections were violated to get the student there. Herein, lies the crux of the argument. Any loss of education greater than ten days requires Due Process. Parent had no concept of what type of hearing was being conducted. The District was inappropriately vague and deliberately unresponsive to Parent's request for details. The procedures followed appear to be the expulsion procedures, yet the Responding District states from the beginning that this was an Alternative school placement. If this is so, Plaintiffs are prepared to show that the procedures provided for that placement were not followed. Cases referred to students where there was no question that those students were expelled. In this case, Parents were not told in clear terms what was transpiring. This case is not about transferring the student from one school to another. This case is about questions unanswered and so-called appeals which were not only inappropriate but a clear violation of policy and the student's rights. It is about the right to know what is happening to one's child.

II. B. Doing a thing wrong more than once, does not make it right. Here the Responding Defendants assert that Plaintiffs received multiple hearings. Yet these so-called hearings are fraught with not only violations of Due Process, but

also the District's own policy. Responding Defendants are wrong that the Mother concluded that the student was expelled due to a mismarked document.
It is also wrong when it asserts that the additional five-day extension was to confer with Mother. It is further untrue that Mother knew about a hearing for an alternative placement. It is untrue that Mother was told about the decision for an alterative placement after a meeting. These statements are so wrong that the Responding District it is committing fraud.

In this case, Mother was never told about The Compass School after the December 13, 2004 meeting. Upon her own inquiry, she found that The Compass School was not an appropriate school for the student.

The Code of Conduct contained the utilized procedures. Mother asked for a copy because she did not have one. The statement that the student may have received one on the first day of school is a ridiculous statement. Does this District assert that the Mother had one, yet repeatedly asked for one? This defies common sense. This request was never granted. The question is that when facing the omnipotent and overwhelming authority of the School District, at the very least, the individuals involved need to what the rules are. It is unforgivable that this District did not take one minute to provide the Code to the Mother. This would help level the playing field wherein the District knows everything and the student and his representative knows nothing.

The Responding District is incorrect that Homebound is not considered an alternative placement. It is a frequently used method for educational placement. There was no discussion that the student needed counseling or disciplinary guidance as is required under the policy prior to his secret placement at The Compass School. This just did not happen. The Responding District claims Homebound is not used as an alternative placement. It is done all the times all over the country.

There was no courtesy given by the District in this case. This case, in its essence, is about a parent who asked too many questions. This Court must protect the weak over an overwhelming force and one in this case which conformed its actions after the fact. This Court, upon hearing the facts must recognize that the placement of students in an Alternative school is a systematic *de facto* attempt to segregate school as the majority of students placed therein are minorities.

C. There is little irreparable harm which can equal a year of lost educational opportunities. Further, this Court can consider the Psychiatric Services the student has undergone because of this injustice.

## CONCLUSION

Plaintiffs have met their burden required for this Court to order the District to return the student to his regular educational placement. Further, this case is one

of importance because the deliberate acts of this District are an abomination in the area of education law. The District proclaims that the student received a Board review via Defendant Sunstrom, yet the State Board refused to hear the appeal because there was no Board decision. There are too many contradictions. Policies were not followed and as always the case in education cases, it is the parent's fault. This injustice must end here. Policies must be clearly written and vehemently followed. There should be no case when at the end, parents are confuses. This is not simply about a Mother who disagrees with the student's placement. This is about a District which runs ragged over a student's rights.

Patricia M. O'Neill
DE. ID. # 3016
Attorney for Plaintiffs
22 West Front Street
Media, PA 19063
610-891-6668
Oneillpmo@aol.com

Dated: October 31, 2005

## CERTIFICATE OF MAILING AND/OR DELIVERY

I hereby certify that on October 31, 2005, I electronically filed The Plaintiffs' Reply to Responding Defendants Answering Brief to the Motion for Injunctive Relief and the Opening Brief in Support of the Motion with the Clerk of the Court using CM/ECF which will send notification of such filing to Counsel of Record.

Patricia M. O'Neill
DE ID. # 3016
Attorney for Plaintiffs
22 West Front Street
Media, PA 19063
610-891-6668
Oneillpmo@aol.com