# EXHIBIT 7



**CHRISTINA**
SCHOOL DISTRICT
*Educating each student to succeed*

**Administration Building**

**83 East Main Street**
**Newark, DE 19711**
**(302) 454-2530**

**FAX: (302) 454-4736**
**TDD Relay Service: (800) 232-5470**
**e-mail: wisej@christina.K12.de.us**

January 27, 2005

Sarah Williams
322 E. 10th Street
Wilmington, DE 19801

Dear Mrs. Williams:

This is to confirm our meeting at my office on Wednesday, January 26, 2005, at which you appealed the District Level decision to alternatively place your son Reginald Williams at the Compass School following his agreement to plead of guilty to assault of a fellow student at Shue-Medill Middle School.   Ms. Sharon Denney was also present at the meeting.

First, I would like to again apologize for the erroneous information Dr. Countley provided you in her letter dated December 20, 2004.  As we discussed, the District Discipline Committee's recommendation was for your son, Reginald Williams, to attend The Compass School, *with re-evaluation after his first quarter there.*   It was not the Committee's recommendation that he automatically remain at Compass for the balance of the entire school year.   Dr. Countley's reference to the school year understandably caused confusion, and that is both regrettable and unfortunate.  However, it was not an attempt to circumvent the Committee's recommendation, or in any manner alter it.

Second, you acknowledge that your son punched another student at the Shue-Medill Middle School, causing a head injury that required stitches.  You and your son have signed a Family Court agreement for him to plead guilty to criminal assault charges arising from this incident.  Yet—despite his guilty plea— you are insisting that he be returned to the very school at which he committed the criminal act.   As I understand it, you believe that your son should be returned to Shue-Medill because his initial 5-day suspension was extended an additional 5 days to allow for an Alternative Placement Meeting.  You asserted that this extension was a violation of his due process rights.  You also asserted that the injured student violated the dress code contained in the Student Code of Conduct.  I was only able to conclude that you are asserting an alleged failure to strictly enforce the dress code on the date of the incident prohibits the District from enforcing any other component of the Student Code of Conduct.  You are wrong.

Please review page 62 of the Christina School District Student Code of Conduct, under the topic "Suspensions."   The Superintendent/Designee is authorized—and exercised the District's right— to extend Reginald's initial suspension from 5 days to 10 days.   Reginald was eligible to

**Joseph Wise, Superintendent**

The Christina School District is an equal opportunity employer and does not discriminate or deny services on the basis of race, color, religion, national origin, gender, disability or age

make up missed assignments, and received Homebound Instruction because of that eligibility. As for the dress code issue:  disparate treatment does not arise from a failure to notice a dress code violation.  Although you disagree, there *is* a distinct difference between wearing inappropriate clothing and punching to the point of injury.  If this entire case arose solely from your son wearing inappropriate clothing, I *would* agree that punishing him and not a similarly-garbed child could constitute disparate treatment.  But that is not what happened here.

The following is a summary of the events:

- Reginald punched a child in the face and caused injury at the Shue-Medill Middle School. You do not deny this.
- Reginald was suspended from school for an initial period of 5 days.  You do not deny this.
- The suspension was extended for an additional 5 days as authorized under the Student Code of Conduct (see page 62).  Reginald began to receive Homebound Services.
- Reginald was entitled to and did receive a Building Level meeting.  You do not deny attending this meeting.  At this meeting it was recommended that Reginald be alternatively placed at a site other than the Shue-Medill Middle School.
- Reginald was entitled to and did receive a District Level appeal/meeting.  You do not deny attending this meeting. At that meeting it was unanimously recommended that  Reginald be alternatively placed at the Compass School.
- You agreed to and scheduled a visit to the Compass School, but subsequently cancelled.
- The District continued Homebound Services until you and I could meet yesterday, so that I could hear your concerns as the Superintendent's Designee under *Appeals Process for Suspension* (see page 10 of the Student Code of Conduct).

**After reviewing all of the records, and hearing the arguments raised at the January 26, 2005 meeting, the Recommendation for Alternative Placement at the Compass School is hereby affirmed.**

Reginald's Homebound Services will end tomorrow.  In accordance with the Appeal Process for Suspensions and Grievance Procedures of the Student Code of Conduct, this decision is final, with no additional right of administrative appeal (See pages 10 and 12 of the Student Code of Conduct).

Your refusal to visit the Compass School— and your rejection of any option other than the return of Reginald to the Shue-Medill Middle School—is profoundly troubling.   It is important that Reginald receive an education.  It is also important that you and this District work together to ensure he receives the right messages from the adults entrusted with his care.   Please contact Ms. Denney (454-2535) so that she may make the necessary arrangements to get Reginald back in school.

Sincerely,

David Sundstrom
Assistant Superintendent/Chief of Staff

DMS:jsg

The Christina School District is an equal opportunity employer and does not discriminate or deny services on the basis of race, color, religion, national origin, gender, disability or age.