IN THE UNITED STATES DISTRICT COURT
FOR THE DELAWARE DISTRICT

| | |
|---|---|
| R.W., A Minor, individually, by and through his parent and natural guardian SARAH WILLIAMS and SARAH WILLIAMS, individually,<br>　　　　　PLAINTIFFS,<br><br>V.<br><br>THE DELAWARE DEPARTMENT OF EDUCATION; *et. al.* | :<br>:<br>:<br>:　C.A. NO. 05-CV-00662<br>:<br>:<br>:<br>:<br>: |

### CHRISTINA SCHOOL DISTRICT DEFENDANTS[1]' RESPONSE TO PLAINTIFF SARAH WILLIAMS' MOTION FOR EXTENSION OF TIME

1.　Plaintiff Sarah Williams (Plaintiff)[2] has filed a Motion to Extend time to file an answering brief to Responding Defendants' Motion to Dismiss, and to find time to find a new attorney because she dismissed her attorney on March 15, 2006. Contemporaneously with the filing of Plaintiff's motion, Plaintiff's counsel, Ms. O'Neill, filed a motion to withdraw. The Court, without waiting for a response from the defendants related to Ms. O'Neill's motion to withdraw, signed an Order granting the motion on March 16, 2006.[3]

2.　Responding Defendants object to Plaintiff's motion for a 90 day extension. The Court should deny Plaintiff's motion because Plaintiff has not established either good cause or excusable neglect sufficient to justify extending a deadline after it has passed.

---

[1] This response is being filed on behalf of Defendants, The Christina School District Board of Education, Joseph J. Wise, David Sunstrom, Sandra Countley, Sharon Denny, Freeman Williams, Brenda Phillips, James Durr, George Evans, Beverly Howell, Constance Merlet, John Mackenzie and Cecilia Scherer, collectively referred to herein as "Responding Defendants."

[2] To the extent that the motion is properly filed in light of the fact that Ms. O'Neill was still the attorney of record when Ms. Williams filed the motion, Ms. Williams is only entitled to represent herself before this court. *See Hayes v. Board of Education for the Cape Henlopen Sch. Dist.*, 2003 WL 105482 at *1 (D. Del.) (Exh. A).

[3] *See* Dkt. #59.

3. This case involves allegations of constitutional violations associated with disciplinary proceedings related to R.W. which arise from an incident that occurred at school. Plaintiffs filed their Complaint in this matter on September 12, 2005. Shortly thereafter, Plaintiffs filed a motion for a preliminary injunction. The motion was fully brief, and the Court held a hearing on the motion. After the hearing, the Court denied the motion, and permitted Plaintiffs to appeal to the Third Circuit. Although an appeal was taken, it was not prosecuted.[4]

4. Following the hearing on Plaintiffs' motion for a preliminary injunction, Responding Defendants filed a Motion to Dismiss for Failure to State a Claim. Responding Defendants filed their motion on January 17, 2006. On or about February 8, 2006, Plaintiffs' counsel wrote to Responding Defendants' counsel asking for a 20 day extension of time to file a response because her daughter was in the hospital. Exh. B (e-mails to and from P. O'Neill). Responding Defendants did not object to the requested extension. *Id.* On February 9, 2006, however, Plaintiff's counsel indicated that her daughter had been released from the hospital, and that Plaintiff's answering brief was just about finished. *Id.*

5. Plaintiffs' answering brief in response to Responding Defendants' Motion to Dismiss, after adjusting for the 20 day extension, was due on March 13, 2006.[5] Plaintiffs did not file a responsive pleading by the due date. In addition, Plaintiffs' counsel did not seek a further extension from either the Court or Responding Defendants prior to that date. Rather, after the deadline had passed and Plaintiffs' counsel filed her motion to withdraw, Plaintiffs' counsel contacted Responding Defendant's counsel to seek an additional extension. Plaintiffs' counsel

---

[4] After the appeal was taken, R.W. returned to school. R.W.'s return to school was prompted by a ruling of a State court judge in a related truancy action. Although Responding Defendants believe that R.W. was improperly returned to the regular school population, R.W. presently remains in the regular school population. Responding Defendants reserve the right to challenge his return to the regular school population at a later date.

[5] The actual due date was March 11, 2006, which was a Saturday.

DOCS_DE 123493v.1

sought the extension in order to try and convince Plaintiff to reconsider her position regarding terminating her relationship with Plaintiffs' counsel.[6] According to Plaintiffs' counsel, although her daughter had been released from the hospital on or about February 8, 2006, she continued to need assistance while at home.

6. Despite the fact that the already extended deadline had passed and the Court had signed Ms. O'Neill's motion to withdraw, Responding Defendants agreed to an additional one week extension if Ms. O'Neill re-entered her appearance.[7] Ultimately, however, Plaintiff decided not to have Ms. O'Neill re-enter her appearance and has decided to attempt to locate new counsel.[8]

7. In order to extend a deadline after it has passed, a party must establish that missing the deadline was the result of excusable neglect.[9] The basis for Plaintiff's motion is that Plaintiff dismissed Ms. O'Neill as her attorney on March 15, 2006. This dismissal, however, occurred after the deadline for filing Plaintiff's response was due. Events which occur after a deadline has passed cannot form the basis of excusable neglect.[10]

8. Moreover, Plaintiff cannot establish excusable neglect based upon counsel's failure to seek an additional extension in a timely fashion. Immediately after Responding Defendants granted the initial 20 day extension, Plaintiffs' counsel indicated that her daughter

---

[6] Exh. C (e-mails to and from P. O'Neill dated Mar. 16, 2006).

[7] *Id.*

[8] Exh. D (e-mail dated March 20, 2006 from P. O'Neill)

[9] F.R.C.P. 6(b). Excusable neglect is typically analyzed under a standard, which addresses: a) prejudice to the other parties; b) the length of the delay and its potential effect on the proceedings; c) the reason for the delay; d) whether the delay was within the control of the moving party; and e) whether the moving party acted in good faith. *In re Cedant Corp. Prides Litigation*, 233 F.3d 188, 196 (3d Cir. 2000).

[10] *Hamilton v. J.C. Penney Co., Inc.*, 127 Fed.Appx. 47, 49 (3d Cir. 2005) (Exh. E).

DOCS_DE 123493v.1

was no longer in the hospital, and that the response was almost complete. It was not until Plaintiffs' counsel was discharged that she sought an additional extension. The failure to respond in a timely fashion, therefore, cannot be deemed to be the result of excusable neglect as there is no reason that Plaintiffs' counsel could not have contacted either the Court or Responding Defendants' counsel for an additional extension. Although the failure to seek an additional extension was not Plaintiff's, the failures of Plaintiffs' attorney are attributable to Plaintiffs as "'clients must be held accountable for the acts and omissions of their attorneys.'"[11]

9. Moreover, despite Responding Defendants' offer to extend the deadline an additional week, Plaintiff chose not to permit her attorney to re-enter the case and file a response. Consequently, this Court should deem Responding Defendant's Motion to Dismiss to be unopposed.

10. To the extent that the Court finds excusable neglect sufficient to justify permitting Plaintiff an additional extension of time to file a response, a 90 day extension in this case will prejudice Responding Defendants in light of the fact that R.W. is now attending regular education classes. A 90 day delay in filing a response to Responding Defendant's Motion to Dismiss will prejudice Responding Defendants because the longer this case is delayed, the more difficult it will be for Responding Defendants to require R.W. to comply with the disciplinary sanctions originally imposed upon him based upon his assault. A 90 day delay, moreover, will leave R.W. in an improper placement for the remainder of the school year. Permitting R.W. to remain in an improper placement for the remainder of the school year unfairly prejudices Responding Defendants rights.

---

[11] *In re: Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Products Liability Litigation*, 92 Fed.Appx. 890, 893 (3rd Cir. 2004) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 396 (1993)). See *Walker v. Sun Ship, Inc.*, 684 F.2d 266, 268-69 (3rd Cir. 1982).

- 5 -

11. Absent a showing of excusable neglect, the time for filing the Answering Brief has passed, and the Court should rule on Responding Defendant's Motion to Dismiss as an unopposed motion. Plaintiffs have not come forward with evidence establishing the basis of a meritorious claim. Moreover, in ruling on Plaintiffs' motion for a preliminary injunction, this Court has already held that Plaintiffs have not shown a reasonable likelihood of success on the merits.[12] Although the Court granted Plaintiff's counsel's request to withdraw, the withdrawal should not prejudice Responding Defendants. The Court, therefore, should deny Plaintiff's motion to extend time and decide Responding Defendants' outstanding Motion to Dismiss as unopposed. In the meantime, Plaintiffs can attempt to secure counsel to proceed with the case in the event that the case survives Responding Defendants' Motion to Dismiss or, if it does not, to represent Plaintiffs with respect to any appeal that they wish to pursue.

12. To the extent that the Court does not deny Plaintiff's motion outright, Responding Defendants ask that the Court limit the amount of time for Plaintiffs to find a new attorney and file an Answering Brief to thirty (30) days.

---

[12] Exh. F(Prelim. Inj. Hrg. Tr. at p. 188-193).

        Respectfully submitted,

        WHITE AND WILLIAMS LLP

BY: /s/ William L. Doerler
     JOHN D. BALAGUER (#2537)
     WILLIAM L. DOERLER (#3627)
     824 N. Market Street, Suite 902
     P.O. Box 709
     Wilmington, DE 19899-0709
     Phone: 302.467.4508
     *Attorneys for The Christina School District Board of Education, Joseph J. Wise, David Sunstrom, Sandra Countley, Sharon Denny, Freeman Williams, Brenda Phillips, James Durr, George Evans, Beverly Howell, Constance Merlet, John Mackenzie and Cecilia Scherer*

Date: March 24, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DELAWARE DISTRICT

| | |
|---|---|
| R.W., A Minor, individually, by and through his parent and natural guardian SARAH WILLIAMS and SARAH WILLIAMS, individually,<br>PLAINTIFFS,<br><br>V.<br><br>THE DELAWARE DEPARTMENT OF EDUCATION; *et. al.* | :<br>:<br>:<br>:<br>C.A. NO. 05-CV-00662<br>:<br>:<br>:<br>:<br>: |

## CERTIFICATE OF SERVICE

I, William L. Doerler, Esquire, do hereby certify that on this 24th day of March, 2006 one (1) copy of the foregoing were **DEFENDANTS THE CHRISTINA SCHOOL DISTRICT BOARD OF EDUCATION, JOSEPH J. WISE, DAVID SUNSTROM, SANDRA COUNTLEY, SHARON DENNY, FREEMAN WILLIAMS, BRENDA PHILLIPS, JAMES DURR, GEORGE EVANS, BEVERLY HOWELL, CONSTANCE MERLET, JOHN MACKENZIE AND CECILIA SCHERER'S RESPONSE TO PLAINTIFF SARAH WILLIAMS' MOTION FOR EXTENSION OF TIME** delivered via E-File and Serve, and/or First Class Mail, postage prepaid upon:

Ms. Sarah Williams
322 East 10th Street
Wilmington, DE 19801

Craig Romond Fitzgerald
Department of Justice
102 West Water Street
Dover, DE 19904

DOCS_DE 123493v.1

- 2 -

WHITE AND WILLIAMS LLP

BY: /s/ William L. Doerler
WILLIAM L. DOERLER (#3627)
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
Phone: 302.467.4508
*Attorneys for The Christina School District Board of Education, Joseph J. Wise, David Sunstrom, Sandra Countley, Sharon Denny, Freeman Williams, Brenda Phillips, James Durr, George Evans, Beverly Howell, Constance Merlet, John Mackenzie and Cecilia Scherer*