# EXHIBIT E

**Westlaw.**

127 Fed.Appx. 47                                                                                    Page 1

127 Fed.Appx. 47, 2005 WL 715700 (C.A.3 (Pa.))
**(Cite as: 127 Fed.Appx. 47)**

C
Briefs and Other Related Documents

This case was not selected for publication in the Federal ReporterNOT PRECEDENTIALThis case was not selected for publication in the Federal Reporter.NOT PRECEDENTIAL Please use FIND to look at the applicable circuit court rule before citing this opinion. Third Circuit Local Appellate Rule 28.3(a) and Internal Operating Procedure 5.3. (FIND CTA3 Rule 28.0 and CTA3 IOP APP I 5.3.)
United States Court of Appeals,Third Circuit.
Joan HAMILTON; Thomas Hamilton, her husband, Appellants,
v.
J.C. PENNEY COMPANY, INC.
No. 03–3676.

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 10, 2005.
Decided March 30, 2005.

**Background:** Plaintiffs brought personal injury action against store in state court. Store removed the case, and it was referred to court-annexed arbitration. Arbitrator ruled in favor of store. Plaintiffs demanded trial de novo. The United States District Court for the Western District of Pennsylvania, Gary L. Lancaster, J., granted store's motion to strike the demand and entered the arbitration award as the judgment. Plaintiffs appealed.

2**Holding:** The Court of Appeals, Scirica, Chief Judge, held that plaintiffs waived appellate review of their excusable neglect claim regarding untimely filing of demand for trial de novo.

Affirmed.

West Headnotes

**[1] Arbitration 33** ⇌73.2

33 Arbitration
　33VI Award
　　33k73 Appeal or Other Proceedings for Review
　　　33k73.2 k. Decisions Reviewable. Most Cited Cases
Statute addressing filing and effect of arbitration awards did not bar Court of Appeals from reviewing district court's decision to grant defendant store's motion to strike personal injury plaintiffs' demand for trial de novo after court-annexed arbitration; such review did not involve merits of arbitrator's decision, and instead involved an issue adjudicated by district court. 28 U.S.C.A. §§ 651, 657(a, c).

**[2] Arbitration 33** ⇌73.4

33 Arbitration
　33VI Award
　　33k73 Appeal or Other Proceedings for Review
　　　33k73.4 k. Presentation and Reservation of Grounds of Review. Most Cited Cases
Personal injury plaintiffs waived appellate review of whether they were entitled to relief, based on excusable neglect, from their failure to timely demand trial de novo in district court after arbitrator's decision in favor of defendant store in court-annexed arbitration, where plaintiffs did not bring motion in district court for enlargement of time to file demand for trial de novo or bring motion for relief from judgment based on excusable neglect, and instead they filed answer to store's motion to strike the demand, in which answer they claimed both that they "complied with the rules" and that untimely filing of demand did not prejudice store. 28 U.S.C.A. §§ 651, 657(c); Fed.Rules Civ.Proc.Rules 6(b), 60(b)(1), 28 U.S.C.A.

**[3] Arbitration 33** ⇌76(3)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

127 Fed.Appx. 47                                                                                                                    Page 2

127 Fed.Appx. 47, 2005 WL 715700 (C.A.3 (Pa.))
**(Cite as: 127 Fed.Appx. 47)**

33 Arbitration
   33VI Award
      33k75 Impeachment or Vacation
         33k76 Grounds
            33k76(3) k. Particular Grounds. Most Cited Cases
Evidence that one day after deadline for personal injury plaintiffs to demand trial de novo in district court after arbitrator's decision in favor of defendant store in court-annexed arbitration, plaintiffs' counsel engaged in settlement discussions with store, did not establish excusable neglect in failing to make timely demand for trial de novo, as basis for relief from district court's judgment granting store's motion to strike the demand. 28 U.S.C.A. §§ 651, 657(c); Fed.Rules Civ.Proc.Rule 60(b)(1), 28 U.S.C.A.

*48 On Appeal from the United States District Court for the Western District of Pennsylvania. D.C. Civil Action No. 02–cv–00167J. (Honorable Gary L. Lancaster).

Fred E. Baxter, Jr., Pittsburgh, PA, for Joan Hamilton and Thomas Hamilton.
William R. Tighe, Jr., Tighe, Evan, Ehrman, Schenck & Paras, Pittsburgh, PA, for J.C. Penney Company, Inc.

Before SCIRICA, Chief Judge, ROTH and ALDISERT, Circuit Judges.

OPINION OF THE COURT

SCIRICA, Chief Judge.
**\*\*1** The District Court denied Joan and Thomas Hamilton's demand for a trial de novo, entering the arbitration award as the judgment in the case. We will affirm.

I.

Appellants Joan and Thomas Hamilton brought a personal injury action against J.C. Penney in state court. J.C. Penney removed and the case was referred to court-annexed arbitration under Western District of Pennsylvania Local Rule 16.2 and 28 U.S.C. § 651. The arbitrator ruled in favor of the J.C. Penney. The award was filed and docketed by the Clerk of Court on May 15, 2003. Appellant mailed a letter to the court on June 17, 2003, which the Clerk of Court docketed on June 19, 2003, as a " demand for trial de novo." On June 26, 2003, J.C. Penney filed a motion to strike the demand for trial de novo. The District Court granted J.C. Penney's motion to strike and entered the arbitration award as the judgment in the case on the basis that the Hamiltons failed to file their request for a jury trial de novo within the required thirty-day time period.

II.

[1] The District Court had removal jurisdiction based on diversity of citizenship. *See* 28 U.S.C. § 1332(a)(1), 1441(b). We have appellate jurisdiction under 28 U.S.C. § 1291. [FN1] We review the District Court's striking of appellants' demand for a trial de novo and its entry of the arbitration award as the judgment of the court for abuse of discretion.

> FN1. J.C. Penney argues that we should not exercise jurisdiction over this appeal because a district court's entry of judgment on an arbitration award is not subject to appellate review under 28 U.S.C. § 657(a). We disagree. Section 657(a) does not " bar appellate review of issues that were adjudicated by the court and not by the arbitrator." *Daniels v. Thomas & Betts Corp.,* 263 F.3d 66, 72 n.2 (3d Cir.2001).
> In this case, we review the District Court's order denying appellant's demand for a trial de novo, not the merits of the arbitrator's decision.

III.

Under Western District of Pennsylvania Local Rules 16.2.7 and 16.2.8 and 28 U.S.C. § 657(c)(1), a party may file a written demand for a trial de novo within thirty days after the filing of an arbitration award. When a party makes a timely demand for a trial de novo, the action is restored to the docket of

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

127 Fed.Appx. 47                                                                                                       Page 3

127 Fed.Appx. 47, 2005 WL 715700 (C.A.3 (Pa.))
**(Cite as: 127 Fed.Appx. 47)**

the court and treated as if it had not been referred to arbitration. *See* 28 U.S.C. § 657(c)(2). If no party makes a demand for a trial de novo within the thirty-day period, the arbitration award is entered as the judgment of the court. In this case, the parties do not dispute that appellants failed to make a timely demand for a trial de novo. Appellants' demand *49 was received by the Clerk of Court one day after the deadline, June 17, 2003, and not docketed until three days after the deadline on June 19, 2003. The District Court held that appellants waived their right to a jury trial when they failed to file the demand within the thirty-day time period.

[2] Appellants argue that the District Court erred when it failed to find appellants' actions constituted excusable neglect. J.C. Penney argues that the Hamiltons waived this argument because they failed to raise it before the District Court. We agree with J.C. Penney. After the thirty-day period had expired, appellants could have made a motion to the District Court under Fed.R.Civ.P. 6(b) for an enlargement of time to file its demand for a trial de novo. [FN2] *See Esteves v. Bondy,* 189 F.R.D. 148, 149 (E.D.Pa.1999) (noting that the thirty day period to demand a trial de novo is subject to enlargement under Federal Rule of Civil Procedure 6(b)). Alternatively, appellants could have made a motion under Fed.R.Civ.P. 60(b) to relieve the party, on the basis of excusable neglect, from the District Court's order granting defendant's motion to strike the demand for trial de novo. [FN3] Appellants pursued neither course of action. Instead, appellants filed only an "Answer to Defendant's Motion to Strike Appeal De Novo," in which appellants claimed both they "complied with the rules" and that the date of filing did not prejudice appellee. Because appellants did not raise the issue of excusable neglect before the district court, we believe they have waived this argument for purposes of appeal. *See Gass v. Virgin Islands Tel. Corp.,* 311 F.3d 237, 246 (3d Cir.2002) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.") (citations omitted); *see also Chi. Downs Ass'n, Inc. v. Chase,* 944 F.2d 366, 370–71 (7th Cir.1991) (finding Rule 60(b) arguments waived because "[n]o [Rule 60(b)] motion was ever filed, thus depriving the district court of the opportunity to develop a record, review

it and then rule on whether [appellant] deserves relief from the effects of [appellee's] obvious negligence.").

> FN2. *See* Fed.R.Civ.P. 6(b) ("When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion ... upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect[.]")

> FN3. *See* Fed.R.Civ.P. 60(b) ("On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect[.] ").

**2 [3] Moreover, appellants' excusable neglect argument lacks any factual basis in the record. Appellants claim the late filing constituted excusable neglect because their attorney was engaged in settlement discussions with appellee on the last day of the appeal period, June 16, 2003. But, we call appellants' attention to the record, where the appellants represented to the District Court in their "Answer to Defendant's Motion to Strike Appeal De Novo" that those settlement discussions took place on June 17, 2003—one day after the deadline. Events that occurred after the deadline do not support a finding of excusable neglect.

IV.

For the foregoing reasons, we will affirm the judgment of the District Court.

C.A.3 (Pa.),2005.
Hamilton v. J.C. Penney Co., Inc.
127 Fed.Appx. 47, 2005 WL 715700 (C.A.3 (Pa.))

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

127 Fed.Appx. 47                                                                    Page 4

127 Fed.Appx. 47, 2005 WL 715700 (C.A.3 (Pa.))
**(Cite as: 127 Fed.Appx. 47)**

Briefs and Other Related Documents (Back to top)

• 03-3676 (Docket) (Sep. 08, 2003)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.