IN THE UNITED STATES DISTRICT COURT
FOR THE DELAWARE DISTRICT

R.W., A Minor, individually, by and through
his parent and natural guardian SARAH WILLIAMS
and SARAH WILLIAMS, individually,
        PLAINTIFFS,

V.

THE DELAWARE DEPARTMENT OF
EDUCATION; *et. al.*

C.A. NO. 05-CV-00662

**DEFENDANTS THE CHRISTINA SCHOOL DISTRICT BOARD OF EDUCATION, JOSEPH J. WISE, DAVID SUNSTROM, SANDRA COUNTLEY, SHARON DENNY, FREEMAN WILLIAMS, BRENDA PHILLIPS, JAMES DURR, GEORGE EVANS, BEVERLY HOWELL, CONSTANCE MERLET, JOHN MACKENZIE AND CECILIA SCHERER, REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS AND RESPONSE TO PLAINTIFFS' MOTION TO AMEND COMPLAINT AND MOTION FOR CASE SCHEDULING ORDER**

Date: July 11, 2006

WHITE AND WILLIAMS LLP

JOHN D. BALAGUER (#2537)
WILLIAM L. DOERLER (#3627)
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
Phone: 302.467.4508
*Attorneys for The Christina School District Board of Education, Joseph J. Wise, David Sunstrom, Sandra Countley, Sharon Denny, Freeman Williams, Brenda Phillips, James Durr, George Evans, Beverly Howell, Constance Merlet, John Mackenzie and Cecilia Scherer*

Table of Contents

Page

TABLE OF AUTHORITIES ................................................................................................ ii

ARGUMENT ........................................................................................................................1

I. AS TO MRS. WILLIAMS, THE COURT SHOULD DISMISS THIS CASE FOR LACK OF SUBJECT MATTER JURISDICTION BECAUSE SHE LACKS STANDING TO PURSUE CONSTITUTIONAL CLAIMS ON HER SON'S BEHALF AND SHE CANNOT REPRESENT HER SON *PRO SE* ................................................................2

II. PLAINTIFFS' COMPLAINT SHOULD ALSO BE DISMISSED BECAUSE PLAINTIFFS HAVE FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED ................................................................................................................3

III. THE COURT SHOULD DENY PLAINTIFFS' MOTION TO AMEND THE COMPLAINT BECAUSE THE PROPOSED AMENDMENT FAILS TO ADDRESS ANY OF THE DEFICIENCIES NOTED IN THE MOTION TO DISMISS AND, THEREFORE, THE AMENDMENT WOULD BE FUTILE ............................................5

## TABLE OF AUTHORITIES

## FEDERAL CASES

*Alexander v. Sandoval*, 121 S. Ct. 1511 (2001)..................................................................9

*Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074 (3d Cir. 1996)...................................8

*Anderson v. General Motors Corp.*, 2004 WL 725208 (D. Del.)........................................5

*Bacon v. Taylor*, 414 F. Supp. 2d 475 (D. Del. 2006).........................................................7

*Brian A. v. Stroudsburg Area Sch. Dist.*, 141 F. Supp. 2d 502 (M.D. Pa. 2001)................2

*Collins v. Chichester Sch. Dist.*, 1998 WL 351718 (E.D. Pa.)............................................2

*Doe v. Woodbridge Elem. Sch. Dist. No. 68 Brd. of Ed.*, 2005 WL 910732 ) (N.D. Ill.).................................................................................................................................2

*Evancho v. Fisher*, 423 F.3d 347 (3d Cir. 2005) ................................................................4

*Fernandez-Motes v. Allied Pilots Ass'n*, 987 F.2d 278 (5th Cir. 1993) ..............................4

*Florsheim Shoe Co., Div. of Interco. Inc. v. U.S.*, 1983 WL 190092 (C.I.T.) ....................4

*Foster v. Time Warner Entertainment Co., L.P.*, 250 F.3d 1189 (8th Cir. 2001)................8

*Hayes v. Board of Education for the Cape Henlopen Sch. Dist.*, 2003 WL 105482 (D. Del.) ..........................................................................................................................2

*Jackson v. Katy Independent Sch. Dist.*, 951 F. Supp. 1293 (S.D. Texas) ......................2, 9

*Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902 (3d Cir. 1997)........................................4

*Mount Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977) ..................7

*Oliver v. Franks*, 2005 WL 2989310 (E.D. Wis.)...............................................................4

*Pfizer, Inc. v. Ranbaxy Laboratories Ltd.*, 321 F. Supp. 2d 612 (D. Del. 2004).................4

*Satellite Fin. Planning Corp. v. First Nat'l Bank*, 646 F. Supp. 118 (D. Del. 1986)...........5

*Suppan v. Dadonna*, 203 F.3d 228 (3d Cir. 2000)..............................................................7

*Vaughn v. Krehbiel*, 367 F. Supp. 2d 1305 (D. Colo. 2005)...............................................4


*Young v. New Sewickley Township*, 160 Fed.Appx. 263 (3d Cir. 2005) .................................4

*Zuk v. Eastern Pennsylvania Psychiatric Institute of the Medical College of Pennsylvania*, 103 F.3d 294 (3d Cir. 1996) ...........................................................................5

## STATUTES

14 Del. C. § 401, et. seq ...........................................................................................................6

14 Del. C. § 413 ......................................................................................................................6

42 U.S.C. § 1983 .................................................................................................................3, 4

## ARGUMENT

Defendants the Christiana School District Board of Education, Joseph J. Wise, David Sunstrom, Sandra Countley, Sharon Denny, Freeman Williams, Brenda Phillips, James Durr, George Evans, Beverly Howell, Constance Merlet, John MacKenzie, and Cecilia Scherer ("Defendants") filed a Motion to Dismiss in this action on January 17, 2006. On or about March 15, 2006, with no answering brief having been filed, Plaintiffs' attorney filed a Motion to Withdraw, which the Court granted. *See* Dkts. # 57, 59. On the same date, plaintiff Sarah Williams filed a Motion to Extend Time to file an answering brief and find a new attorney *See* Dkt. #58. Plaintiff Williams sought a 90 day extension, which Defendants opposed.[1]

On June 15, 2006, Defendants wrote to the Court advising it that the 90 days requested by Plaintiff Williams had passed without a response brief being filed and without new counsel entering an appearance on Plaintiffs' behalf, and asking the Court to grant Defendants' Motion to Dismiss. Dkt. #63. In response, the Court issued an Order to Show Cause on June 19, 2006 which required the Plaintiff to file an Answering Brief in Response to Defendant's Motion to Dismiss on or before July 3, 2006 or otherwise show cause why the case should not be dismissed for failure to prosecute. Dkt. #64. In response, Plaintiff Williams filed a document entitled "Motion to Amend Complaint and Motion for Case Scheduling Order." Dkt. #65. Plaintiff Williams' filing fails to respond to Defendants' arguments and fails to offer any reasons as to why the Court should allow Plaintiff Williams to amend the Complaint. The Court, therefore, should deny Plaintiff Williams' Motion to Amend and grant the Motion to Dismiss on its merits.

---

[1] *See* Dkt. #60. This motion is still outstanding.

I.  **AS TO MRS. WILLIAMS, THE COURT SHOULD DISMISS THIS CASE FOR LACK OF SUBJECT MATTER JURISDICTION BECAUSE SHE LACKS STANDING TO PURSUE CONSTITUTIONAL CLAIMS ON HER SON'S BEHALF AND SHE CANNOT REPRESENT HER SON *PRO SE***

This court lacks subject matter jurisdiction over claims brought by litigants who do not have constitutional standing.[2] With respect to the right to a free public education, the right belongs to the student, and not to his or her parents.[3] It is the student who is entitled to due process with respect to school disciplinary proceedings, not his parents.[4] Parents, therefore, lack standing to pursue, on their own behalf, claims that their children were improperly suspended or expelled from school.[5] This includes claims by parents that they were improperly denied requested disciplinary hearings by school officials because these claims arise from and are integrally related to the school's discipline of their child.[6] Parents, moreover, cannot represent their children *pro se* in federal court.[7]

Because Mrs. Williams has no standing to pursue either the Title VI claims or constitutional claims belonging to R.W. the Court should dismiss all counts of the Complaint with respect to Ms. Williams. In addition, despite having had more than four months to locate an attorney to represent the interests of R.W., Mrs. Williams has not located an attorney to represent the interests of her son in this matter. The Court, therefore, should dismiss the counts as to R.W. for failure to prosecute because R.W.'s claims cannot proceed without an attorney.

---

[2] *Brian A. v. Stroudsburg Area Sch. Dist.*, 141 F.Supp.2d 502, 507 (M.D. Pa. 2001).
[3] *Id.*
[4] *Brian A.*, 141 F.Supp.2d at 507.
[5] *Id.*; *Doe v. Woodbridge Elem. Sch. Dist. No. 68 Brd. of Ed.*, 2005 WL 910732 at *2 (N.D. Ill.) (Exh. 1) (holding that parents have no standing to pursue Title VI claims which belong to their children); *Collins v. Chichester Sch. Dist.*, 1998 WL 351718 at *3 (E.D. Pa.) (Exh. 2) (holding that parents have no standing to pursue due process and equal protection claims belonging their children); *Jackson v. Katy Independent Sch. Dist.*, 951 F.Supp. 1293, 1298 (S.D. Texas) (holding that parents have no standing to assert a claim for damages under Title VI in their own right).
[6] *Collins*, 1998 WL 351718 at *3.
[7] *See Hayes v. Board of Education for the Cape Henlopen Sch. Dist.*, 2003 WL 105482 at *1 (D. Del.) (Exh. 3).

II. **PLAINTIFFS' COMPLAINT SHOULD ALSO BE DISMISSED BECAUSE PLAINTIFFS HAVE FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Defendants' Motion to Dismiss raised several arguments, which are summarized as following:

1) Defendants are entitled to legislative and/or quasi-judicial immunity.

2) To the extent that Defendants are not entitled to legislative and/or quasi-judicial immunity, they are entitled to qualified immunity because even if Plaintiffs' rights were violated, reasonable school officials would not have believed that Plaintiffs' Due Process rights were violated.

3) To the extent that Defendants are not entitled to legislative or quasi-judicial immunity, they are entitled to qualified immunity with respect to Plaintiffs' equal protection claims because, to the extent that Plaintiffs identified similarly situated students in a non-protected class, officials could reasonably disagree with respect to whether R.W. was similarly situated with the other students involved in the incident.

4) Plaintiffs' Complaint fails to state an Equal Protection and Title VI claim for race discrimination because they failed to identify similarly situated individuals in a non-protected class.

5) Plaintiffs' Complaint fails to state a Due Process claim because school placement decisions do not invoke the protections of the Due Process Clause. Even if they did, the Complaint establishes that R.W. received all the process to which he was due.

6) Plaintiffs' Complaint against Defendant Wise and the District School Board Members should be dismissed because there are no factual allegations sufficient to implicate their direct involvement and claims alleging supervisory liability are not permitted under 42 U.S.C. § 1983. In addition, the Complaint's allegations of conspiracy with respect to these individuals are insufficient as there are no specific factual allegations supporting the claims in the Complaint.

Plaintiffs' response does absolutely nothing to address any of the legal arguments made. Rather, Plaintiffs assert, in conclusory fashion, that the motion should be denied because they need to take discovery and, therefore, the Court should enter a scheduling order to permit Plaintiffs to take the depositions of Defendants. Plaintiffs misconstrue the purpose of a Motion to Dismiss, which is directed to the facts alleged in the pleadings.

When considered a motion to dismiss, the Court accepts as true the material allegations in the Complaint and construes the allegations in favor of the plaintiff.[8] The Court need not, however, credit a complaint's "bald assertions" or "legal conclusions."[9] Discovery is rarely needed to respond to a motion to dismiss because such motions consider the allegations in the Complaint, exhibits attached to the Complaint, and external documents necessarily referenced and relied upon by Plaintiff in the Complaint, all of which are within the control of the plaintiff.[10]

Plaintiffs' response identifies no factual issues, nor addresses how discovery would be relevant to the purely legal issues raised. Plaintiffs, moreover, make only conclusory allegations regarding discrimination in their complaint and then assert that they need discovery to support their conclusory allegations.[11] Permitting Plaintiffs to proceed in this fashion would improperly

---

[8] *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).
[9] *Id.*
[10] *Vaughn v. Krehbiel*, 367 F.Supp.2d 1305, 1309 (D. Colo. 2005) (stating that the notion of needing discovery to respond to a motion to dismiss is oxymoronic). *See* Op. Brf. pg 10, n. 48-50 and accompanying text (identifying materials that can be considered in a motion to dismiss); *Pfizer, Inc. v. Ranbaxy Laboratories Ltd.*, 321 F.Supp.2d 612 (D. Del. 2004) (holding that discovery is not necessary to address a motion to dismiss that raises purely legal questions because additional factual discovery is not relevant to purely legal questions); *Oliver v. Franks*, 2005 WL 2989310 at *1 (E.D. Wis.) (Exh. 4) (stating that discovery is not necessary to respond to a motion to dismiss because such motions are based solely on the pleadings); *Florsheim Shoe Co., Div. of Interco. Inc. v. U.S.*, 1983 WL 190092 at *1 (C.I.T.) (Exh. 5) (holding that if the defendant's motion to dismiss raises solely questions of law, discovery of factual material is not necessary).
[11] *Morse*, 132 F.3d at 906 n.8 (quoting *Fernandez-Motes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993), for the proposition that "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."); *Young v. New Sewickley Township*, 160 Fed.Appx. 263 (3d Cir. 2005) (citing *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005), for the proposition that a plaintiff cannot use allegations of civil rights violations that amount to nothing more than conclusory, boilerplate langauge to support a claim for relief under 42 U.S.C. § 1983).

allow them to file factually unsupported claims, that have no basis in fact, and engage in a fishing expedition to try and find post-hoc support for their otherwise baseless complaints.[12]

Because Plaintiff has made no effort to rebut the arguments made by Defendants, and because the arguments raised are legal arguments which correctly state the law and apply the law to the facts of this case, the Court should grant Defendants' motion to dismiss.

### III.  THE COURT SHOULD DENY PLAINTIFFS' MOTION TO AMEND THE COMPLAINT BECAUSE THE PROPOSED AMENDMENT FAILS TO ADDRESS ANY OF THE DEFICIENCIES NOTED IN THE MOTION TO DISMISS AND, THEREFORE, THE AMENDMENT WOULD BE FUTILE

Although leave to amend the pleadings is freely given, the Court should deny leave to amend where the proposed amendment would be futile.[13] A proposed amendment is deemed to be futile if it could not withstand a motion to dismiss.[14] For the reasons stated in Defendants' Motion to Dismiss, and in Section II, *supra*, the Court should deny Plaintiffs' Motion to Amend the Complaint because the proposed amendments still fail to state a claim for which relief may be granted.

It is difficult to tell exactly what changes Plaintiffs have proposed in the amended Complaint because Plaintiffs failed to comply with L.R. 15.1, which requires Plaintiffs to provide the Court with a copy of the amended pleading which brackets materials to be deleted and underlines materials to be added. Defendants have attempted to compile a document highlighting the proposed changes, which is attached hereto as exhibit 7.

---

[12] *Zuk v. Eastern Pennsylvania Psychiatric Institute of the Medical College of Pennsylvania*, 103 F.3d 294, 299 (3d Cir. 1996) (stating that plaintiffs must have some basis in fact for filing an action and that discovery is not intended as a fishing expedition which would permit speculative pleadings of a case first, followed by the pursuit of discovery to support the speculative allegations).
[13] *Anderson v. General Motors Corp.*, 2004 WL 725208 at *3 (D. Del.) (Exh. 6).
[14] *Id.* (citing *Satellite Fin. Planning Corp. v. First Nat'l Bank*, 646 F.Supp. 118, 120 (D. Del. 1986)).

A review of the proposed amendments reveals that the proposed amendments do nothing to correct the fact that Plaintiffs' allegations are conclusory and do not identify similarly situated persons in non-protected classes who were treated differently.[15] In addition, the proposed amendments still fail to allege affirmative conduct with respect to Defendants Wise, Phillips, Durr, Evans, Howell, Merlet, MacKenzie and Scherer, which precludes Plaintiffs from maintaining an Equal Protection Claim against these defendants based upon supervisory liability.[16]

Although Plaintiffs' amended Complaint appears to assert that R.W. was expelled, rather than suspended, R.W. was not, in fact, expelled.[17] He was suspended, and then alternatively placed.[18]

Plaintiffs' proposed amended Complaint refers to the proposed alternative placement, the Compass School, being a Consortium School and the Kirk Middle school as being outside of the District's feeder program, and asserts that Mrs. Williams did not select either school as part of the school choice program.[19] It is unclear exactly why Plaintiffs added these references to the Complaint. Regardless of why these references were added, however, 14 *Del. C.* § 413 provides that nothing in the school choice program "shall be deemed to affect or alter district policies with regard to disciplining students, including suspensions and expulsions." Plaintiffs' additional allegations, therefore, still fail to state a claim.

---

[15] *See* Op. Brf. § III, pgs. 17-19.
[16] *See* Op. Brf. § IV, pgs. 19-20.
[17] *See* Proposed Am. Cmplt. ¶ 58, 67-68, 80.
[18] *Id. See also* Exh. 8 (Prelim. Inj. Hrg. Tr. at 55-56, 59-61, 90-91, 108-111, 119) (establishing that R.W. was suspended and alternatively placed, and that Plaintiff has no reasonable basis for believing that he was expelled).
[19] *See* Proposed Am. Cmplt. ¶¶ 10, 58, 83 (referring to consortium schools and schools outside of the feeder program); 14 *Del. C.* § 401, et. seq. (setting forth the school choice program).

The proposed amendment also makes numerous references to the purported rights of Mrs. Williams with respect to the disciplinary process. As was established in Section I, *supra*, however, Mrs. Williams does not have standing to pursue these claims on her own behalf. Plaintiffs' attempts to amend the Complaint to add additional allegations with respect to deprivations of Mrs. Williams rights, therefore, are futile.

To the extent that the proposed amended complaint seeks to state a first amendment retaliation claim, *See* ¶ 95-98, based upon the truancy charges filed against Plaintiffs, the proposed amendment fails to state a claim for retaliation and, therefore, permitting the amendment to assert this claim would be futile.

In First Amendment retaliation cases, the plaintiff must prove: 1) constitutionally protected conduct; 2) adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and 3) a causal connection between the exercise of his constitutional rights and the adverse action taken against him.[20] The plaintiff has the initial burden of showing that his constitutionally protected conduct was a substantial or motivating factor in the relevant decision.[21] If the plaintiff carries this burden, the burden shifts to the defendants to show, by a preponderance of the evidence, that they would have made the same decision even in the absence of the protected conduct.[22]

The Complaint alleges that the District filed truancy charges against Plaintiffs as a form of retaliation for Mrs. Williams holding her son out of school while trying to exercise her constitutionally protected rights.[23] Mrs. Williams, however, did not have a constitutional right to

---

[20] *Bacon v. Taylor*, 414 F.Supp.2d 475, 481 (D. Del. 2006).
[21] *Suppan v. Dadonna*, 203 F.3d 228, (3d Cir. 2000) (citing *Mount Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).
[22] *Id.*
[23] Proposed Am. Cmplt. ¶ 95-96.

hold her child out of school as school placement decisions do not invoke constitutional rights.[24] Moreover, Plaintiffs' proposed amended complaint clearly demonstrates that Ms. Williams could not have held a reasonable belief that her son's due process rights were violated with respect to the alternative placement as the complaint unequivocally demonstrates that R.W. was informed of the charges against him, Ms. Williams attended hearings, and she was granted an opportunity to present evidence and have an advocate argue on behalf of her son prior to the placement decision being made. Absent a objectively reasonable, good faith belief that a violation occurred, Plaintiff cannot state a claim for retaliation.[25]

Even if Plaintiffs otherwise stated a claim for retaliation, the proposed amended complaint still fails to state a claim because the defendants are entitled to qualified immunity.[26] To the extent that school transfers implicate the Due Process clause, the Complaint, even as amended, establishes that Plaintiffs received notice and an opportunity to be heard prior to the suspension[27] and R.W.'s alternative placement. In addition, R.W. had an opportunity to appeal his case regarding the alternative placement even though school procedures do not provide for

---

[24] Op. Brf. § 5.
[25] *Cf. Foster v. Time Warner Entertainment Co., L.P.*, 250 F.3d 1189 (8th Cir. 2001) (discussing an ADA case and stating that with respect to First Amendment retaliation claims brought by employees, an employee engages in protected activity only when she opposes an action by the employer based upon an objectively reasonable belief that her employer is engaging or has engaged in unlawful, discriminatory conduct); *Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1085 (3d Cir. 1996) (discussing a Title VII retaliation case) (stating that an employee making a retaliation claim need not prove the merits of the underlying complaint of discrimination, but only that she acted with a good faith, reasonable belief that a violation of the applicable law existed).
[26] *See* Op. Brf. § III.
[27] In paragraph 31 of the proposed amended Complaint, Plaintiffs contend that R.W. was suspended for more than 14 months. What in fact, occurred, however, was that Mrs. Williams kept her son out of school for 14 months because she did not agree with the alternative placement. *See* Proposed Am. Cmplt. ¶ 95; Prelim. Inj. Hrg. Tr. at 111 (wherein Mrs. Williams admitted that she would not send her son to any school placement other than his regular educational placement).

such an appeal. The facts, as alleged in the Complaint, establish that a reasonable person in the School District defendants' position would not have believed that Plaintiffs' rights were violated.

To the extent that Plaintiffs' amended Complaint seeks to assert a disparate impact claim under Title VI, this claim must also fail as a matter of law as Title VI applies only to intentional claims of discrimination.[28] Thus, Plaintiffs cannot maintain a disparate impact claim in this action.

Finally, the Court should deny the motion to amend to the extent that it states a cause of action against the individual defendants under Title VI because such suits may only be maintained against the federal entity receiving the funds.[29] A Title VI claim against the individual defendants, therefore, would be futile.[30]

Because Plaintiff's proposed amended Complaint fails to state a claim upon which relief can be granted, the Court should deny Plaintiffs' Motion to Amend and dismiss this action.

Respectfully submitted,
White and Williams LLP

JOHN D. BALAGUER (#2537)
WILLIAM L. DOERLER (#3627)
824 N. Market Street, Suite 902, P.O. Box 709
Wilmington, DE 19899-0709
Phone: 302.467.4508
*Attorneys for The Christina School District Board of Education, Joseph J. Wise, David Sunstrom, Sandra Countley, Sharon Denny, Freeman Williams, Brenda Phillips, James Durr, George Evans, Beverly Howell, Constance Merlet, John Mackenzie and Cecilia Scherer*

Date: July 11, 2006

---

[28] *Alexander v. Sandoval*, 121 S.Ct. 1511, 1516-17 (2001).
[29] *See Jackson v. Katy Independent Sch. Dist.*, 951 F.supp. 1293, 1298 (S.D. Tex. 1996).
[30] For this reason, the Court should also dismiss the Title VI claims against the individual defendants.

IN THE UNITED STATES DISTRICT COURT
FOR THE DELAWARE DISTRICT

R.W., A Minor, individually, by and through :
his parent and natural guardian SARAH WILLIAMS :
and SARAH WILLIAMS, individually, :
          PLAINTIFFS, :   C.A. NO. 05-CV-00662
 : 
V. :
 :
THE DELAWARE DEPARTMENT OF :
EDUCATION; *et. al.* :

**ORDER**

    WHEREAS this _____ day of _____, 2006, having considered the Christina School District Defendants' Motion to Dismiss for Failure to State a Claim, and Plaintiffs' Response thereto in the form of a Motion to Amend Complaint and Motion for Case Scheduling Order, and

    WHEREAS the Court has also considered the Christina School District Defendants' Response to Plaintiffs' Motion to Amend Complaint and Motion for Case Scheduling Order, it is hereby ordered that Defendants' Motion to Dismiss is **GRANTED** and Plaintiffs' Motions are **DENIED**. Plaintiffs' Complaint, therefore, is hereby dismissed, with prejudice.

    IT IS SO ORDERED.

                                                                           _____
                                                                                  JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DELAWARE DISTRICT

| | |
|---|---|
| R.W., A Minor, individually, by and through his parent and natural guardian SARAH WILLIAMS and SARAH WILLIAMS, individually,<br>    PLAINTIFFS,<br><br>V.<br><br>THE DELAWARE DEPARTMENT OF EDUCATION; *et. al.* | :<br>:<br>:<br>:<br>:  C.A. NO. 05-CV-00662<br>:<br>:<br>:<br>:<br>: |

## CERTIFICATE OF SERVICE

  I, William L. Doerler, Esquire, do hereby certify that on this 11th day of July, 2005 one (1) copy of the foregoing **DEFENDANTS THE CHRISTINA SCHOOL DISTRICT BOARD OF EDUCATION, JOSEPH J. WISE, DAVID SUNSTROM, SANDRA COUNTLEY, SHARON DENNY, FREEMAN WILLIAMS, BRENDA PHILLIPS, JAMES DURR, GEORGE EVANS, BEVERLY HOWELL, CONSTANCE MERLET, JOHN MACKENZIE AND CECILIA SCHERER, REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS AND RESPONSE TO PLAINTIFFS' MOTION TO AMEND COMPLAINT AND MOTION FOR CASE SCHEDULING ORDER** were delivered via E-File and Serve, and First Class Mail, postage prepaid upon:

| | |
|---|---|
| Ms. Sarah Williams<br>322 East 10th Street<br>Wilmington, DE 19801 | Craig Romond Fitzgerald, Esquire<br>Department of Justice<br>102 West Water Street<br>Dover, DE 19904 |

- 2 -

                WHITE AND WILLIAMS LLP

BY: _____
       WILLIAM L. DOERLER (#3627)
       824 N. Market Street, Suite 902
       P.O. Box 709
       Wilmington, DE 19899-0709
       Phone: 302.467.4508
       *Attorneys for The Christina School District Board of Education, Joseph J. Wise, David Sunstrom, Sandra Countley, Sharon Denny, Freeman Williams, Brenda Phillips, James Durr, George Evans, Beverly Howell, Constance Merlet, John Mackenzie and Cecilia Scherer*