# EXHIBIT 3

Westlaw.

Not Reported in F.Supp.2d                                                                                  Page 1
Not Reported in F.Supp.2d, 2003 WL 105482 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

**C**
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Barbara L. HAYES, Plaintiff,
v.
THE BOARD OF EDUCATION FOR THE CAPE
HENLOPEN SCHOOL DISTRICT, Defendant.
**No. Civ.A. 02-55-SLR.**

Jan. 3, 2003.

MEMORANDUM ORDER
ROBINSON, J.
*1 At Wilmington this 3rd day of January, 2003,
having reviewed the papers submitted;

IT IS ORDERED that defendant's motion to dismiss
(D.I.9) is granted, for the reasons that follow:

1. On January 22, 2002 plaintiff Barbara L. Hayes
("Hayes") filed this action seeking reimbursement of
expenses and consultant's fees as a prevailing party
under the Individuals with Disabilities Education Act
("IDEA"), 20 U.S.C. § 1415. FN1 (D.I.1) Hayes
contends that she was forced to institute a due
process hearing action because defendant, The Board
of Education for the Cape Henlopen School District
("The Board"), refused to provide services to which
her disabled minor son was entitled under the IDEA.
Hayes additionally asserts claims under 29 U.S.C. §
794, 42 U.S.C. § 1983 and contends punitive
damages should be awarded because The Board has
refused to implement the decision of a due process
hearing panel. (*Id.*, letter dated 11/25/01) Hayes
indicates the hearing panel ruled in her favor and
ordered the Board to provide services for her son.FN2

FN1. Congress enacted the IDEA " 'to
assure that all children with disabilities have
available to them ... a free appropriate public
education which emphasizes special
education and related services designed to
meet their unique needs." ' *Cedar Rapids
Cmty. Sch. Dist. v. Garret F.*, 526 U.S. 66,
68 (1999) (quoting 20 U.S.C. § 1400(c)).
The "centerpiece" of the IDEA's education
delivery system is the "individualized
education program," or "IEP." *Honig v.
Doe,* 484 U.S. 305, 311 (1988). The IEP, the

result of collaborations between parents,
educators, and representatives of the school
district, "sets out the child's present
educational performance, establishes annual
and short-term objectives for improvements
in that performance, and describes the
specially designed instruction and services
that will enable the child to meet those
objectives." *Id.*

FN2. The panel decided that: 1) Hayes' son
is entitled to special educational services by
reason of having an "other health
impairment;" 2) The Board should promptly
convene an IEP team meeting to develop an
appropriate IEP for the son; 3) the IEP team
must consider what compensatory services,
including summer services, to which the son
is entitled under § 504 of the Rehabilitation
Act; and 4) if The Board does not promptly
formulate an appropriate IEP and if the
compensatory services aspect of the plan is
not addressed adequately, "Ms. Hayes is
encouraged to take appropriate action." (D.I.
1; 10, Ex. A) The Board indicates neither
side has appealed the panel's decision.
(D.I.10)

2. The Board has filed an answer and moved to
dismiss the case. (D.I.4, 9, 10) After Hayes requested
an extension of time (D.I.11), the court enlarged the
time to respond to the motion to dismiss, to exhaust
administrative remedies and to find counsel to
represent the interests of her son. (D.I.13) By letter
dated July 14, 2002, Hayes advised the court that she
wished to sever her son's claims from her own
"because [she] cannot find an attorney that [she] can
afford to represent [them]." FN3 (D.I.14) She argues
that she is an injured party under the IDEA and
wishes to pursue the instant lawsuit *pro se.* FN4 *See
Collinsgru v. Palmyra Board of Education,* 161 F.3d
225 (3d Cir.1998).

FN3. No lawsuit, however, has been filed on
behalf of her son, specifically naming her
son as the plaintiff.

FN4. Hayes indicates that because a due
process hearing panel issued a decision on
July 11, 2002, she has exhausted her

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 105482 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

administrative remedies as mandated by the court's order. Although the disposition of the second due process hearing panel is provided by neither side, the court accepts Hayes' undisputed representation that the matter was decided in July 2002 and, therefore, the exhaustion requirement has been satisfied. The second action sought reimbursement for services expended during the first hearing and for reimbursement of tuition for her son's education in a private school in Vermont. (D.I. 14; 10, Ex. B)

3. In analyzing a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true all material allegations of the complaint and it must construe the complaint in favor of the plaintiff. *See* *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.,* 140 F.3d 478, 483 (3d Cir.1998). "A complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." *Id.* Claims may be dismissed pursuant to a Rule 12(b)(6) motion only if the plaintiff cannot demonstrate any set of facts that would entitle him to relief. *See* *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). Where the plaintiff is a *pro se* litigant, the court has an obligation to construe the complaint liberally. *See* *Haines v. Kerner,* 404 U.S. 519, 520-521 (1972); *Urrutia v. Harrisburg County Police Dep't.,* 91 F .3d 451, 456 (3d Cir.1996). The moving party has the burden of persuasion. *See* *Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F .2d 1406, 1409 (3d Cir.1991).

4. It has long been established that a federal court litigant has the right to proceed without counsel or *pro se.* 28 U.S.C. § 1654. However, in the area of suits brought by *pro se* parents on behalf of children, the United States Court of Appeals for the Third Circuit has established definitive prerequisites for maintaining actions. For example, a non-attorney parent cannot represent his or her children in a tort action in federal court. *See* *Osei-Afriyie v. Medical College of Pa.,* 937 F.2d 876, 882 (3d Cir.1991). The Third Circuit has reasoned that "it helps to ensure that children rightfully entitled to legal relief are not deprived of their day in court by unskilled, if caring, parents." *Id.* at 236. This holding applies to cases instituted by *pro se* parents under the IDEA. *Collinsgru,* 161 F.3d 225, 231.

*2 According to the Court:
In the IDEA, Congress expressly provided that

parents were entitled to represent their child in administrative proceedings. That it did not also carve out an exception to permit parents to represent their child in federal proceedings suggests that Congress only intended to let parents represent their children in administrative proceedings.

*Id.* at 232. Moreover, after an exhaustive examination of the statute, legislative history and case law, the Third Circuit has determined that Congress intended certain areas of the IDEA to apply directly to children and not to their parents. *Id.* at 234-237. The Court wrote: "We conclude that the IDEA's language and legislative history, as well as relevant case law and policy considerations, suggest that Congress did not clearly intend to create joint rights in parents under the IDEA." *Id.* at 236. Along these lines, a parent cannot institute an action to enforce rights under the IDEA even if the parent contends that he or she is truly the injured party. *Id.* (IDEA rights are divisible not concurrent).

5. Applying this authority to Hayes' claims under the IDEA, the court finds the action must be dismissed as Hayes' minor son is the real party in interest. The violations Hayes asserts are based upon the rights afforded to her son under the IDEA and are neither transferrable nor severable to her. *Id.* Moreover, to the extent Hayes seeks recovery of an "award of attorney's fees to the parents of a child with a disability who is the prevailing party" under 20 U.S.C. § 1415(i)(3)(B), the Third Circuit has limited such awards to the child who is the prevailing party and has specifically rejected classifying the parent as the prevailing party. *Id.* at 234.

6. Hayes next contends that "I as Plaintiff and my son were victims of harassment and intimidation under Section 504." (D.I. 1 at 4) *See* 29 U.S.C. § 794. "While [the] IDEA sets forth a positive right to a 'free appropriate public education,' § 504 bars all federally funded entities (governmental or otherwise) from discriminating on the basis of disability." *Susavage v. Bucks County Schools Intermediate Unit No. 22,* 2002 WL 109615, at 18 (E.D. Pa 2002), quoting, *W.B. v. Matula,* 67 F.3d 484, 502 (3d Cir.1995). To assert a viable claim under § 504, four factors must be established, *Nathanson v. Medical College of Pennsylvania,* 926 F.2d 1368, 1380 (3d Cir.1991), the first of which, that she is a disabled individual, the court finds that Hayes has failed to demonstrate.

7. Finally, although Hayes has invoked 42 U.S.C. § 1983 in her complaint, she has not provided any

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 105482 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

allegations for the court to infer the substance of this argument.

D.Del.,2003.
Hayes v. Board of Educ. for Cape Henlopen School
Dist.
Not Reported in F.Supp.2d, 2003 WL 105482
(D.Del.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.