# EXHIBIT 4

Westlaw.

Slip Copy    Page 1
Slip Copy, 2005 WL 2989310 (E.D.Wis.)
(Cite as: Slip Copy)

C
Only the Westlaw citation is currently available.
United States District Court,E.D. Wisconsin.
Freddie OLIVER, Plaintiff,
v.
Matthew FRANKS, Gary R. McCaughtry, Marc Clements, Captain Michael Thomas, Jeff Friday, Sgt. Douglas Knapp, Michael Mahn, and Brian Zimmerman, Defendants,
No. 04-C-735.

Nov. 7, 2005.

Freddie Oliver, Waupun, WI, pro se.
Karla Z. Keckhaver, Wisconsin Department of Justice Office of the Attorney General, Madison, WI, for Defendants.

ORDER

ADELMAN, J.
*1 On September 28, 2005, defendants filed Defendants' Motion to Stay Summary Judgment on the Merits Pending Disposition of the Defendants' Motion for Summary Judgment for Failure to Exhaust Administrative Remedies and Motion to Dismiss Third Amended Complaint. Along with their motion to stay, defendants filed a motion for summary judgment on the issue of exhaustion only and a motion to dismiss for failure to state a claim. According to defendants, given their pending dispositive motions, requiring them to prepare for summary judgment on the merits would be burdensome and a waste of public resources.

Currently, the deadline for the completion of discovery is November 14, 2005, and the deadline for filing dispositive motions is December 14, 2005. Defendants request that the court stay the summary judgment deadline, while the exhaustion summary judgment and motion to dismiss is pending, and allow the defendants to file summary judgment on the merits if the exhaustion summary judgment motion and motion to dismiss are denied.

In response to defendants' motion, plaintiff filed "Plaintiff's Motion to Stay All Summary Judgment Proceedings Until After Completion of Discovery." He requests that summary judgment proceedings be stayed until all discovery is completed. Plaintiff asserts that on September 22, 2005, and in early October, 2005, he submitted his third set of interrogatories and supplemental third set of interrogatories on defendants but he received no answer.

In response to plaintiff's motion, defendants state that they have no objection to a short stay of the exhaustion summary judgment (or extension of plaintiff's deadline for response) while plaintiff conducts discovery on the exhaustion issue. However, they also maintain that plaintiff does not need discovery to respond to the pending motion.
The motion to dismiss is based solely on the pleading so Oliver does not need any other documents in order to respond. With regard to the exhaustion summary judgment, the Defendants have submitted documents outside the pleadings, but Oliver still does not need discovery to respond because the submitted documents show that Oliver did not appeal his administrative grievance, which was rejected as untimely, to the warden, as required, and, therefore, whether he had good cause to file a late grievance is irrelevant. (9/27/05 SJ/MTD Brief at pp. 7-8).
Moreover, to date, Oliver has submitted six discovery requests to the Defendants. Only the first request, to which the Defendants responded on March 24, 2005, addressed the exhaustion issue. Accordingly, Oliver has had plenty of time to discover any facts necessary to his argument that he had good cause to file a late grievance.
In summary, the issues of whether Oliver exhausted his administrative remedies and whether his third amended complaint states a claim should be resolved first, before the parties are required to prepare for summary judgment on the merits. To the extent Oliver needs discovery to respond to that motion, the Defendants request that the Court limit discovery to the exhaustion issue and provide deadlines for such discovery and for Oliver's response to the Defendants' motion.

*2 (Defs.' Resp. to Pl.'s Mot. to Stay at 2-3.)

Exhaustion of administrative remedies is a condition precedent to suit. _Dixon v. Page,_ 291 F.3d 485, 488 (7th Cir.2002) (citing _Perez v. Wis. Dep't of Corrections,_ 182 F.3d 532, 535 (7th Cir.1999)). Limiting discovery to a threshold issue is proper in a case that may be resolved upon summary judgment. See _Todd v. Merrell Dow Pharm., Inc.,_ 942 F.2d

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

1173, 1178 (7th Cir.1991); *Williamson v. United States Dep't of Agric.*, 815 F.2d 368, 382 (5th Cir.1987) (district court has authority to stay discovery pending resolution of summary judgment motion); *Sprague v. Brook*, 149 F.R.D. 575 (N.D.Ill.1993) (discovery stayed pending resolution of motion to dismiss, where requested discovery would not help resolve the motion).

Under these circumstances, defendants' motion to stay the summary judgment deadline pending resolution of their motion for summary judgment for failure to exhaust and motion to dismiss for failure to state a claim is appropriate. Therefore, defendants' motion will be granted, and plaintiff's motion will be denied.

Following resolution of defendants' dispositive motions, I will set an amended scheduling order if necessary. The deadline for the completion of discovery is currently set for November 14, 2005. (Scheduling Order, August 17, 2005.) Plaintiff will be granted additional time until January 16, 2005, for the completion of discovery. However, discovery is limited to the issue of exhaustion of administrative remedies. Plaintiff's response to defendants' motion for summary judgment and motion to dismiss will be due on February 13, 2006.

As an additional matter, Correctional Officer Matthew Huelsman should be removed from the case docket because he is not a defendant in this case. Officer Huelsman was named as a defendant in the caption of plaintiff's proposed second amended complaint, which plaintiff filed along with his April 27, 2005, motion to amend. However, plaintiff subsequently filed another motion to amend along with a proposed third amended complaint. Correctional Officer Huelsman was not named in that version of the complaint. On August 17, 2005, I granted plaintiff's June 13, 2005, motion to amend the complaint and the proposed third amended complaint became the operative complaint in this action. The proposed second amended complaint was never the operative complaint. Based on the foregoing, the clerk's office will be directed to terminate Correctional Officer Huelsman from this action.

CONCLUSION

For the foregoing reasons,

IT IS THEREFORE ORDERED that defendants' motion to stay summary judgment on the merits pending disposition of the defendants' motion for summary judgment for failure to exhaust administrative remedies and motion to dismiss third amended complaint (Docket # 41) is GRANTED.

IT IS FURTHER ORDERED that plaintiff's motion to stay all summary judgment proceedings until after completion of discovery (Docket # 44) is DENIED.

*3 IT IS FURTHER ORDERED plaintiff is granted additional time until January 15, 2006, for the completion of discovery. Discovery is limited to the issue of exhaustion of administrative remedies.

IT IS FURTHER ORDERED that plaintiff's response to defendants' motion for summary judgment for failure to exhaust administrative remedies and motion to dismiss for failure to state a claim is due on February 13, 2006.

IT IS FURTHER ORDERED that the clerk's office terminate Correctional Officer Matthew Huelsman from this action.

Dated at Milwaukee, Wisconsin, this 5 day of November, 2005.

E.D.Wis.,2005.
Oliver v. Franks
Slip Copy, 2005 WL 2989310 (E.D.Wis.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.