# EXHIBIT 5

Westlaw.

Not Reported in F.Supp.    Page 1
Not Reported in F.Supp., 5 C.I.T. 1, 1983 WL 190092 (CIT)
**(Cite as: Not Reported in F.Supp.)**

H

United States Court of International Trade.
THE FLORSHEIM SHOE COMPANY, DIVISION OF INTERCO, INC., PLAINTIFF.
v.
UNITED STATES, DEFENDANT.
No. 82-4-00484.

January 7, 1983.

*1 Baker & McKenzie (William D. Outman, II and Munford Page Hall, II, Esqs., of counsel) for the plaintiff.
J. Paul McGrath, Assistant Attorney General (Joseph I. Liebman, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, and Michael P. Maxwell, Esq.) for the defendant.

*2 NEWMAN, Judge:
My recent order of December 30, 1982 summarized the background of defendant's pending motion and plaintiff's cross-motion for extensions of time arising out of defendant's motion to dismiss and plaintiff's discovery request. See 4 CIT 275 (1982). Further, that order observed that it was unclear from plaintiff's papers whether there are issues of fact concerning the grounds asserted in defendant's motion to dismiss.[FN1] More, the order pointed out that "if defendant's motion to dismiss solely raises questions of law, then discovery of factual matter is unnecessary." For the purpose of clarifying plaintiff's need for discovery and resolving the question of "who goes first," an informal discovery conference was held in chambers on January 5, 1983, as scheduled in the order.

> FN1. To reiterate, the grounds asserted in defendant's motion to dismiss are: plaintiff's lack of standing, the complaint's failure to state a claim, and the scope of review for the Presidential action complained of.

At the conference, counsel for plaintiff was accorded a full opportunity to clarify plaintiff's legal theories relative to the threshold issues raised by the Government's motion to dismiss, and plaintiff's predicate for asserting the existence of "questions of law and fact which must be resolved before the Court can decide whether to dismiss the present action". In that connection, plaintiff's counsel presented oral argument and submitted to the Court an outline summarizing the procedural history of this litigation, the three grounds relied upon by defendant in its motion to dismiss, and the "[r]easons plaintiff requires discovery to respond to defendant's motion to dismiss". Plaintiff's outline limited the initial broad-scale discovery request to specific interrogatories claimed to be relevant to two of the three grounds for dismissal urged by defendant.[FN2]

> FN2. Plaintiff concedes that on the question of lack of standing there are no factual issues. In fairness to plaintiff, it should be noted that plaintiff served its request for discovery prior to defendant's service of a motion to dismiss the action.

At the conference, defendant adhered to its position that its motion to dismiss rests on questions of law, and conceded that as to any factual matters, the allegations in the complaint must be deemed to be true for purposes of the motion to dismiss.

After due consideration of the memoranda filed in support of the pending cross-motions and the oral presentations of counsel at the conference,[FN3] I have concluded that the grounds asserted in defendant's motion to dismiss, essentially, raise questions of law.

> FN3. The Court desires to express appreciation to counsel for both parties appearing at the conference for their helpful clarification of their respective positions.

As previously noted, plaintiff concedes that on the question of standing there are no factual issues; and as to whether the complaint states a cognizable claim, defendant concedes that all allegations must be deemed to be true for purposes of the motion to dismiss. The third question raised by defendant--the Court's scope of review in this case--plainly is a matter of law. Obviously, then, if this action is dismissed on the basis of any of the three gounds urged by defendant, plaintiff's proposed discovery will be unnecessary. Under all the circumstances, I see no prejudice to plaintiff in *3 deferring its discovery until after defendant's motion to dismiss is adjudicated.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  
Not Reported in F.Supp., 5 C.I.T. 1, 1983 WL 190092 (CIT)  
**(Cite as: Not Reported in F.Supp.)**

Page 2

Accordingly, it is hereby

Ordered that defendant's motion for an extension of time be, and hereby is, granted; plaintiff's cross-motion for an extension of time is denied; and it is further

Ordered that defendant's time to respond to plaintiff's interrogatories and request for production herein be, and hereby is, stayed and extended to and including thirty (30) days from the entry of an order adjudicating defendant's pending motion to dismiss in this action; and it is further

Ordered that plaintiff shall respond to defendant's motion to dismiss this action within thirty (30) days of the entry of this order.

Floresheim Shoe Co. v. U.S.  
Not Reported in F.Supp., 5 C.I.T. 1, 1983 WL 190092 (CIT)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.