# EXHIBIT 7

IN THE UNITED STATES DISTRICT COURT FOR THE DELAWARE DISTRICT

R.W., a Minor, individually, by and through his parent and natural guardian SARAH WILLIAMS; AND SARAH WILLIAMS, individually, : }

        PLAINTIFFS,

   v.

THE DELAWARE DEPARTMENT OF EDUCATION; VALERIE WOODRUFF; personally and in her official capacity as the Secretary of Education for the State of Delaware; THE STATE OF DELAWARE BOARD OF EDUCATION; and JOSEPH PIKA, Ph. D.; JEAN ALLEN; RICHARD M. FARMER, JR.; MARY GRAHAM, ESQ.; BARBARA RUTT; DENNIS SAVAGE; CLAIRBOURNE D. SMITH; ANNE CASE; VALERIE WOODRUFF; personally and in their official capacity as Members of the State Board of Education; and THE CHRISTINA SCHOOL DISTRICT; JOSEPH J. WISE, personally and in his official capacity as the Superintendent of the District; DAVID SUNSTROM, personally and in his official capacity as the Assistant Superintendent of the District; SANDRA COUNTLEY, personally and in her official capacity; SHARON DENNY, personally and in her official capacity; FREEMAN WILLIAMS, personally and in his official capacity; THE CHRISTINA SCHOOL DISTRICT SCHOOL BOARD; BRENDA PHILLIPS; JAMES DURR; GEORGE EVANS, ESQUIRE; BEVERLY HOWELL; CONSTANCE MERLET JOHN MACKENZIE; CECELIA SCHERER; and JOSEPH WISE; all personally and in their official capacity as Members of the CHRISTINA {SCHOOL DISTRICT; DELAWARE SCHOOL BOARD ASSOCIATION; SUSAN SHEPARD AND RED CLAY }SCHOOL DISTRICT

        DEFENDANTS.

C.A. No. 05-662

{L.------}

## {AMENDED COMPLAINT}{

**I.** }PRELIMINARY STATEMENT

1. This is a civil rights action brought on behalf of R.W., a minor, ({RM}{**R.W**}.) under the Civil Rights Act of {1871, 42}{**1871,42**} U.S.C. Section 1983; and Title VI of the Civil Rights Act of 1964; by and through his parent and natural guardian, SARAH WILLIAMS, (Parent) against{ **the Delaware School Board Association and**} the Delaware Department of Education, (DOE); its Secretary, (Secretary); its Board of Directors, (DOE Board); The Christina School District, (District); its Superintendent and Assistant Superintendent; its School Board Members, (School Board) and personnel related to the Alternative School Program, for compensatory and punitive damages for violations of the Equal Protection and Due Process Clauses of the Constitution of the United States, Federal and State Laws that protect R.W.'s right to an Education and right to be free from Discrimination based on race. Further, R.W. seeks a Declaration that the District's policy and procedures regarding Alternative Placement are unconstitutional for failure to provide Due Process; and Injunctive Relief to prohibit the {**School** }District from further violating R.W.'s rights by forcing him to attend an Alternative Placement for one month prior to his returning to School on August 29, 2005, again in violation of his Due Process Rights; further to prohibit the District from Discriminating against minority children in its application of discipline{ **and equal public education**}.

**II.**   JURISDICTION AND VENUE

2. This action is brought pursuant to 42 {U}{**V**}.S.C. Sections 1983, 1985 and 1988. Jurisdiction is based on 28 {U}{**V**}.S.C. Sections 1331 and 1334. Plaintiffs' cause of action arises under Title VI of the Civil Rights Act of 1964; The Civil Rights Act of 1871; 42 {U}{**V**}.S.C. Sections 2000 (d) (1) and 2000 (d) (2); 5 {U}{**V**}.S.C. Sections 701-706, and the Fifth and the Fourteenth of the Amendments to the United States Constitution. Plaintiffs are

2

entitled to {~~Emergency~~}Preliminary and Injunctive relief pursuant to 28 U.S.C., F.R. Civ. P. 65 and under the Laws of the United Stated because there is {~~110~~}{<u>**no**</u>} adequate remedy at law and Plaintiffs{<u> **and other parents**</u>} have suffered and will continue to suffer irreparable harm absent injunctive relief. Venue is properly in this Court in that all parties reside in this District and the matter at issue arose in this District.

### III. PARTIES

3. The Plaintiffs are R.W., a thirteen -year old student of the Defendant District, and his parent and natural guardian, Sarah Williams. They reside at 322 East 10<sup>{th</sup>~~-Street~~}{<u>**thStreet**</u>}, Wilmington, County of New Castle, DE 19801 and are citizens of the State of Delaware.

4. The Delaware Department of Education is located at the Townsend Building, 401 Federal Street, Dover, DE 19901. It is the governmental agency responsible for administrating public school programs within the State of Delaware and is the entity which, pursuant to State law has the ultimate legal control of the educational process. The DOE has the ultimate authority and duty to cause the Defendant District to comply with the requirements of state and federal law. The DOE is a recipient of federal funds. As a result of the failure of the DOE to assure compliance with the laws, both state and federal, R.W. and his Parent {<u>**and citizen**</u>}have suffered harm and will continue to suffer harm by loss of education; loss of educational opportunities; serious injury to his ability to become a productive member of the community and the workforce, emotional harm and other irreparable harm in that R.W. has loss time for education{<u>**, sports activities, and social activities**</u>} which he can never get back.

5. Defendant Valerie Woodruff is the Secretary of Education for the State of Delaware. Under 14 Del. C. Section 101-10103, Secretary Woodruff is responsible for the overall administration of the DOE. At all times relevant herein, Secretary Woodruff was responsible for the supervision of agents, servants, and employees of the DOE and the Board{

**failed to monitor school districts homebound and state board violations**}. The Secretary is sued personally and in her official capacity as Secretary of Education for the State of Delaware. Her office is located in the Townsend Building, Federal Street, Dover, DE 19901.

6. Defendant State of Delaware School Board is established under 14 Del. C. Section 104 and is the governmental agency empowered, among other things: to decide certain types of controversies and disputes involving the administration of the public school systems, (14 Del.C. Section 104 (b) (5)) as well as decide all controversies involving rules and regulations of local school boards ({~~Id~~}{**fd**}. at (7)){ **and failure to remand cases without local board hearing**}.

7. Defendant Joseph Pika, Ph.D. is President of the Defendant Board and is {**impartial decision maker** }responsible for administration of the Board. He is being sued personally and in his official capacity. His office is located at The Townsend Building, 401 Federal Street/Suite 2, Dover, DE 19901.

8. Defendant Jean Allen is the vice-president of the Board{~~.~~}{**, and impartial decision maker**} She is being sued personally and in her official capacity. Her office is located at The Townsend Building, 401 Federal Street/Suite 2, Dover, DE 19901.

9. Defendants Richard M. Farmer Jr. ; Mary Graham, Esquire; Barbara Rutt; Dennis Savage; Clairbourne D. Smith; Anne Case; Valerie Woodruff; all sit as members of the Board and together with Defendants Pika and Allen, at all times relevant hereto, failed to oversee Defendant District's policies{~~and~~}{**,**} procedures{**, and impartial decision maker**} regarding {**suspensions, homebound, and** }Alternative Placements which resulted in harm to R.W.{ **and mother Sarah Williams**} supra. They are being sued personally and in an official capacity. Their office is located at The Townsend Building, 401 Federal Street/Suite 2, Dover, DE 19901.

4

10.     Defendant Christina School District is a political subdivision of the State of Delaware performing the function of administering public education under the laws of the State of Delaware. It is responsible for and obligated to provide public education to R.W.{**, and enrollment within his feeder pattern.**} Its principal place of business is 600 North Lombard Street, Wilmington, DE 19801. The District caused harm to R.W. {**and his mother Sarah Williams**}due to unconstitutional policies and procedures which deprived R.W{.}{ **and his mother Sarah Williams**} of his equal protection and due process rights. The District is a federally funded program and activity under Title VI of the {Civil}{**civil**} Rights Act of 1964 which prohibits discrimination on the basis of race, color or national origin in federally assisted programs and activities receiving assistance from the U.S. Government.

11.     Defendant Joseph J. Wise (Wise) is the Superintendent of the Defendant District. At all times relevant herein, Superintendent Wise was responsible for the supervision of agents, servants, and employees of the Defendant District{ **and be incompliance with state regualations**}. He is sued personally and in his official capacity as Superintendent of Defendant District. His principal place of business is 600 North Lombard Street, Wilmington, DE 19801. At all times relevant herein, Defendant Wise did conspire with other named Defendants to deprive R.W. {of}{**and**} his {**mother Sarah Williams of their** }equal protection and due process rights.

12.     Defendant David {Sundstrom}{**Sandstorm**}, ({Sundstrom}{**Sunstrom**}) is the Assistant Superintendent of Defendant District. At all times relevant herein, Defendant {Sundstrom}{**Sunstrom**} was responsible for the supervision of agents, servants, and employees of the Defendant District. He is sued personally and in his official capacity as Assistant Superintendent of Defendant District. His principal place of business is 600 North Lombard Street, Wilmington, DE 19801. At all times relevant herein, {Sundstrom}{**Sunstrom**} did

5

conspire with other named Defendants to deprive R.W. of his equal protection and due process rights.

13. Defendant Sandra Countley, (Countley) {is}{**was appointed**} the Director of Alternative Placement Defendant District{ **from principal of Christiana High School**}. At all times relevant herein, Countley was responsible for the Alternative Placement Program{**, and be incompliance with state and federal law**}. She is sued personally and in her {**appointed** }official capacity as Alternative Placement Program of Defendant District. Her principal place of business is 600 North Lombard Street, Wilmington, DE 19801. At all times relevant herein, Countley did conspire with {**Gina Moody, Sharon Denny, and** }other named Defendants to deprive R.W. {of}{**and**} his{ **mother Sarah Williams of their**} equal protection and due process rights.

14. Defendant Sharon Denny (Denny) is the Coordinator of the Alternative Program for Defendant District. At all times relevant herein, Denny was {**to be incompliance with state and federal law, and be** }responsible for the supervision and implementation of the Program. She is sued personally and in his official capacity as Coordinator of the Alternative Program for Defendant District. Her principal place of business is 600 North Lombard Street, Wilmington, DE 19801. At all times relevant herein, Denny did conspire with other named Defendants to deprive R.W. of his equal protection and due process rights.

15. Defendant Eleanor Ludwigesen (Ludwigsen) the Principal of {ShueMedill}{**Shue- Medill**} Middle School, one of the schools located within the boundaries of the Defendant District at 1500 Capital Trail, Newark, DE 19711. At all times relevant herein, Ludgwigsen was responsible for the supervision of agents, servants{**, students**}, and employees of the Middle School. She is sued personally and in his official capacity as Principal. At all times

6

relevant herein, Ludwigsen did conspire with {**Sharon Denny, Gina Moody, David Sunstrom, and**} other named Defendants to deprive R.W. {**and his mother Sarah Williams**} of his equal protection and due process rights.

16.   Defendant Gina Moody is the Assistant Principal of Shue-Medill Middle School, one of the schools located within the boundaries of the Defendant District at 1500 Capital Trail, Newark, DE 19711. At all times relevant herein, Moody was responsible for the supervision of agents, servants, {**students,**} and employees of the Middle School. She is sued personally and in his official capacity as Assistant Principal. At all times relevant herein, Moody did conspire with other named Defendants to deprive R.W. of his equal protection and due process rights.

17.   Defendant Freedman Williams (Williams) {is}{**was appointed**} the Director of School Operations for the Defendant District. At all times relevant herein, Williams was responsible for the supervision of agents, servants, and employees of the District. He is sued personally and in his official capacity as District Director of Operations. His principal place of business is 600 North Lombard Street, Wilmington, DE 19801. At all times relevant herein, Williams did conspire with other named Defendants to deprive R.W. {of}{**and**} his {**mother Sarah Williams of their**} equal protection and due process rights.

18.   Defendant Christina School Board (School Board) is established under {14}{**IL**} Del. C. Section 1041 et. seq. and has the authority to administer{**, decide controversies through hearings,**} and supervise the free public schools of the reorganized school district and have the authority to determine policy and adopt rules and regulations{**, and be incompliance with state and federal law**} for the general administration and supervision of the District. Its principal place of business is 600 North Lombard Street, Wilmington, DE 19801. The School Board violated R.W.'s {**and his mother Sarah Williams'**} rights by failing to {**schedule a school**

7

<u>board hearing, and to</u> }provide due process rights upon a placement in an Alternative School; by permitting a continuous policy and procedures to exist in the Student Code of Conduct{<u>, and not within the Student Code of Conduct</u>} which discriminate against R.W. and {<u>his mother Sarah Williams and</u> }denies equal protection by subjecting{;} R.W.{<u> and his mother Sarah Williams</u>} to discriminatory treatment in regard to {discipline}{<u>suspension, extended suspension, homebound, and expulsion</u>} for R.W., a minority child. Due to this continuous policy and procedure, R.W. and Parent suffered the harm, supra.

19. Defendants Brenda Phillips; James {Durr}{<u>Dun</u>}, George Evans, Esquire; Beverly Howell; Constance Merlet; John MacKenzie; Cecelia Scherer; and Joseph Wise are, at all relevant times, all members of the School Board. They are being sued personally and in their official capacity. Their official place of business is 600 North Lombard Street, Wilmington, DE 19801. The School Board members permitted a continuous policy and procedure to exist, in the Student Code of Conduct, {<u>and not within the Student Code of Conduct,</u> }which each and every member of the School Board knew failed to provide due process rights in regard to {<u>suspensions, extended suspension, homebound, expulsion, and</u> }placement in an Alternative School as well as discrimination against minority children on the basis of race{<u> and age</u>}.

20. At all times relevant hereto and in all of the actions described herein, all individuals and agency defendants were acting in their respective capacities as stated under Color of law, ordinances and regulations of the State of Delaware and statutes of the United States of America, and did subject the Plaintiffs herein to the deprivation of rights, privileges, and immunities secured by the United States Constitution and the aforementioned statutes by the acts and/or failure to act {as}{<u>and gross negligence</u>} described herein.

8

IV.    {FACTUAL BACKGROUND}{FACTUALBACKGROUND}

21.    R.W. was born on June 3, 1991. He is presently 14 years old and was attending Shue-{Megill}{Medill} Middle School for the school year 2004-2005 for the eighth grade. This school is located within the District.

22.    R.W. attended the District schools {from}{nom} Kindergarten until November 8, 2004. He was an Honors Student and had a perfect attendance record until November 8, 2004. He received numerous academic awards over his education, including but not limited to, spelling bee awards, science awards, Math awards, sportsmanship awards, and the City of Wilmington Academic Award for his 6th grade year. He also was recognized for intervening in a Rape in Progress on his school bus in 7th grade.

23.    On November 8, 2004, in a classroom at Shue-{Megill}{Medill} Middle School a fellow student identified as Nick. M. stepped on a long chain which was hanging from the pants of student Jeffrey L. Jeffrey L. {then that threw}{offensively touched by throwing} his shoulder into R.W. {and pushed him} and R.W. gave him a push back.

24.    R.W. exited the classroom with other students and began walking down the hallway to his 1st period class.

25.    Jeffery L. threatened R.W. and two other students three times with a "death wish." The topic of death wishes and voo-doo had been recently discussed in social studies class. { Jeffery L. has a history of voo-doo threats.}

26.    R.W. then entered another classroom and punched Jeffrey L. under his right eye{ after Jeffery L. continued his voo-doo threats}.

27.    Jeffrey L.'s eye was bleeding as and he went to the nurse's office.

28.    R.W. was told by his teacher, Mrs. Jefferson to go to the nurse's office because his hand was bleeding.

9

29. Defendant Moody interceded and sent R.W. to Mr. Carter's office wherein Mr. Carter told R.W. to return to the nurse's office for treatment. There, Jeffrey L. stated to R.W. in a provocative manner: " Bleed, Bleed, Bleed, it didn't hurt," (referring to his eye){**, again no action was taken to protect R.W**}.

30. After treatment, R.W. went back to see Mr. Carter. Parent was called and both were told that R.W. was suspended for 5 days{ **by Charles Carter**}. Parent asked for a copy of the Student Code of Conduct and was told by Mr. Carter that the School did not have a copy to give her. Two days later, Parent again requested a copy of the Student Code of Conduct and was again told the School did not have one to give her.{ **R.W. and his parent were told 5 days suspension for R.W.'s actions.**}

31. R.W. returned to school on November 19, 2004 for one-half day when parent received a phone call from Moody stating that R.W. was going to be suspended for five more {days}{**daysm, but R.W. was suspended for more than 14 months**}.

32. Parent immediately went to school and met with Moody with Mr. Carter present and asked why was R.W. being suspended -did something else happen? She was told by Moody that Denny, from the District office, ordered her to suspend R.W. for five more days because that he wasn't punished enough. {Again}{**When other students committed repeat offenses at Shue-Medill, again**}, Parent requested a copy of the Student Code of Conduct and was told by Moody that the only copy she had was her own and none was given.

33. Parent received an Extension of Suspension form (Revision date 9/99) on November 19, 2004 which suspended R.W. for 5 more days until December 1, 2004. The first paragraph stated that R.W. had been involved in an offense which will result in alternative placement or expulsion. The second paragraph of the form is as follows: " The student is

scheduled for an alternative placement meeting on the following date: Dec.2- 8 a.m. BLDG., Dec 13- 9:30 a.m. (Both of the dates were on one line). If the student is recommended for expulsion, the District Office personnel will contact you to schedule a time for the expulsion hearing{-}"{, **when records stated R.W. was expelled.**}

    34.    In the interim, R.W. was charged with Assault in the third degree and conspiracy. All three of the minority students were charged{,} and {the}{**another minority was named a gang member. The**} Caucasian male, Jeffrey L. was not, although he instigated the incident. The disparate discipline was done in violation of R.W.' s equal protection rights. R.W. was given a diversionary program by the Family Court of the State of Delaware.

    35.    A Building level Conference was held on December 2, 2004 attended by Parent, Freeman, Moody, Sley, Carter{**, and R.W. was denied a building level conference**}.

    36.    At that conference, Parent stated that the District's dress code was not enforced on November 8, 2004 (and in fact was never enforced against Jeffrey L., who dresses in the Gothic fashion, but was routinely enforced against minority children) against Jeffrey L. who was wearing chains on his pants, his consistent manner of dress{**, and Jeffery L. was allowed to practice religion in school by practicing voo-doo**}.

    37.    Parent tried to point out that if the dress code had been consistently and equitably enforced against all children and not just minority children, then this incident would not have happened{**, and failure to supervise classroom**}.

    38.    Also, Parent expressed that the two teachers from his home room class were not monitoring the classroom, but rather, talking between themselves in the hallway{**, and control the hallway to prevent any misconduct**}.

39. Also, Parent questioned, upon being told that there was a security tape of the hallway showing R.W. greeting one of his other friends with a "high five" gesture, why was the situation not handled immediately rather than be permitted to escalate{, **and was not told her son could be arrested, and any statement would be turned over to the police department or there was a written agreement with the school district and police department**}.

40. Parent stated that she was not familiar with this type of conference and again requested a copy of the Student Code of Conduct and again was not provided with one{. **She asked who was the school attorney and was told David Sunstrom by Freeman Williams**}.

41. Parent also asserted that R.W. was in honors classes and involved in many activities and that he was remorseful for his part in the incident.

42. The recommendation from this conference was to: "refer case to District for review." Parent was not told what this meant{ **or given any statement or investigative records**}.

43. The District's Student Code of Conduct, revised edition, 2004, on page states that the consequences of an assault are (all of the following): 1) Parent/Guardian notification, 2) suspension for five (5) days, 3) parent/guardian conference, 4) notification of police; charges may be filed, 5) restitution/restoration, if necessary, 6) recommendation to appropriate counseling, 7) *possible (*Emphasis added) recommendation for alterative placement or expulsion, and 8) referral to mediation, if appropriate{, **and no mention of Consortium School**}.

44. At no time relevant heretofore, despite repeated requests, was Parent provided with access to/or a copy of the Student Code of Conduct.