IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| R.W., a minor, individually by and Through his parent and natural guardian SARAH WILLIAMS, AND SARAH WILLIAMS, individually, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 05-662 - KAJ |
| THE DELAWARE DEPARTMENT OF EDUCATION; VALERIE WOODRUFF; Personally and in her official capacity as the Secretary of Education for the State of Delaware; THE STATE OF DELAWARE BOARD OF EDUCATION; and JOSEPH PIKA, Ph.D.; JEAN ALLEN, RICHARD M. FARMER, JR.; MARY GRAHAM, ESQ.; BARBARA RUTT, DENNIS SAVAGE, CLAIBOURNE D. SMITH; ANN CASE; VALERIE WOODRUFF; Personally an in their official capacity as Members of the State Board of Education; And THE CHRISTINA SCHOOL DISTRICT; JOSEPH J. WISE, personally And in his official capacity as the Superintendent of the District; DAVID SUNDSTROM, personally and in his official capacity as the Assistant Superintendent of the District; SANDRA COUNTLEY, personally and in her official capacity; SHARON DENNY, personally and in her official capacity; FREEMAN WILLIAMS, personally and in his official capacity; THE CHRISTINA SCHOOL DISTRICT SCHOOL BOARD; BRENDA PHILLIPS; JAMES DURR; GEORGE EVANS, ESQUIRE; BEVERLY HOWELL CONSTANCE MERLET; JOHN MACKENZIE; CECELIA SCHERER; and JOSEPH WISE; all personally and in their Official capacity as Members of the CHRISTINA SCHOOL DISTRICT. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**STATE DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO AMEND
COMPLAINT AND MOTION FOR CASE SCHEDULING ORDER**

1

The Delaware Department of Education, the State Board of Education, the Honorable Valerie Woodruff, Dr. Joseph Pika, Jean Allen, Richard M. Farmer, Jr., Mary Graham, Esq., Barbara Rutt, Dennis Savage, Dr. Claibourne Smith, and Ann Case (collectively "the State Defendants") oppose Plaintiff's Motion to Amend the Complaint for the following reasons:

1.  Plaintiff initially filed this action on September 12, 2005 through her counsel, Patricia M. O'Neill, Esquire.  On October 5, 2005, the State Defendants filed a Motion to Dismiss the Complaint with an Opening Brief pursuant to Fed. R. Civ. P. 12(b)(6).  On January 17, 2006, the District Defendants filed a Motion to Dismiss also alleging Plaintiff's failure to state a claim upon which relief could be granted.  Plaintiff did not file a response to either motion.  Rather, on March 15, 2006, Ms. O'Neill filed a motion to withdraw as counsel, and Plaintiff sought a 90 day extension of time to file answering briefs and to find a new attorney.  While the State Defendants and the District Defendants opposed the request for an extension, such 90 period has passed and Plaintiff has not filed a response to either motion.  Nor has Plaintiff secured an attorney to represent her son's interests to date.  On June 19, 2006, the Court issued an Order to Show Cause directing Plaintiff to file an Answering Brief on or before July 3, 2006 or otherwise show cause why the case should not be dismissed for failure to prosecute.  In response, Plaintiff filed a Motion to Amend the Complaint and a Motion for Case Scheduling Order.

2.  Rather than responding to the Court's directive to answer the motions of Defendants, Plaintiff seeks to amend the Complaint approximately 10 months later by lodging additional conclusory allegations with interspersed legal terms and legal phrases.

Plaintiff proposes to amend the Complaint by re-asserting claims on her son's behalf and by randomly referring to herself as an injured party with no clear statement of how each Defendant violated a legally cognizable right owed to her.  In all respects, the amendments would be futile against the State Defendants.

3.  Under the Federal Rules of Civil Procedure, a party may amend a pleading once as a matter of course before a responsive pleading is served.  Once a responsive pleading is served, a pleading may be amended only with the consent of the adverse party or by leave of court, and such leave is to be freely given. Fed. R. Civ. P. 15(a).  Denial of a motion for leave to amend is within the discretion of the District Court.  *Averbach v. Rival Mfg. Co.*, 879 F.2d 1196, 1203 (3d Cir. 1989).  Factors to be considered include undue delay, undue prejudice to the opposing party, futility of the amendment, bad faith, and dilatory motive. *Massarsky v. General Motors Corp.,* 706 F.2d 111 (3d Cir. 1983). An amendment is futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim upon which relief could be granted. *Id.*  In determining whether the amendment would be futile, the District Court applies the same standard of legal sufficiency as under Fed. R. Civ. P. 12(b)(6). *Id.*

4.  In the case, the proposed amendments continue in the general failure to state a cognizable legal claim as outlined in the State Defendants' October 5th Motion to Dismiss.  Because the proposed amendments fail as a matter of law against each State Defendant, amending the Complaint is futile.

5.  Even if, however, the Court set aside Plaintiff's repeated pleading deficiencies, or affords her an opportunity to cure, a more fundamental problem exists with the action.  Plaintiff cannot represent her minor son's interests, *pro se*, in the federal

courts of the Third Circuit. Rather, to proceed, licensed legal counsel must enter an appearance to represent the child's interests. *Collinsgru v. Palmyra Board of Education,* 161 F.3d 225 (3d Cir. 1998).

6. Plaintiff's intent to assert claims on her son's behalf is apparent from the face of the original Complaint and the proposed amendments. As the Court is aware, litigants can act as their own counsel in federal courts to prosecute and defend their own interests. 28 U.S.C. § 1654. While § 1654 allows parties to represent themselves as a general rule, the statute does not permit non-attorney parents to represent the interests of their minor child in federal courts. *Collinsgru,* 161 F.3d 225 (3d Cir. 1998), *Osei-Afriyie v. Medical College of Pa.,* 937 F.2d 876, 883 (3d Cir. 1991); See also *Hayes v. Cape Henlopen School District,* C.A. No. 02-55-SLR, 2003 WL 105482, Robinson J.(D. Del. January 3, 2003) (Attachment "A"). This rule exists to protect the important rights of children, and to assure they receive trained legal assistance so their rights are fully and adequately protected. *Cheung v. Youth Orchestra Found. Of Buffalo, Inc.*, 906 F.2d 59 (2d Cir. 1990). In effect, the rule ensures "that children rightfully entitled to legal relief are not deprived of their day in court by unskilled, if caring parents." *Devine v. Indian River County School Board*, 121 F.3d 576, 582 (11th Cir. 1997).

7. In *Collinsgru*, parents of an allegedly learning disabled child sought special education services through the state administrative process after the school board determined the child ineligible for special education. After the administrative tribunal also determined the child ineligible for special education services, parents filed a civil suit in the U.S. District Court for the District of New Jersey under 20 U.S.C. § 1415(i)(2)(A). The school district, by letter, objected to the fact the parents were

4

representing their child *pro se.* Relying on *Osei-Afriyie,* the district court determined the child was the real party in interest and must be represented by legal counsel. The parents did not qualify for appointment of counsel under the *in forma pauperis* statute, 28 U.S.C. § 1915, felt they could not afford to retain an attorney, and were unable to locate an attorney willing to take their case on a contingent or pro bono basis. *Collinsgru*, 161 F.3d at 227. The district court afforded the parents thirty days (30) to retain counsel warning that if counsel were not retained, the child's claims would be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. Parents failed to retain counsel and the district court dismissed the complaint. *Collinsgru*, 161 F.3d at 227. The Third Circuit affirmed the district court's dismissal of the child's claim, without prejudice, on the grounds that parents may not represent their child in federal court. *Id.* at 237. While parents may enforce the rights of their children in state administrative proceedings, *Collinsgru,* 161 F.3d at 233*;* 20 U.S.C. §1400(d), parents are not authorized to represent their minor children in the U.S. District Court for the District of Delaware, *Hayes, supra.*, or in the Third Circuit. *Collinsgru, supra.*; *Osei-Afriyie, supra*. This same prohibition is consistently upheld in other federal courts as well. *Navin v. Park Ridge School District 64*, 270 F.3d 1147 (7th Cir. 2001); *Wenger v. Canastota Central School District,* 146 F.3d 123 (2d Cir. 1998); *Johns v. County of San Diego,* 114 F.3d 874 (9th Cir. 1997); *Francine v. Dallas Independent School District,* C.A. No. 1853, 2003 WL 21501838 (N. D. Texas, June 25, 2003) (Attachment "B"); *Devine,* 121 F.3d 576; *Cheung,* 906 F.2d 59 (2d Cir. 1990); *Meeker v. Kercher*, 782 F.2d 153 (10th Cir. 1986); *Perlberger v. Perlberger*, 34 F. Supp.2d 282 (E.D. Pa. 1998); *Dacyna v. School District of Philadelphia, Board of Education,* C.A. No. 92-CV-2428, 1992 WL 277993,

Buckwalter, D.J. (E.D. Pa. Oct. 2, 1992). (Attachment "C").

8.  Parents lack standing to pursuant on their own behalf a claim their child was improperly disciplined in the school setting. *Brian A. v. Stroudsburg Area School District,* 141 F. Supp.2d 502, 507 (M.D. Pa. 2001). Parents also have no standing to assert a Title VI claim, equal protection claim, or due process claim belonging to their children. *Id.*; *Collins v. Chichester School District,* 1998 WL 351718 (Ed. Pa. 1998) (Attachment "D"); *Doe v. Woodbridge Elementary School District No. 68 Board of Education*, 2005 WL 910732 (N.D. Ill. 2005) (Attachment "E").

9.  Here, Plaintiff's request to amend the Complaint should be denied as futile because the proposed amendments would not survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Moreover, Plaintiff has not abided by the Court's directive to file an answering brief to the pending Motions to Dismiss, nor has Plaintiff secured an attorney to prosecute her son's interests since March 15, 2006.

WHEREFORE, the State Defendants respectfully request the Motion to Amend the Complaint be denied.

**DEPARTMENT OF JUSTICE**

**STATE OF DELAWARE**

/s/ Craig R. Fitzgerald
Craig R. Fitzgerald, I.D. #3730
Deputy Attorney General
102 West Water Street
Dover, DE 19904
(302) 739-7641
Dated: July 18, 2006     craig.fitzgerald@state.de.us

**CERTIFICATE OF SERVICE**

I hereby certify that on July 18, 2006, I electronically filed *State Defendants' Response to Plaintiff's Motion to Amend Complaint and Motion for Case Scheduling Order* with the Clerk of Court using CM/ECF which will send notification of such filing to the following: William Doerler, Esq.  I hereby certify that on July 18, 2006, I have mailed the document by regular mail to the following non-registered participant:

    Ms. Sarah Williams
    322 East 10th Street
    Wilmington, DE 19801

    /s/ Craig R. Fitzgerald
    Deputy Attorney General
    Department of Justice
    102 West Water Street
    Dover, DE 19904
    (302) 739-7641