IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| R.W., a minor individually, by and through his parent and natural guardian SARAH WILLIAMS and SARAH WILLIAMS, individually,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>DELAWARE DEPARTMENT OF EDUCATION, et al.,<br><br>　　　　　　　Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:　Civil Action No. 05-662-***<br>:<br>:<br>:<br>:<br>:<br>: |

## MEMORANDUM ORDER

At Wilmington, Delaware, this **2nd** day of **August, 2007.**

Plaintiff, Sarah Williams, on behalf of herself and her minor child, R.W. (collectively "Williams") has moved to amend the complaint and for a case scheduling order.[1]  D.I. 65.  Williams claims that she needs a case scheduling order to answer defendants' case dispositive motions,[2] despite being previously ordered by the court to file her answering brief on or before July 3, 2006 (D.I. 64).  She also claims that discovery is needed to respond to the case dispositive motions, apparently to discover facts that would support her claims.

**BACKGROUND**

---

[1] Williams is now proceeding on behalf of herself and her minor child as *pro se.*

[2] Williams refers to the motions as motion for summary judgment.  Defendants have filed motions to dismiss based on Federal Rule of Civil Procedure 12 on the basis of failure to state a claim upon which relief may be granted and absolute and/or qualified immunity, which are legal issues that may be decided on the pleadings.

The action was initiated on September 12, 2005. At that time Williams was represented by counsel, Patricia M. O'Neill, Esquire ("O'Neill"). The original complaint requested injunctive relief,[3] and as a result, briefing, with extensive appendices, and a hearing on that issue occurred. The hearing on the motion for a preliminary injunction, which included the presentation of testimony, occurred on November 10, 2005, which resulted in the court denying the motion on the same date. D.I. 47. On December 8, 2005, Williams appealed the court's ruling which was denied on March 10, 2006. D.I. 56.

On October 5, 2005, the State defendants filed a motion to dismiss on the basis of Rule 12(b)(6). D.I. 28  The District defendants followed with their motion to dismiss on January 17, 2006, which is also based on Williams' failure to state a claim upon which relief may be granted. D.I. 54.

On March 15, 2006, O'Neill moved to withdraw as counsel. D.I. 57  On the same date, Williams moved for an extension of ninety days in which to find counsel to "answer [the] motion before the court." Williams' motion made it clear that she had terminated O'Neill's services and did not wish for her representation to continue. D.I. 58. The court granted O'Neill's motion to withdraw on March 16, 2007. D.I. 59.

After the ninety period expired, on June 19, 2006, the court issued an order to show cause which directed Williams to file an answering brief on or before July 3, 2006, or otherwise show cause why the case should not be dismissed for failure to prosecute.

---

[3] The proposed amended complaint, not filed consistent with D. Del LR 15.1, also requests a preliminary injunction despite the fact that the court previously denied Williams' request for a preliminary injunction.

D.I. 64. Rather than properly addressing the court's order, Williams filed the present motion under consideration on July 3, 2006. Williams' motion is opposed by defendants. See D.I. 66, 67.

**APPLICABLE LAW**

FRCP 15(a) allows a party to amend a pleading once as a matter of course before a responsive pleading is served. A motion to dismiss is a responsive pleading. After a responsive pleading is served, a complaint may only be amended with the consent of the adverse party or by leave of the court. Generally, such leave is to be freely given. *Foman v. Davis*, 371 U.S. 178, 182 (1962). It is within the discretion of the court to determine the appropriateness of the proposed amendment and to deny the amendment when considering the factors of undue delay, bad faith on the part of the party seeking the amendment, undue prejudice to the opposing party or futility of the amendment. *Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984); *Massarsky v. General Motors Corp.*, 706 F.2d 111 (3d Cir. 1983).

In determining whether a preliminary injunction should be granted, the moving party must establish four factors: (1) the likelihood of success on the merits; (2) irreparable harm in the absence of an injunction; (3) consideration of the balance of hardships; and (4) the favorable impact on the public interest. *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350 (Fed. Cir. 2001); *Doe v. National Board of Medical Examiners*, 199 F.3d 146, 154 (3d Cir. 1999). When considering a motion for a preliminary injunction, the court examines the likelihood of success on the merits and irreparable harm, the two primary factors. *Reebok Int'l. Ltd. v. J.Baker, Inc.*,

32 F.2d3d 1552, 1555-56 (Fed. Cir. 1994); *National Board of Medical Examiners,* 199 F.3d at 154. In examining those factors, this court previously denied Williams' motion for a preliminary injunction.

In the federal courts of the Third Circuit, parents cannot represent their children *pro se*. Licensed legal counsel is required to represent the child's interests. *Collinsgru v. Palmyra Board of Education*, 161 F.3d 225 (3d Cir. 1998); *see also Hayes v. Board of Education for the Cape Henlopen Sch. Dist.*, 2003 WL 105482 at *1 (D. Del. January 3, 2003). It is apparent from both the original complaint and the proposed amended complaint that Williams intends to assert claims on behalf of her son. Although litigants can act as their own counsel under 28 U.S.C. § 1654, the statute does not authorize non-attorneys to represent the interests of others in the litigation, such as, a non-attorney parent representing a child. *See Collinsgru,* 161 F.3d at 231; *Hayes*, 2003 WL 105482 at *1, citing *Osei-Afriyie v. Medical College of Pa.*, 937 F.2d 876, 882 (3d Cir. 1991).

Moreover, a parent does not have standing to pursue claims brought under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000(d), and due process and equal protection claims which belong to her child. *Doe* v. *Woodbridge Elem. Sch. Dist. No. 68 Brd. of Ed.*, 2005 WL 910732 at *2 (N.D. Ill. April 3, 2005); *Hayes*, 2003 WL 105482 at *2; *Collins v. Chichester Sch. Dist.*, 1998 WL 351718 at *3 (E.D. Pa. June 29, 1998); *Jackson v. Katy Independent Sch. Dist.*, 951 F. Supp. 1293, 1298 (S.D. Texas 1997).

To the extent that Williams' proposed amendment attempts to assert a class action, as a non-lawyer, she cannot represent other plaintiffs (who presently are

unnamed). In the seminal case of *Oxendine v. Williams*, 509 F.2d 1405 (4th Cir. 1975), the court declared it to be "plain error" to permit a non-lawyer proceeding *pro se* to represent others in a class action:

> This rule is an outgrowth not only of the belief that a layman, untutored in the law cannot "adequately represent" the interests of the members of the "class," but also out of the long-standing general prohibition against even attorneys acting as both class representative and counsel for the class.

*Huddleston v. Duckworth*, 97 F.R.D. 512, 514 (N.D. Ind. 1983) (*citing, Kramer v. Scientific Control Corp.*, 534 F.2d 1085, 1090 (3d Cir. 1985), *cert. denied*, 429 U.S. 830 (1976)).

The standard which a court must apply in deciding a motion to dismiss pursuant to Rule 12(6)(6) is that all material allegations of the complaint must be accepted as true and the court must construe the complaint in favor of the plaintiff. *See Trump Hotels & Casinos Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

> A complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint.

*Id*.

When a plaintiff is *pro se*, the court is to construe the complaint liberally. *Haines v, Kerner*, 404 U.S. 519, 520-521 (1972). The moving party has the burden of persuasion. *Kehr Packages, Inc v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991).

With the legal principles in mind as outlined previously herein, the court turns to Williams' present motion.

**ANALYSIS**

A review of Williams' proposed amendment shows that most additions do not address the fact that the allegations are conclusory and fail to identify similarly situated persons in non-protected classes who were treated differently. Some changes are incorrect, such as changing the "U" in U.S.C. to a "V." The proposed amendment does not allege affirmative conduct against certain supervisory defendants which would preclude an Equal Protection claim against those defendants. The proposed amendment makes it clear that Williams' own claims of denial of due process and equal protection are based upon the handling of her son's situation resulting in his alternative placement, which is based in part on defendants' alleged failure to provide him with the appropriate hearings and equal treatment with a white student and their alleged failure to protect his constitutional rights and/or consistently or equally enforce the School Code of Conduct – rights and protections which are personal to her son. As explained previously, Williams does not have standing to pursue such claims on her own behalf. To the extent that the proposed amendment attempts to add allegations of deprivations of her rights which rely upon denial of her son's rights, such assertions are futile.

Further, as noted previously herein, the proposed amendment clearly indicates Williams' intent to proceed without counsel and represent her son, a representation that this court is legally prohibited from allowing. Thus, the proposed amended complaint is futile.

In her motion, Williams requests discovery. She identifies no factual issues which somehow are relevant under the motion to dismiss standard. She never addresses how discovery would be relevant to the purely legal issues raised by

defendants.  As outlined herein, under a motion to dismiss, the court accepts as true the material allegations in the complaint and construes those allegations in favor of the plaintiff.  Further, under a motion to dismiss, the court is not limited to the pleadings, but may consider exhibits attached to the complaint, its opinions and orders in the case, matters of public record, items appearing in the case, such as, documents referenced or relied upon by Williams in the complaint.  *Oshiver v. Levin*, *Fishbeing, Sedran & Berman*, 38 F.3d 1380, 1384, n.2 (3d Cir. 1994); *see also Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 256, n.5 (3d Cir. 2006); *Indeck Maine Energy, L.L.C. v. ISO New England Inc.*, 167 F. Supp.2d 675 (D. Del. 2001).  In light of that standard, discovery usually is not necessary to address or respond to a motion to dismiss which raises legal issues because factual discovery is not relevant to pure legal questions.  *Pfizer, Inc. v. Ranbaxy Laboratories Ltd.,* 321 F. Supp.2d 612 (D. Del. 2004).

      Moreover, some discovery occurred in this matter through the preliminary injunction hearing where testimony was taken and Williams' counsel cross-examined witnesses of defendants.[4]  Further, documentary evidence was submitted during that hearing.  The testimony of the witnesses, written and oral arguments by counsel and the documentary evidence was presented to and considered by this court.  As a result of this extensive review, the court found that the request for a preliminary injunction

---

[4] Testimony was elicited from Williams, Dr. Moody (assistant principal at Shue-Medill school where the altercation involving Williams' son occurred and who was familiar with the events surrounding the incident and those that occurred thereafter, including the alternative placement) and Dr. Denney (alternative program transition coordinator, who was involved in the district level hearings and recommended alternative placement).

should be denied since neither likelihood of success on the merits nor irreparable harm were shown. The additional phrases proposed in the amendment would not affect the court's findings on the preliminary injunction motion since they do not address the reasons for the denial of that motion. Therefore, the proposed amendment is futile.

THEREFORE, IT IS ORDERED that Williams' motion to amend the complaint and for a scheduling order to take discovery (D.I. 65) is DENIED.

IT IS FURTHER ORDERED that on or before August 27, 2007, Williams shall show cause why this case should not be dismissed for failure to prosecute. The filing of a motion to amend, for discovery, for a scheduling order or other dilatory tactics will not be considered valid cause.

/s/ Mary Pat Thynge
UNITED STATES MAGISTRATE JUDGE