IN THE UNITED STATES DISTRICT COURT FOR THE DELAWARE DISTRICT

| | |
|---|---|
| R.W., a Minor, individually, by through his parent and natural guardian SARAH WILLIAMS; AND SARAH WILLIAMS, individually,<br>    PLANTIFFS,<br>v.<br><br>THE DELAWARE DEPARTMENT OF EDUCTATION; VALERIE WOODRUFF; et al.<br>    DEFENDANTS | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:     C.A.: No. 05-CV 00662 ✳ ✳ ✱ |

PLAINTIFF R.W. AND SARAH WILLIAMS SHOW CAUSE WHY NOT TO DISMISS FOR FAILURE TO PROSECUTE

R.W. and Sarah Williams, Plaintiff's case shall not be dismissed for failure to prosecute for the following reasons. This court on several levels and processes has tainted the Plaintiff's case.

    1. The Judge originally assigned to this case, Honorable Kent A. Jordan, should have recused himself form hearing the preliminary injunction motive, since he was a prior partner that represented the Christina School District.

    2. Preliminary injunction was separate presenting before the court. For an order to place R.W. back in school, several errors were committed by Judge Kent A. Jordan that denied Plaintiff a fair hearing.

    3. This court is committing more errors by referring to the preliminary injunction's decision to dismiss this case when Magistrate Judge Mary Pat Thynge cites in her memorandum order on page 7., by stating, "Moreover, some discovery occurred in this matter through the preliminary injunction hearing, where testimony was taken and Williams counsel cross-examined witnesses of defendants." Further documentary evidence was submitted during that hearing. Magistrate Judge Mary Pat Thynge,

clearly reviewed the whole record and an extensive review of the record. This record clearly showed and still exist substantial controversy.

4. Honorable Magistrate Judge Mary Pat Thynge cannot deprive me Plaintiff due process under the Federal Rules of Civil Procedure under Rule 12 and Rule 56.

5. Plaintiff Sarah Williams was denied <u>Due Process</u> at the Administrative Hearing before the following:

   (a) Meeting at Shue Medill Middle School

   (b) Meeting at the district office

   (c) Meeting before the Christina School Board

   (d) Meeting at Delaware State Board

   (e) Given no Appeal Rights

6. Violation occurred at the Administrative Levels.

7. Honorable Magistrate Judge Mary Pat Thynge cannot circumvent Plaintiff's request for case scheduling order. To do so would clearly violate Rule 12 and Rule 56 of Federal Rule of Civil Procedure.

8. This Honorable Court tainted the Process for the Plaintiffs to prosecute their case.

9. This Honorable Court has clearly violated all applicable law by misapplying the rules. This court has not cited factors of undue delay,, bad faith on the part of the party seeking the amendment, undue prejudice to the opposing party.

10. For the court to determine whether the amendment would be futile the District Court must apply the same standard of legal sufficiency under Fed. R. Civ. P12 and P56.

11. Under Delaware State Law Title 14, parent must enroll children within the residence of the parent for children of the age of 5 to 16 years old.

12. Under Delaware Title 14, children cannot be moved without parent's consent, and children under the age of 16, cannot enroll or withdraw themselves from private or public school.

13. Parents right cannot be taken away without due process.

14. Plaintiff Sarah Williams removed Patricia M. O'Neill as counsel due to her conflict of interest with the Christina School District lawyer firm and members of the Delaware State Board.

15. Plaintiff Sarah Williams lack of funds to pay a lawyer to represent R.W., and the failure for this court to appoint R.W. a lawyer.

16. Just reasonably parent now has funds to hire a lawyer to represent R.W. Parent now requests the court 30 days to hire a lawyer to represent R.W.

17. Defendants created deprivations of Plaintiffs rights without having a clear written policy for parents, students, and teachers to protect their rights.

18. Plaintiffs complaint and amended complaint has clearly alleged controversy by all defendants and are still in dispute.

19. Plaintiffs clearly allege deprivations of her rights in the complaint and amended complaint.

20. Plaintiffs clearly allege substantive controversy and there remain these disputes.

21. Plaintiffs have the right to compose the Defendants request discovery of facts in disputes.

22. Both R.W. and parent Sarah Williams were charged with truancy because of the controversies as alleged within the complaint and amended complaint. Both R.W. and parent Sarah Williams have suffered harm by all Defendants.

Wherefore Plaintiffs case shall not be dismissed for failure to prosecute.

Sarah Williams

Certificate of Service

I do certify that two copies of CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE were served upon counsel indicated below via regular mail.

Craig Fitzgerald
102 West Water Street
Dover, De 19904

James Yoder
824 North Market Street
Wilmington De 19801

*Sarah Williams*
Sarah Williams
322 East Tenth Street
Wilmington, De 19801