## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| R.W., a minor individually, by and through his parent and natural guardian SARAH WILLIAMS and SARAH WILLIAMS, individually, | : : : : : | |
| Plaintiffs, | : : : | |
| v. | : : | Civil Action No. 05-662-GMS/MPT |
| DELAWARE DEPARTMENT OF EDUCATION, et al., | : : : : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Sarah Williams, *pro se*, Wilmington, DE
Attorney for Plaintiffs

John D. Balaguer, Esquire and William L. Doerler, Esquire, White and Williams LLP, 824 N. Market Street, Suite 902, P.O. Box 709, Wilmington, DE, 19899-0709
Attorneys for Defendant Christina School District Board of Education

Craig R. Fitzgerald, Esquire, State of Delaware Department of Justice, 102 West Water Street, Dover, DE 19901
Attorney for Defendant Delaware Department of Education

Wilmington, Delaware
September 22, 2008

Thynge, U.S. Magistrate Judge

**Introduction**

This is a civil rights action brought by a parent, Sarah Williams ("Williams"),

individually and on behalf of her son, R.W., against the Delaware Department of

Education ("State") and the Christina School District Board of Education ("School

Board"). The case concerns R.W.'s assignment to an alternative school by the School

Board after R.W. punched a classmate in the face during school. Plaintiffs allege

violations of Title VI of the Civil Rights Act of 1964; violations of Due Process and Equal

Protection rights, as guaranteed by 42 U.S.C. § 1983 and the Fourteenth Amendment;

emotional distress; and conspiracy pursuant to 42 U.S.C. § 1985. Both defendants filed

motions to dismiss plaintiffs' claims under Fed. R. Civ. P. 12(b)(6).

**Facts**

The facts of this case arise out of an incident on November 8, 2004. On that

date, R.W. punched a classmate in the face at Shue-Megill Middle School after the

classmate allegedly made a threat to R.W. R.W. was originally suspended from school

for ten days, in accordance with the School's Code of Conduct. On December 13,

2004, school officials had an alternative placement meeting with R.W. and his mother

and decided that the assault warranted alternative placement at a different school. The

student who was punched and who is Caucasian, received no disciplinary measures as

a result of the incident on November 8.

Count I of the complaint alleges violation of Title VI of the Civil Rights Act of

1964. Count II alleges violation of 42 U.S.C. § 1983. Count III alleges violations of

Equal Protection and Due Process Rights. While not explicitly listed as counts in the complaint, plaintiffs appear to allege emotional distress and conspiracy as well.

**Procedural Posture**

This action was initiated on September 12, 2005. At that time, R.W. and Williams were represented by counsel, Patricia M. O'Neill, Esquire ("O'Neill").[1] The original complaint requested injunctive relief, which was denied at a preliminary injunction hearing on November 10, 2005. On December 8, 2005, Williams appealed the court's ruling which was denied on March 10, 2006.

On October 5, 2005, the State defendants filed a motion to dismiss on the basis of Fed. R. Civ. P. 12(b)(6). The School Board defendants similarly filed a motion to dismiss on January 17, 2006 for failure to state a claim upon which relief may be granted. It is worth noting that both motions and opening briefs in support of motions were written while R.W. and Williams were represented by counsel.

On March 15, 2006, O'Neill moved to withdraw as counsel. On the same date, Williams moved for an extension of ninety days in which to find counsel to "answer [the] motion before the court." Williams' motion made it clear that she terminated O'Neill's services and no longer wanted O'Neill to represent R.W. or herself. The court granted O'Neill's motion to withdraw on March 16, 2006. On March 30, 2007, the court denied as moot Williams' motion for a ninety day extension because, in over one year, she failed to retain counsel.

On June 19, 2006, the court issued an order to show cause which directed

---

[1] Williams is now proceeding on behalf of herself and her son R.W. *pro se*.

3

Williams to file an answering brief on or before July 3, 2006, or otherwise show cause why the case should not be dismissed for failure to prosecute. On July 3, 2006, rather than properly addressing the court's order, Williams filed a motion to amend her complaint and for a case scheduling order. Each defendant filed briefs opposing the motion to amend the complaint. Williams' motion to amend complaint was denied on August 2, 2007, and the court ordered Williams to show cause why the case should not be dismissed for failure to prosecute. Williams filed a response to that order on August 27, 2007. In that response, Williams represented that she had the necessary funds and requested thirty days to hire an attorney for R.W. As before when she requested an extension to hire an attorney, Williams has taken no action in over a year to retain counsel for her son.

This decision addresses Counts I, II, and III of the complaint, as well as the claims for emotional distress and conspiracy on behalf of both R.W. and Sarah Williams.

## R.W.'s Claims for Relief

### Applicable Law

The first issue this court must address is whether Williams, who is not an attorney, may represent R.W. *pro se* in this case. In *Osei-Afriyie v. Medical College of Pennsylvania*, the Third Circuit held that "a non-lawyer appearing *pro se*, [is] not entitled to play the role of attorney for [his or her] children in federal court."[2] The court reasoned that "it is not in the interest of minors or incompetents that they be

---

[2] 937 F.2d 876, 882 (3d. Cir. 1991).

4

represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected."[3]

After holding that a non-attorney father could not represent his children, the court suggested that the non-attorney father could either: (1) secure a lawyer for his children to continue with the children's claims; or (2) decide not pursue the litigation, in which case his children's claims would be dismissed without prejudice, "to accrue for purposes of the relevant statutes of limitations when the children are eighteen years of age, or sooner if they become emancipated minors."[4]

## Analysis

Under the *Osei-Afriyie* rule, Sarah Williams cannot represent her child *pro se*. This court should not, however, dismiss R.W.'s complaint. As the Third Circuit suggested, there are certain options available. Williams can either: (1) hire a lawyer to represent R.W. and continue with proceedings; or (2) not hire a lawyer, in which case, this court would recommend that the proceedings be stayed until R.W. turns eighteen

_____

[3] *Id.* at 883.

[4] *Id.* The court notes that in *Harris-Thomas v. Christina Sch. Dist.*, No. 04-1184, 2005 WL 1625234 (3d Cir. July 12, 2005), a non-precedential case with a similar fact pattern to the one here, the Third Circuit used the reasoning of *Osei-Afriyie* to find that a non-attorney mother could not represent her minor child *pro se* in federal court concerning alleged civil rights violations. Like the current case, the plaintiff filed suit in federal court against Christina School District after the school assigned him to an alternative school due to his involvement in a fist fight at school. Plaintiff and his mother, represented by counsel, alleged violations of Title VI of the Civil Rights Act of 1964 and the Fourteenth Amendment, and intentional infliction of emotional distress. After the attorney withdrew from the case, the mother represented herself and her son *pro se*. The District Court entered summary judgment in favor of the school district, but the Third Circuit vacated the judgment because, under the rule set forth in *Osei-Afriyie*, the mother could not represent her son *pro se* in federal court.

or is emancipated. Thereafter, R.W. would have sixty days to file an answering brief to the defendants' motions to dismiss.[5]

Regarding the first option, Williams has already requested extensions to hire an attorney on two separate occasions. Williams' motion for a ninety day extension from March 15, 2006 was mooted by this court on March 30, 2007 after Williams failed to take any action for over a year. Similarly, it has been over a year since Williams last requested an extension to hire an attorney. During that time, she has failed to take any action or prosecute any claims, including her own, and no lawyer has appeared before the court on R.W.'s behalf.

The reasonable option remaining is to stay proceedings on R.W.'s behalf until he turns eighteen or is emancipated. At that point, R.W. will have sixty days to appropriately respond to the two outstanding motions to dismiss. As an adult or emancipated minor, R.W. can hire an attorney or represent himself *pro se*. R.W. was born on June 3, 1991, and thus will turn eighteen on June 3, 2009. If R.W. does not appropriately prosecute his case, for example, by filing file an answering brief within sixty days of turning eighteen or being emancipated, then this court recommends that his complaint be dismissed with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

---

[5] Unlike Pennsylvania law, which was applied in *Osei-Afriyie*, Delaware law does not have a savings statute for minors applicable to the statute of limitations for personal injury claims, 10 *Del. C.* § 8119, and thus, dismissing the complaint without prejudice with leave to re-file is not a viable option. In addition, Williams has not secured *in forma pauperis* status. In fact, she has indicated to this court that she has sufficient funds to hire a lawyer. Williams simply has not hired counsel for her son.

6

## Williams' Claims for Relief

Although Williams cannot represent R.W., she is permitted to represent herself *pro se*,[6] and the issue now is whether she has stated a claim on her own behalf upon which relief can be granted. This court recommends that Counts I, II, and III be dismissed because Williams does not have standing to pursue Title VI, due process, and equal protection claims which belong to her child.[7] Further, this court recommends that Williams' claims for emotional distress and conspiracy also be dismissed for failure to state a claim upon which relief can be granted.

## Applicable Law

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted.[8] The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve dispute facts or decide the merits of the case.[9] To survive a motion to dismiss under Rule 12(b)(6), the factual allegations must be sufficient to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact.[10] A plaintiff is

---

[6] *See Osei-Afriyie*, 937 F.2d at 884 (finding non-attorney father had right to pursue a claim on his own behalf).

[7] *Doe v. Woodbridge Elem. Sch. Dist. No. 68 Bd. of Ed.*, No. 04 C 8250, 2005 WL 910732, at *2 (N.D. Ill. Apr. 3, 2005); *Hayes v. Bd. of Ed. for the Cape Henlopen Sch. Dist.*, No. 02-55-SLR, 2003 WL 105482, at *2; *Collins v. Chichester Sch. Dist.*, No. 96-6039, 1998 WL 351718, at *3 (E.D. Pa. June 29, 1998); *Jackson v. Katy Independent Sch. Dist.*, 951 F. Supp. 1293, 1298 (S.D. Texas 1997).

[8] Fed. R. Civ. P. 12(b)(6).

[9] *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).

[10] *Bell Atlantic Corporation v. Twombly*, 127 S.Ct. 1955, 1965 (2007)

obliged "to provide the 'grounds' of his 'entitle[ment] to relief' beyond labels and conclusions."[11]  The court assumes that all factual allegations in a plaintiff's complaint are true and draws all reasonable factual inferences in the light most favorable to that plaintiff.[12]  The court, however, should reject unsupported allegations, "bald assertions," or "legal conclusions."[13]  When a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint.[14]

## Analysis

### Count I

In Count I, Williams asserts that she has been deprived of her rights under Title VI of the Civil Rights Act of 1964 based on the defendants' alleged discrimination against R.W. on the basis of his race.  Title VI of the Civil Rights Act of 1964 provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal assistance."[15]

To state a claim under Title VI, a plaintiff must be the intended beneficiary of, applicant for, or participant in a federally funded program, and "[t]he intended beneficiaries of a federally funded public school program are school children, not their

_____

[11] *Id.*

[12] *Morse v. Lower Marion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

[13] *Id.* (citations omitted).

[14] *Bell Atlantic Corporation*, 127 S.Ct. at 1969.

[15] 42 U.S.C. § 2000(d).

8

parents."[16]  R.W., and not Williams, is the intended beneficiary of the public school

program, and thus, Williams lacks standing to state a claim in her own right pursuant to

Title VI.  Accordingly, this court recommends that Count I be dismissed with prejudice.

## Counts II and III

In Counts II and III, Williams alleges that she has been deprived of her rights to

due process and equal protection.  "'The right to a free public education is a right which

belongs to the student and not their parents.'"[17]  From this it follows that "'[w]hen a

student is suspended or expelled, it is the student who is entitled to due process

because it is the student - not [the] parents - who has a right to a free public

education.'"[18]  In *Jarmon v. Batory*, the court found that a child's parents lacked

standing to sue the superintendent of a school district because their claims of violation

of due process and equal protection were "wholly derivative" of their daughter's claims

based on her suspension and expulsion from school.[19]

Here, as in *Jarmon*, Williams' due process and equal protection claims are

based wholly on R.W.'s rights, and therefore, she has no standing to sue.  The

complaint asserts that

---

[16] *Jackson v. Katy Independent Sch. Dist.*, 951 F. Supp. 1293, 1298 (S.D. Texas 1996).

[17] *Brian A. V. Stroudsburg Area Sch. Dist.*, 141 F. Supp.2d 502, 507 (M.D. Pa. 2001) (quoting *Collins v. Chichester Sch. Dist.*, No. 96-6039, 1998 WL 351718, at *3 (E.D. Pa. June 28, 1998)).

[18] *Jarmon v. Batory*, No. 94-0284, 1994 WL 313063, at *5 (E.D. Pa. June 29, 1994) (quoting *Boster v. Philpot*, 645 F. Supp. 798, 807 (D. Kan. 1986)).

[19] *Id.* at *5-*6.

9

> R.W. and his Parent have suffered harm and will continue to suffer harm by *loss of education*; *loss of educational opportunities*; serious injury to his ability to become a productive member of the community and the workforce, emotional harm and other irreparable harm in that *R.W. has loss* [sic] *time for education which he can never get back.*[20]

The complaint refers to R.W.'s rights and thus, Williams does not have standing to assert that her rights were violated. This court recommends that Counts II and III be dismissed with prejudice.

## Emotional Distress

In order to recover damages for emotional distress, embarrassment and humiliation under 42 U.S.C. § 1983, a plaintiff must show: (1) a constitutional violation; (2) that plaintiff has suffered emotional distress, embarrassment, and/or humiliation; and (3) proximate cause between the defendant's actions and plaintiff's injury.[21] Here, as mentioned previously, there has been no constitutional violation of Williams' rights because Williams' rights are not at issue. Thus, Williams does not have standing to pursue a claim for emotional distress, and this court recommends that the claim be dismissed with prejudice pursuant to Rule 12(b)(6).

## Conspiracy

To state a claim for conspiracy under 8 U.S.C. § 1985(3),

> a plaintiff must allege: (1) a conspiracy; (2) motivated by racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the

---

[20] D.I. 1 at ¶ 4 (emphasis added).

[21] *See Aumiller v. Univ. of Delaware*, 434 F. Supp. 1273, 1310 (D. Del. 1977).

United States.[22]

The conspiracy element of a § 1985(3) claim requires

> a combination of two or more persons acting in concert to commit an
> unlawful act, or to commit a lawful act by unlawful means, the principal
> element of which is an agreement between the parties "to inflict a wrong
> against or injury upon" and "an overt act that results in that damage."[23]

Further, "[t]he plaintiff's allegations must be supported by facts bearing out the

existence of the conspiracy and indicating its broad objectives and the role each

defendant allegedly played in carrying out those objectives. Bare conclusory

allegations of 'conspiracy' or 'contended action' will not suffice to allege a conspiracy."[24]

In the complaint, Williams asserts no factual basis for a conspiracy. Rather, on

several occasions, she states in a conclusory fashion that defendants conspired to

deprive her and R.W. of their rights.[25] On one occasion, she alleges that three State

defendant Board members discussed R.W.'s matter "as a topic of concern" before a

Board hearing. At no point, however, does the complaint assert that the members

---

[22] *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997).

[23] *Russo v. Voorhees Twp.*, 403 F. Supp. 2d 352, 359 (D.N.J. 2005) (quoting *Lenard v. Argento*, 699 F.2d 874, 882 (7th Cir. 1983)).

[24] *Flanagan v. Shivley*, 783 F. Supp. 922, 928 (M.D. Pa. 1992).

[25] *See* D.I. 1 at ¶ 6 ("At all times relevant herein, Defendant Wise did conspire with other named Defendants to deprive R.W. of his equal protection and due process rights."); ¶ 51 ("At all times relevant herein, the defendants knew that no due process protections for an Assignment to an Alternative Program existed and knowingly conspired to take no action to remedy this consistent policy."); ¶ 114 ("Acting under color of law, by and through a policy or practice, defendants intentionally, knowingly, recklessly, or with deliberate indifference to the rights of the Plaintiffs conspired to deny Plaintiffs their rights under the law.").

11

agreed to commit an unlawful act or describe the roles each member played in carrying out the act. Accordingly, this court recommends that Williams' claim for conspiracy be dismissed with prejudice.

## Conclusion

For the reasons stated above, this court recommends that R.W.'s claims be stayed until he turns eighteen or is emancipated. At that point, he will have sixty days to file an answering brief or otherwise appropriately respond defendants' motions to dismiss. Further, this court recommends that all of Williams' counts be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6). An appropriate order will follow.